FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO    02 FEB 19 PM 2:47

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

NO. CIV-02-0103 DJS/WWD

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
TRANSFER FOR IMPROPER VENUE**

## I.    INTRODUCTION AND SUMMARY

Plaintiffs James Seaba and Cory Phillips are former employees of defendant

MesoSystems Technology, Inc. ("MesoSystems") and this suit arises out of the termination of

plaintiffs' employment with MesoSystems.  Plaintiffs' employment was governed by two

written agreements:  (a) a Confidential Information, Inventions and Noncompetition

Agreement (the "Noncompetition Agreement") and (b) an Offer Letter that refers to and

incorporates the Noncompetition Agreement.  Both agreements are referred to repeatedly in

plaintiffs' Complaint, which pleads breach of contract and related tort claims.

MesoSystems now files this Rule 12(b) motion in lieu of an answer and seeks

dismissal of this case under Rule 12(b)(3) for improper venue.  In the alternative,

MesoSystems seeks to have the case transferred under 28 U.S.C. § 1406 to the federal district

court where venue properly lies, the Eastern District of Washington.  The Noncompetition

Agreement signed by both plaintiffs contains an unambiguous forum selection clause barring suit anywhere except the state and federal courts located in Benton County, Washington. It is well-settled under U.S. Supreme Court and 10th Circuit decisions that forum selection clauses will be enforced. Here, there is no basis for declining to enforce the clear language of the forum selection clause in the Noncompetition Agreement.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint for Damages, Injunctive and Declaratory Relief ("Complaint") in this Court on January 28, 2002 and served MesoSystems the following day. The Complaint alleges that plaintiffs Seaba and Phillips started employment with MesoSystems in September 2001. Complaint ¶ 28. Before commencing employment, both Seaba and Phillips signed the Noncompetition Agreement and the Offer Letter. Id. ¶¶ 25, 27. The Complaint alleges that disputes arose between plaintiffs and MesoSystems and that plaintiffs' employment with MesoSystems terminated on December 6, 2001. Id. ¶ 42. The Complaint pleads thirteen causes of action against MesoSystems, including breach of contract, rescission of the Noncompetition Agreement, wrongful discharge, intentional and negligent misrepresentation, and violation of the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA") by an alleged failure to provide the opportunity for post-termination medical benefits continuation. Id. ¶¶ 45-122. The Complaint pleads subject matter jurisdiction based on diversity (plaintiffs are citizens of New Mexico and MesoSystems is a citizen of Washington) and on federal question jurisdiction (the COBRA claim). Id. ¶¶ 4, 5.

The Noncompetition Agreements signed by Seaba and Phillips set forth many important terms of their employment, including the treatment of the parties' respective intellectual property and Seaba and Phillips' obligation to not engage in activities in

competition with the MesoSystems during their employment and for a period of one year thereafter. Of particular relevance to this Motion, each Noncompetition Agreement signed by the plaintiffs includes the following paragraph:

> 5.6 This Agreement will be governed by the laws of the State of Washington without regard to its choice of law provisions. I irrevocably consent to the jurisdiction of the state and federal courts located in Benton County, Washington in connection with any action relating to this Agreement. Further, I will not bring any action relating to this Agreement in any other court.

Declaration of Ned Godshall in Support of Motion to Dismiss or Transfer, filed herewith ("Godshall Decl."), Exs. A, B.

The Offer Letters signed by Seaba and Phillips set forth other terms of their employment, including their respective compensation packages. Godshall Decl., Exs. C, D. Each Offer Letter contains the following language relevant to this motion:

> 9. <u>Confidential Information and Inventions and Noncompetition Agreement.</u> You will sign and return the Company's standard Confidential Information and Inventions and Noncompetition Agreement, a copy of which is enclosed with this letter.

> \*          \*          \*

> 13. No Other Agreements. This letter and the enclosed Confidential Information and Inventions Agreement set forth all of the terms of your employment with the Company. There is no other agreement between you and the Company.

> \*          \*          \* [in the original]

> Please acknowledge your agreement to the foregoing by signing and returning to me a copy of this letter, together with the enclosed Confidential Information and Inventions Agreement. If the foregoing

> does not accurately reflect our agreement, please call me so that we
> can discuss how to proceed.

