FILED
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAY 2 1 2002

CLERK

JAMES SEABA and
CORY PHILLIPS,

    Plaintiffs,

v.                                                Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

## INITIAL PRETRIAL REPORT

Counsel have conferred and submit herewith the parties' consolidated Initial Pretrial Report.

## APPEARANCES

Counsel are:

    Lisa F. Mann and Angelo J. Artuso for the Plaintiffs

    Christopher P. Bauman and Paul E. Smith for the Defendant

## NATURE OF THE CASE

This case arises from employment contracts and other relations between Plaintiffs and Defendant. Plaintiffs seek damages, and injunctive and declaratory relief, based on claims of fraud, intentional and negligent misrepresentations, detrimental reliance and promissory estoppel, breach of contract, breach of the covenant of good faith and fair dealing, wrongful discharge, prima facie tort, interference with prospective contractual relations, and violations of Plaintiffs rights under COBRA/ERISA. Defendant has not filed an Answer, but rather has filed a Motion to Dismiss or Transfer for Improper Venue under Fed. R. Civ. P. 12.

19

standard

## AMENDMENTS TO PLEADINGS

Plaintiff intends to file: None anticipated at this time.

Defendant intends to file: Defendant has not filed original pleadings because of the pending Fed. R. Civ. P. 12 motion.

## STIPULATIONS

The parties are willing to stipulate to the following facts:

1. Defendant, MesoSystems Technology, Inc. is a Washington corporation with its principal place of business in Washington.

2. The Court has personal jurisdiction over the parties and subject matter jurisdiction over this case. Venue is disputed by the parties.

## PLAINTIFF'S CONTENTIONS

Plaintiffs contend as follows. In May 2001, Plaintiff Dr. James Seaba was approached by Dr. Charles Call, president and CEO of Defendant MesoSystems Technology, Inc., about starting a new company to develop, market, and sell micro-reactor based technologies. At the time, Dr. Seaba was employed as chief engineer at R&D Americas, Inc., a subsidiary of Honda Motor Corporation. At both the initial contact in May 2001, and in a series of contacts over the following months, Dr. Call, on behalf of MesoSystems, made numerous promises and false representations to induce Dr. Seaba to leave R&D Americas, Inc. Dr. Call, on behalf of MesoSystems, also made numerous promises and false representations to Plaintiff, Dr. Cory Phillips to induce him to join Dr. Seaba and MesoSystems in starting the new company. At the time, Dr. Phillips was also an employee of R&D Americas.

In response to, and relying upon Dr. Call's and MesoSystems' numerous promises and false representations, Plaintiffs agreed to leave their employment with R&D Americas, Inc. and signed offers of employment with MesoSystems. Plaintiffs signed the offers of employment and

2

other employment documents with the understanding that they would only be working for MesoSystems for a very short time, until the new company could get started.

Plaintiffs moved to Albuquerque to begin their new employment in September 2001. Following Plaintiffs arrival in Albuquerque, MesoSystems began to renege on the terms and conditions set forth in the offers of employment. It also gradually became apparent that Dr. Call's and MesoSystems' representations regarding the support that MesoSystems was to provide to the new company were false, as were MesoSystems' representations as to the ownership interest it desired to have in the new company.

Plaintiffs continued to work with MesoSystems in an attempt to establish the new company, but were continually frustrated by MesoSystems and Dr. Call. Plaintiffs also became concerned that MesoSystems directed them to charge their time against an existing Department of Defense contract, and continued to fail to honor the terms and conditions of their employment agreements.

On December 6, 2001, Plaintiffs were informed that their employment with MesoSystems was terminated. Following the termination, MesoSystems failed to fulfill its obligations regarding continuation of Plaintiffs' health insurance coverage as required by federal law. MesoSystems also interfered with Plaintiffs attempts to establish a new company to pursue microreactor based technologies.

Plaintiffs seek damages, injunctive and declaratory relief based on claims of fraud, intentional misrepresentations, negligent misrepresentations, promissory estoppel, breach of contract, breach of the covenant of good faith and fair dealing, wrongful discharge, prima facie tort, interference with prospective contractual relations, refusal to provide COBRA notice, discrimination in provision of COBRA benefits, and rescission, reformation, injunction and other equitable relief.

## **DEFENDANT'S CONTENTIONS**

Defendant's contentions are as follows. Plaintiffs James Seaba and Cory Phillips commenced employment with MesoSystems in approximately late August or early September 2001. The employment relationship between MesoSystems and plaintiffs is described and governed by two written contracts, the Offer of Employment and the Confidential Information, Inventions and Noncompetition Agreement. MesoSystems has at all times complied with its duties and obligations under these written contracts.

