UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

NO. CIV-02-0103 LH/WWD

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

#### I.    SUMMARY

In response to defendant MesoSystems' motion to dismiss or transfer this case for improper venue, plaintiffs have filed a First Amended Complaint for Damages, Injunctive and Declaratory Relief ("Amended Complaint"). The filing of an Amended Complaint, however, does nothing to undermine the fundamental fact that plaintiffs agreed, unambiguously, in writing, to litigate in the state of Washington any action relating to their employment agreements with MesoSystems. Accordingly, MesoSystems hereby renews its motion to dismiss or transfer on the ground that venue is improper in this Court and this case must be litigated, per the parties' agreement, in Washington.

#### II.    PROCEDURAL BACKGROUND

On January 8, 2002, plaintiffs filed their Complaint for Damages, Injunctive and Declaratory Relief ("Complaint"), commencing this suit. In lieu of an answer, MesoSystems filed a motion under Rule 12(b)(3) to dismiss this case for improper venue or, in the

1

alternative, to transfer the case under 28 U.S.C. § 1406. MesoSystems' motion to dismiss or transfer was based on the undisputed fact that the parties had agreed in a forum selection clause to litigate in Washington all actions relating to their employment agreements and that the Complaint was--at the least--an action relating to the employment agreements.

After briefing was completed, the matter was set for hearing before this Court on September 4, 2002. At the hearing, however, rather than hear oral argument of counsel on the merits of MesoSystems' motion to dismiss or transfer, the Court invited plaintiffs to file an amended Complaint. Plaintiffs filed their Amended Complaint that same day.

The differences between the original Complaint and the Amended Complaint are modest and can be summarized as follows:

- Plaintiff changed the defined term they used to refer to the offer letters sent by MesoSystems to plaintiffs. The offer letters were referred to as "Offer of Employment" in the original Complaint and are now referred to as "Employment Agreement" in the Amended Complaint. (See Amended Complaint ¶ 22 and thereafter.)
- In Counts V and VI, plaintiffs capitalized the term "Employment Agreement."
- In Count XIII, plaintiffs deleted former paragraphs 120 and 121, which sought rescission of the Confidential Information, Inventions, and Noncompetition Agreements or reform of plaintiffs' employment agreements. Plaintiffs revised the remaining paragraphs of Count XIII to avoid reference to the Confidential Information, Inventions, and Noncompetition Agreement.
- In the prayer for relief, plaintiffs deleted former paragraphs l, m, and n, which sought rescission or reformation of the employment agreements between the parties, injunctive relief directing MesoSystems not to enforce such agreements, and

2

declaratory relief that the Confidential Information, Inventions, and Noncompetition Agreements were void.

MesoSystems now renews its motion and respectfully requests that the Court order this case dismissed or transferred.

### III. ARGUMENT

It is undisputed that each plaintiff signed two agreements with MesoSystems that defined the terms and conditions of employment:

(a) an agreement setting forth terms and conditions of employment, such as ownership of intellectual property, avoidance of conflicting interests, confidentiality of proprietary information, and noncompetition obligations (for consistency with prior filings, MesoSystems will continue to refer to this document as the "Noncompetition Agreement," although this short form is a bit a misnomer in that the agreement covers far more subject matter than just noncompetition) and

(b) a letter from MesoSystems offering employment (which, for consistency, MesoSystems will continue to refer to as the "Offer Letter").

It is also undisputed that the forum selection clause upon which MesoSystems relies in this motion is contained in the Noncompetition Agreement, not the Offer Letters.

Plaintiffs' basic move in their Amended Complaint is to drop rescission of the Noncompetition Agreement as a form of relief they seek and to otherwise reduce (although by no means eliminate) references to the Noncompetition Agreement. The resulting Amended Complaint is, admittedly, somewhat more focussed on the Offer Letters as opposed to the Noncompetition Agreements. Shifting more of the focus to the Offer Letters instead of the Noncompetition Agreements, however, are ultimately unavailing to plaintiffs, as discussed in more detail below.

3

### A. The Offer Letters Expressly Incorporate the Noncompetition Agreements

Plaintiffs have suggested that MesoSystems is seeking to have two contracts (the Noncompetition Agreement and the Offer Letter) interpreted together merely because both contracts involve the same parties. This is absolutely *not* the case. The Noncompetition Agreement and Offer Letter are *not* simply two separate and independent contracts. In fact, the Offer Letters by their own terms *require* that they be interpreted together with the Noncompetition Agreements.

The Offer Letters expressly incorporate by reference the Noncompetition Agreement. *One term of the Offer Letters (paragraph 9) is that plaintiffs must agree to the terms of the Noncompetition Agreement.* Moreover, the Offer Letters specifically state that the Offer Letters "*and* the enclosed [Noncompetition] Agreement set forth all the terms of your employment with the Company." Finally, the Offer Letters conclude by stating: "Please acknowledge your agreement with the foregoing by signing and returning to me a copy of this letter, *together with the enclosed Confidential Information and Inventions Agreement.*" See Affidavit of Ned A. Godshall in Support of Defendant's Motion to Dismiss or Transfer for Improper Venue, filed herein February 19, 2002, Exs. C, D (emphasis supplied).

