IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 OCT 11 AM 11: 07

JAMES SEABA and
CORY PHILLIPS,

      Plaintiffs,

vs.                                                                           Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

      Defendant.

### RESPONSE IN OPPOSITION TO DEFENDANT'S "SUPPLEMENTAL MEMORANDUM" IN SUPPORT OF MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

Notwithstanding Plaintiffs' filing of their First Amended Complaint, Defendant MesoSystems Technology, Inc. continues its attempt to avoid having this Court address the merits of Plaintiffs' claims, which are properly brought by Plaintiffs James Seaba and Cory Phillips in this Court and in this District. Defendant continues to misrepresent the scope of the forum selection clause contained in only one of the two agreements it required Plaintiffs to sign as a condition of their employment. Defendant continues to claim, falsely, that by agreeing that any claims arising under the Confidential Information, Invention and Noncompetition Agreements ("Non-Compete Agreements") Plaintiffs were required to sign would be brought in Washington, Plaintiffs thereby "agreed, unambiguously, in writing, to litigate in the state of Washington *any action relating to their employment agreements with MesoSystems.*" Supplemental Memorandum, at 1. Defendant continues to insist that these two separate agreements, signed by different corporate representatives, must be construed as a "package"

constituting Plaintiffs' "employment agreements," notwithstanding the clear language drafted *by Defendant*, stating that the Non-Compete Agreement "is not a contract of employment and no rights of employment are hereby created." *See* Non-Compete Agreement, Section 5.1, p. 3. Defendant's position is wholly without merit and must be rejected.

At most, Plaintiffs agreed only that actions "relating to *this Agreement* [the Non-Compete Agreement]" would be brought in Washington. Plaintiffs have now, through the filing of their First Amended Complaint, eliminated all requests for relief under the Non-Compete Agreements. Thus, the forum selection clause simply does not pertain here.

Plaintiffs *never* agreed that if Defendant committed torts in New Mexico, such as fraud (Count I), intentional misrepresentations (Count II), negligent misrepresentations (Count III), detrimental reliance and promissory estoppel (Count IV), wrongful discharge (Count VIII), prima facie tort (Count IX), and interference with prospective contractual relations (Count X), such claims had to be brought in Washington. Plaintiffs *never* agreed that if Defendant committed statutory violations in New Mexico – failure to give COBRA notice (Count XI) and discrimination in the provision of COBRA benefits (Count XII) -- such claims had to be brought in Washington. And Plaintiffs *never* agreed that if Defendant breached, in New Mexico, Plaintiffs' Offers of Employment ("Employment Agreements"), Counts V, VI, VII, such claims had to be brought in New Mexico. None of these claims have *anything* to do with the Non-Compete Agreements. Therefore, there is no basis for dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(3).

Defendant continues to rely on *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft (BMW)*, 164 F.Supp.2d 1260, 1269 (D.N.M. 2001). Yet, as Plaintiffs previously pointed out, in that case the forum selection clause stated: "Jurisdiction for all and

2

any dispute arising out of or in connection with this agreement is Munich." Clearly, the suit for breach of contract arose out of or was in connection with that very contract. In contrast, the claims in this lawsuit do not arise under the Non-Compete Agreements. The forum selection clause in those Agreements is, therefore, inapplicable.

Defendant structured the conditions of Plaintiffs' employment and cannot now escape the language of the contracts it drafted. The Employment Agreements and the Non-Compete Agreements are explicitly stated to be separate documents that were never intended to be read as one contract. Therefore, the forum selection clause cannot apply to Plaintiffs' tort claims and statutory claims, and cannot be extended to claims arising out of Defendant's breach of the Employment Agreements.

## CONCLUSION

Plaintiffs' original Complaint was filed on January 28, 2002. Defendant has yet to file its Answer. At the hearing set on Defendant's Motion to Dismiss or Transfer for Improper Venue, counsel for Plaintiffs expressed concern that even after amending the Complaint, Defendant would refuse to abandon its unfounded attempt to avoid this Court's proper jurisdiction over this dispute. That concern was obviously justified. Defendant continues to press its Motion, premised upon the forum selection clause set forth in the Non-Compete Agreements. Yet, Plaintiffs' First Amended Complaint seeks no relief under the Non-Compete Agreements and is not based in any way on the Non-Compete Agreements. Defendant's continued efforts to avoid addressing the merits of Plaintiffs' claims in this Court are without justification, and justify an award of sanctions. Plaintiffs respectfully request that Defendant's Motion to Dismiss or Transfer for Improper Venue be denied, and Plaintiffs be awarded their attorneys' fees incurred in responding to Defendant's "Supplemental Memorandum" in support of that Motion.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: _____
Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
Attorneys for Plaintiffs
Post Office Box 2168
Bank of America Centre, Suite 1000
500 Fourth Street, N.W.
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800

WE HEREBY CERTIFY that a true
and correct copy of the fore-
going pleading was sent via first
class mail to all counsel of record this
10th day of October, 2002.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: _____
Lisa Mann

W0256610.DOC

4