Id.[1]

## III.   ARGUMENT

### A.   Federal Law Governs This Motion

Plaintiffs' Complaint alleges federal question and diversity jurisdiction.  In an action

where the Court is exercising its federal question jurisdiction, it—obviously—applies federal

law in deciding a Rule 12(b)(3) motion to dismiss for improper venue.  A recent decision has

confirmed that the Court also applies federal law when deciding a Rule 12(b)(3) motion in a

diversity jurisdiction case.  K&V Scientific Co. v. Bayerische Motoren Werke

Aktiengesellschaft ("BMW"), 164 F. Supp. 2d 1260, 1268 (D.N.M. 2001) ("federal common

law governs the interpretation and enforcement of forum selection clauses in diversity

cases").  Thus, regardless of whether subject matter jurisdiction in this case ultimately rests

on diversity or the presence of a federal question, the Court applies federal law in deciding

this Motion.

### B.   Under Federal Law, Forum Selection Clauses Are Valid and Enforceable

"Forum selection clauses are prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be unreasonable under the circumstances."

K&V Scientific, 164 F. Supp. 2d at 1268; accord Milk 'N' More, Inc. v. Beavert, 963 F.2d

1342, 1346 (10th Cir. 1992) (same); SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105

---

[1] The quoted language is taken from the Offer Letter signed by Seaba.  The Offer Letter signed by
Phillips contains provisions that are substantially the same but differ very slightly in wording.

F.3d 578, 582 (10th Cir. 1997) ("forum selection provisions, if otherwise contractually valid, should be enforced").

In enforcing forum selection clauses, federal courts distinguish between mandatory and permissive clauses. "Mandatory forum selection clauses are those which 'contain clear language showing that jurisdiction is appropriate only in the designated forum.'" K&V Scientific, 164 F. Supp. 2d at 1269 (quoting Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997)). "In contrast, 'permissive forum selection clauses authorize jurisdiction in a designated forum, but do not 'prohibit litigation elsewhere.'" Id. Here, the forum selection clause of the Noncompetition Agreement is unquestionably a mandatory clause. The forum selection clause unambiguously states:

> I irrevocably consent to the jurisdiction of the state and federal courts located in Benton County, Washington in connection with any action relating to this Agreement. Further, *I will not bring any action relating to this Agreement in any other court.*

(Emphasis supplied). This can only be interpreted as making suit in a Benton County court mandatory.

It also cannot be seriously questioned that the forum selection clause in the Noncompetition Agreement applies to this action. The language of the forum selection clause is broad, applying to "any action relating to [the Noncompetition] Agreement." This action undoubtedly—at the least—"relat[es] to" the Noncompetition Agreement. The Noncompetition Agreement is referred to repeatedly in the Complaint. See Complaint ¶¶ 22, 23, 24, 25, 27, 120, 121, 122. The Offer Letters, which incorporate the Noncompetition Agreement and its forum selection clause, are also repeatedly referred to in the Complaint. See id. ¶¶ 22, 24, 25, 27, 29, 68, 69, 70, 74, 75, 76, 119. The Complaint pleads a specific cause of action for rescission of the Noncompetition Agreement. See id. ¶¶ 117-122.

Finally, the Complaint's prayer for relief seeks "[r]escission or reformation of the Employment and Non-Compete Agreements," "[i]njunctive relief directing MesoSystems not to enforce the Employment and Non-Compete Agreements against James Seaba and Cory Phillips," and "[d]eclaratory relief declaring the Non-Compete Agreements void as contrary to public policy or due to MesoSystems' prior breach of the employment agreements." Id. at 25-26. Plainly, the Noncompetition Agreement is central to this action.

Where, as here, "the language of the forum selection clause is clear and mandatory, the only way for [the resisting party] to avoid the effect of the clause is to demonstrate it is unfair or unreasonable." Excell, Inc., 106 F.3d at 321. The party opposing the clause must make a "strong showing . . . 'that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching.'" K&V Scientific, 164 F. Supp. 2d at 1271 (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). "The opposing part has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" Id. (quoting The Bremen, 407 U.S. at 18).

Plaintiffs will be unable to make such a showing here. The Offer Letters and Noncompetition Agreement were negotiated at arm's length between sophisticated parties. See The Bremen, 407 U.S. at 12 (noting that in that case, the forum selection clause was the result of "arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts"); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (enforcing forum selection clause even though it was nonnegotiated language in fine print on the back of a cruise ship ticket). Moreover, simply moving the case to Washington state will hardly deprive plaintiffs of their day in court. See id. at 594 (enforcing forum selection

clause that required elderly Washington state residents to litigate in Florida). Indeed, courts have routinely enforced forum selection clauses forcing American parties to litigate overseas. E.g., The Bremen, 407 U.S. 1 (United Kingdom); Spradlin v. Lear Siegler Management Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991) (Saudi Arabia); K&V Scientific, 164 F. Supp. 2d at 1272 (Germany).