Plaintiffs constructively resigned their employment from MesoSystems in early December 2001. During and after their MesoSystems employment, plaintiffs engaged in competitive activity in violation of the Confidential Information, Inventions and Noncompetition Agreement and in contravention of duties they owed to their employer MesoSystems. During their MesoSystems employment, plaintiffs formed a New Mexico corporation named Red Path Energy, Inc. to engage in business activities in direct competition with MesoSystems. Following their constructive resignation, plaintiffs have continued to engage in business activities in direct competition with MesoSystems, again in violation of the Confidential Information, Inventions and Noncompetition Agreement.

## **DISCOVERY**

Plaintiff intends to obtain the following discovery:

1) Interrogatories to Defendant;
2) Requests for Production of Documents and Things to Defendant;
3) Request for Admissions to Defendant;
4) Rule 30(b)(6) Deposition of Defendant;
5) Depositions of Defendant's experts, if any;
6) Depositions of witnesses identified by Defendant and Plaintiffs;
7) All other discovery that will aid in proving the claims, or defending the counterclaims in this case.

Defendant intends to obtain the following discovery:

1) Interrogatories to Plaintiffs;
2) Requests for Production of Documents and Things to Plaintiffs;
3) Request for Admissions to Plaintiffs;
4) Depositions of Plaintiffs' experts, if any;
5) Depositions of Plaintiffs and witnesses identified by Defendant and Plaintiffs;
6) All other discovery that will aid in proving the claims, or defending the counterclaims in this case.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "___Standard___" track classification. Accordingly, the termination date for discovery is ___10-7-02___ and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed or served in accordance with D.N.M.LR-Civ. 7 no later than ___11-13-02___. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than ___7-9-02___. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26 (a)(2)(B) no later than ___8-8-02___.

5

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.

Plaintiffs:

1) Dr. James Seaba; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Dr. Seaba is expected to testify regarding all matters and issues raised by the pleadings in this case.

2) Nancy Seaba; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Ms. Seaba is expected to testify regarding meetings that she attended concerning or related to MesoSystems' offer of employment to Dr. Seaba.

3) Dr. Cory Phillips; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Dr. Phillips is expected to testify regarding all matters and issues raised by the pleadings in this case.

4) Erika Phillips; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Ms. Phillips is expected to testify regarding meetings that she attended concerning or related to MesoSystems' offer of employment to Dr. Phillips..

5) Dr. Charles Call; President and CEO, MesoSystems Technologies, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Dr. Call is expected to testify regarding all matters and issues raised by the pleadings in this case.

6) Tina Call; c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Ms. Call is expected to testify regarding meetings that she attended concerning or related to MesoSystems' offers of employment to Dr. Seaba and Dr. Phillips.

7) Samantha League, Director of Human Resources, MesoSystems Technologies, Inc., c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Ms. League is expected to testify regarding the employment practices and policies of MesoSystems Technologies, and all matters and issues concerned with or related to MesoSystem's employment of Plaintiffs, including, but not limited to, post-termination actions and omissions of MesoSystems.

8) Dr. Ned A. Godshall; President, MesoFuel, Inc.; 2425 Ridgecrest Drive, S.E., Albuquerque, NM 87108; Mr. Godshall is expected to testify regarding all matters and issues concerned with or related to the formation of MesoFuel, Inc.

9) Anand Chellappa; c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Chellappa is expected to testify regarding all matters and issues concerned with or related to Dr. Phillips' and Dr. Seaba's work at MesoSystems, and concerned with or related to the formation of MesoFuel, Inc.

10) Jeff Lubeck, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Lubeck is expected to testify regarding all matters and issues raised by the pleadings in this case.

11) Al Shallop, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Shallop is expected to testify regarding all matters and issues raised by the pleadings in this case.

12) Representative of Ardesta LLC; 755 Phoenix Drive, Ann Arbor, MI 48108; the designated representative of Ardesta LLC is expected to testify regarding all matters and issues concerned with or related to financing for the formation of MesoFuel, Inc.

Defendant:

1) Dr. James Seaba; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Dr. Seaba is expected to testify regarding all matters and issues raised by the pleadings in this case.

2) Nancy Seaba; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Ms. Seaba is expected to testify regarding meetings that she attended concerning or related to MesoSystems' offer of employment to Dr. Seaba.

3) Dr. Cory Phillips; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Dr. Phillips is expected to testify regarding all matters and issues raised by the pleadings in this case.

4) Erika Phillips; c/o Lisa F. Mann, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, NM 87103; Ms. Phillips is expected to testify regarding meetings that she attended concerning or related to MesoSystems' offer of employment to Dr. Phillips..

5) Dr. Charles Call; President and CEO, MesoSystems Technologies, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Dr. Call is expected to testify regarding all matters and issues raised by the pleadings in this case.

6) Samantha League, Director of Human Resources, MesoSystems Technologies, Inc., c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Ms. League is expected to testify regarding the employment practices

and policies of MesoSystems Technologies, and all matters and issues concerned with or related to MesoSystem's employment of Plaintiffs.