Plaintiffs cannot embrace the Offer Letter and ignore the Noncompetition Agreement. The two agreements are intertwined. They were presented to plaintiffs together and they were a package deal. By signing the Offer Letters, plaintiffs were specifically and expressly "agreeing to agree" to the terms of the Noncompetition Agreement, and the Noncompetition Agreement includes a very broad forum selection clause, as discussed in more detail below. Plaintiffs imply that MesoSystems seeks to arbitrarily extract a forum selection clause from one contract and randomly insert it into another, unrelated contract, but

in fact MesoSystems simply seeks to follow the terms of one contract (the Offer Letter) that expressly incorporates the terms of another contract (the Noncompetition Agreement).

## B. The Forum Selection Clause Here Is Broadly Worded and Surely Encompasses the Amended Complaint

The forum selection clause in the Noncompetition Agreement is very broadly worded. Plaintiffs agreed to "not bring any action relating to this Agreement in any other court" beside the state and federal courts of Benton County, Washington. The parties could have chosen a narrower forum selection clause, such as one that covered only actions *arising under* the Noncompetition Agreement. With the changes to the Amended Complaint, it would perhaps be doubtful whether plaintiffs' action could now be said to *arise under* the Noncompetition Agreement specifically. But in fact, the parties agreed to a much broader forum selection clause, one that covers all actions merely *related to* the Noncompetition Agreement.

Surely this action, even as amended, can be said to at least be *related to* the Noncompetition Agreement. Indeed, even as revised, the Amended Complaint still contains five paragraphs expressly discussing or referring to the Noncompetition Agreements. See Amended Complaint ¶¶ 22, 23, 24, 25, and 27.

Further, even if the Amended Complaint had deleted any express reference to the Noncompetition Agreement, it would still be related to the Noncompetition Agreement. That is because the Offer Letters--now the focus of the Amended Complaint--are themselves related to the Noncompetition Agreement. The Offer Letter and the Noncompetition Agreement were presented together as a package to plaintiffs. As described above, the Offer Letter required each plaintiff to agree to the terms of the Noncompetition Agreement. Perhaps most tellingly, the Offer Letter specifically provided that it and the Noncompetition

5

Agreement *together* "set forth all the terms of your employment with the Company." Accordingly, any action based on the Offer Letters is inevitably related to the Noncompetition Agreement.

More specifically, plaintiffs' action at its core is deeply interwoven with the Noncompetition Agreement. As pleaded by plaintiffs themselves in the Amended Complaint, at the center of this case is a dispute about their employment relationship with MesoSystems, including plaintiffs' proposed role in a new entity called MesoFuel, Inc. and plaintiffs' formation of another new entity called Red Path Energy, Inc. See Amended Complaint ¶¶ 31-38. The Noncompetition Agreement is clearly implicated by these allegations. Indeed, it will be impossible to resolve the rights and obligations of the parties in this action without interpreting to the Noncompetition Agreement, which addresses issues of the confidentiality of MesoSystems' proprietary information, plaintiffs' duty of loyalty to MesoSystems, and plaintiffs' duty not to compete with MesoSystems by forming entities like Red Path Energy. Plaintiffs have artfully pleaded their Amended Complaint to minimize the references to the Noncompetition Agreement, but the Noncompetition Agreement will nonetheless play a crucial role in this litigation.

The Amended Complaint contains tort claims as well as contract claims, but the forum selection clause will apply to the tort claims. The Court's prior decision in K&V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 164 F. Supp. 2d 1260 (D.N.M. 2001), made clear that "when an action arises from a contract or a contractual relationship between the two parties the choice of forum clause in that contract governs the parties' tort as well as contract claims." Id. at 1263. Plaintiffs' action indisputably arises from the employment relationship--a "contractual relationship"--between

6

plaintiffs and MesoSystems. Consequently, the forum selection clause governs the tort claims pleaded by plaintiffs.

## IV. CONCLUSION

The modest changes in the Amended Complaint cannot and do not change the key proposition that plaintiffs agreed that any litigation "relating to" the Noncompetition Agreement with MesoSystems must be pursued in Washington, and plaintiffs' action, even as artfully pleaded in the Amended Complaint, manifestly is related to the Noncompetition Agreement. Moreover, because plaintiffs' action arises out of their contractual employment relationship with MesoSystems, K&V Scientific requires that the parties' agreed forum selection clause govern *all* claims, whether sounding in tort or in contract, arising from that contractual employment relationship. MesoSystems respectfully requests that this case--even in light of the Amended Complaint--be dismissed or transferred for improper venue.

DATED: September 23 2002.

BAUMAN, DOW & McINTOSH, P.C.

By _____
Christopher P. Bauman
Alberto A. León
Attorneys for Defendant
PO Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191-telephone
(505) 883-3194-facsimile

7

**PERKINS COIE, LLP**

Paul E. Smith
Attorneys for Defendant
One Bellevue Center
Suite 1800, 411
108th Avenue NE
Bellevue, Washington 98004-5584
(425) 453-7317-telephone
(425) 453-7350-facsimile

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Supplemental Memorandum in Support of Motion to Dismiss or Transfer for Improper Venue was mailed via U.S. Mail to the following, on this 23rd day of September, 2002.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
Attorneys for Plaintiffs
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800