     The First Circuit addressed a situation quite similar to this case in Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385 (1st Cir. 2001). In Silva, the plaintiff sued his former employer for breach of contract. The employment contract contained language very close to the forum selection clause here: "This agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois." 239 F.3d at 386. The plaintiff had filed suit in the U.S. District Court for the District of Puerto Rico, and the defendant employer moved to dismiss the case based on the forum selection clause in the employment contract. The plaintiff argued that the employment contract "contained boilerplate provisions not subject to negotiation and that the forum-selection clause was in small print on the back of the contract." Id. at 389. The plaintiff also placed "great weight on the 'overwhelming bargaining power and influence' of Britannica [the employer] in the hiring process to support his view that the clause is unenforceable." Id. The First Circuit readily dismissed the fine print-boilerplate argument, citing to Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991). The First Circuit then stated, in words directly applicable to this case, as follows:

> Britannica's alleged bargaining power is not relevant on these facts. Britannica used its bargaining power to do nothing more than offer an appealing employment opportunity to appellant, and no evidence suggests that he was coerced into entering the agreement. All that remains, then, is an arms-length transaction, the terms of which are

binding on both parties. As such, the enforcement of those terms is not unreasonable, and hence the case was properly dismissed.

Silva, 239 F.3 at 389. Likewise, there is no evidence that Seaba or Phillips were coerced into signing the Noncompetition Agreement. Its forum selection clause must be enforced.

**C.    Because Venue in This Court Is Improper, This Action Should Be Dismissed under Rule 12(b)(3) or Transferred Under 28 U.S.C. § 1406 to the Eastern District of Washington**

The clear and mandatory forum selection clause in the Noncompetition Agreement is enforceable and makes venue in this Court improper. The appropriate remedy is to dismiss this action under Rule 12(b)(3) for improper venue and allow the parties to refile this action in state or federal court in Benton County, Washington. E.g., Silva, 239 F.3d at 389 (affirming district's court dismissal of action because forum selection clause required case to be brought in a federal or state court in another state); K&V Scientific, 164 F. Supp. 2d at 1272 (granting Rule 12(b)(3) motion for improper venue and dismissing the action because forum selection clause required action to be brought in another jurisdiction).

Alternatively, because the forum selection clause here contemplates that the action may be brought in federal court (in addition to state court) in Benton County, Washington, another appropriate remedy would be to transfer the case under 28 U.S.C. § 1406(a) to another federal court. Although the issue does not appear to have been addressed in a reported Tenth Circuit decision, the Fifth Circuit has recently confirmed that where a forum selection clause renders venue improper in a court, but allows the case to proceed in another federal court, the improper-venue court may transfer the case to another federal district court under 28 U.S.C. § 1406(a). See Jackson v. West Telemarketing Corp. Outbound, 245 F.3d

518, 523 (5th Cir. 2001).[2]  Transfer to the Eastern District of Washington would be consistent with the forum selection clause in this case.[3]

## IV.    CONCLUSION

MesoSystems respectfully requests that the clear and mandatory forum selection clause that plaintiffs and MesoSystems agreed to be enforced and that this action be dismissed for improper venue or, alternatively, that the case be transferred to the Eastern District of Washington.

DATED:  February 19, 2002.

BAUMAN, DOW & McINTOSH, P.C.

By_____
        Christopher P. Bauman
Attorneys for Defendant
PO Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191-telephone
(505) 883-3194-facsimile

---

[2] Other courts have held that 28 U.S.C. § 1404(a), rather than 28 U.S.C. § 1406(a), governs motions to dismiss or transfer based on a forum selection clause. See, e.g., Salovaara v. Jackson National Life Ins. Co., 246 F.3d 289, 297-98 (3d Cir. 2001).  Regardless of whether the court applies § 1404(a) or § 1406(a), dismissal or transfer is warranted here.  See id. (applying § 1404(a) and affirming dismissal of case so that it could be filed in another federal district court consistent with the forum selection clause).

[3] Benton County, Washington lies within the territory covered by the U.S. District Court for the Eastern District of Washington.  See 28 U.S.C. § 128(a).  The Eastern District of Washington holds regular sessions in, among other locations, Richland, Washington.  See id.  The Court is asked to take judicial notice of the fact that Richland, Washington is located within Benton County.  See http://www.waed.uscourts.gov/general/default.htm.

PERKINS COIE, LLP

By_____

Paul E. Smith
Attorneys for Defendant
One Bellevue Center
Suite 1800, 411
108th Avenue NE
Bellevue, Washington 98004-5584
(425) 453-7317-telephone
(425) 453-7350-facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Appear *Pro Hac Vice* was mailed via U.S. Mail to the following, on this /9 day of February, 2002.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
Attorneys for Plaintiffs
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800