7) Dr. Ned A. Godshall; President, MesoFuel, Inc.; 2425 Ridgecrest Drive, S.E., Albuquerque, NM 87108; Mr. Godshall is expected to testify regarding all matters and issues concerned with or related to the formation of MesoFuel, Inc.

8) Anand Chellappa; c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Chellappa is expected to testify regarding all matters and issues concerned with or related to Dr. Phillips' and Dr. Seaba's work at MesoSystems, and concerned with or related to the formation of MesoFuel, Inc.

9) Jeff Lubeck, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Lubeck is expected to testify regarding all matters and issues raised by the pleadings in this case.

10) Al Shallop, c/o Christopher P. Bauman, Bauman, Dow, & McIntosh, P.C., P.O. Box 30684, Albuquerque, NM 87190; Mr. Shallop is expected to testify regarding all matters and issues raised by the pleadings in this case.

List all documents which you believe, at this time, will be exhibits at the trial.

Plaintiffs:

1) Offer of Employment from MesoSystems to Dr. James Seaba dated August 2, 2001.

2) Offer of Employment from MesoSystems to Dr. Cory Phillips dated August 23, 2001.

3) MesoFuel, Inc., articles of incorporation.

4) Letter dated January 18, 2002, form Kirk A. Soderquist to Clinton W. Mars.

5) MesoSystems Technologies, Inc. unaudited financial statements dated April 30, 2001.

6) MesoSystems Technologies, Inc. Stock Award Letter Agreement to Dr. James Seaba, dated November 7, 2001.

7) MesoSystems Technologies, Inc. Incentive Stock Option Letter Agreement to Dr. James Seaba, dated September 24, 2001.

8) MesoSystems Technologies, Inc. Stock Option Award to Dr. Cory Phillips.

Defendant:

1) Offer of Employment from MesoSystems to Dr. James Seaba dated August 2, 2001.

2) Offer of Employment from MesoSystems to Dr. Cory Phillips dated August 23, 2001.

3) Confidential Information, Inventions and Noncompetition Agreement signed by plaintiff Seaba.

4) Confidential Information, Inventions and Noncompetition Agreement signed by plaintiff Phillips.

5) Red Path Energy, Inc., articles of incorporation.

List all experts who you believe, at this time, will testify at trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Plaintiffs:   Plaintiffs have yet to determine whether expert testimony will be required at trial, and, therefore, has yet to identify experts who will testify at trial. Plaintiffs will supplement their disclosure of experts in accordance with the Court's Scheduling Order and the Rules of Civil Procedure.

Defendant:   Defendant has yet to determine whether expert testimony will be required at trial, and, therefore, has yet to identify experts who will testify at trial. Defendant will supplement its disclosure of experts in accordance with the Court's Scheduling Order and the Rules of Civil Procedure.

## **OTHER PRETRIAL MOTIONS**

Plaintiffs intend to file:   Motions for Summary Judgment; Motions in limine.

Defendant intends to file:      Defendant has already filed a motion to dismiss or transfer for improper venue, which is currently pending with the Court. Defendant also intends to file one or more summary judgment motion and motions in limine.

Motion "packages" containing the original and one copy of <u>all</u> papers related to a motion (i.e., the motion, response, and reply with any accompanying memoranda or exhibits) as required by D.N.M.LR-Civ.(5) must be filed with the Court no later than ___12-23-02___. Any pretrial motion <u>packages</u> filed after the above date shall be considered untimely in the discretion of the Court.

## PRETRIAL ORDER

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before _____; Defendant to Court on or before _____.

In jury cases, proposed jury instructions shall be filed no later than _____. In non-jury actions, requested findings of fact and conclusions of law shall be filed no later than _____. Refer to "<u>Other Matters</u>."

## PRETRIAL CONFERENCE AND TRIAL SETTING

This matter is set for a PRETRIAL CONFERENCE on _To be notified_ at _____, ___.m.

This matter is set for a NON-JURY TRIAL on a trailing calendar beginning on _____, at _____, ___.m.

This matter is set for a JURY TRIAL on a trailing calendar beginning on _To be notified_, at _____, ___.m.

## ESTIMATED TRIAL TIME

The parties estimate trial will require __10__ days/~~weeks~~ ____

This is a non-jury case.

__X__ This is a jury case.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery. The parties request a settlement conference in October 2002.

## OTHER MATTERS

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court shall be highlighted in yellow on all copies which are filed or delivered to the Court or served on other counsel.

## EXCEPTIONS

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

<u>Telephonically Approved 4/29/02 by Angelo Artuso</u>
For Plaintiffs

_____
For Defendant

APPROVED:

_____
United States Magistrate Judge

APPROVED AND ADOPTED AS
THE ORDER OF THE COURT:

_____
United States District Judge

0225551