IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

        Plaintiffs,

vs.                                        Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

        Defendant.

**PLAINTIFFS' SUPPLEMENTAL BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE**

Plaintiffs James Seaba and Cory Phillips submit this Supplemental Brief in Opposition to Defendant's Motion to Dismiss or Transfer For Improper Venue as requested by the court. *See* Letter, dated November 8, 2002. As a general rule, forum selection clauses are enforceable so long as enforcement would be reasonable and just. In this case, however, the forum selection clauses set forth in the Confidential Information, Invention and Noncompetition Agreements ("Non-Competition Agreements")[1] do not apply to the Offers of Employment with MesoSystems Technology, Inc. ("Employment Agreements") at issue in this case. Furthermore, application of the forum selection clauses to dismiss or transfer this case would be unreasonable and unjust. Accordingly, Defendant's motion should be denied.

---

[1] The Non-Competition Agreements expire, by their own terms, in less than a month. *See* Non-Competition Agreements, Section 3.1, p. 2

1

## DISCUSSION

I. **FEDERAL COMMON LAW GOVERNS THE INTERPRETATION AND ENFORCEMENT OF FORUM SELECTION CLAUSES IN DIVERSITY JURISDICTION CASES.**

A motion to dismiss based on the forum selection clause is properly characterized as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992); *see also* 17 James W. Moore et. al., Moore's Federal Practice, § 111.04[3][b][i] (3d ed. 2001). Judge Bruce Black of the United States District Court for the District of New Mexico recently addressed the treatment of forum selection clauses in federal diversity jurisdiction cases. Noting a split among the circuits regarding the proper law to be applied, Judge Black ultimately held that the enforcement of forum selection clauses in the Tenth Circuit is a procedural rather than substantive issue. *See K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 164 F. Supp. 2d 1260, 1268 (D.N.M. 2001). Thus, the court found that federal common law, rather than state law, governs the interpretation and enforcement of forum selection clauses in diversity cases. *See id.* Accordingly, it is unnecessary for this Court to determine which state's law applies to the question of enforceability of forum selection clauses.[2]

---

[2] In any case, the evidence supports the conclusion that the employment contracts at issue in this case were executed in the State of Ohio. MesoSystems prepared and signed the Offers of Employment and mailed them to Plaintiffs Seaba and Phillips in Ohio. In accordance with the specific directions set forth in the Offers of Employment, Plaintiffs Seaba and Phillips signed the contracts and mailed them back to MesoSystems.

The plain language of the Offers of Employment indicates a clear intention that the contracts would not be consummated until all signatures appeared on the contract. New Mexico appears to have adopted the general proposition that a written contract is not consummated until executed by the last signatory. *Transradio Press Service, Inc. v. Whitmore*, 47 N.M. 95, 99, 137 P.2d 309 (1943); *Cessna Finance Corp. v. Mesilla Valley Flying Service*, 81 N.M. 10, 13, 462 P.2d 144 (1969), cert. denied, 397 U.S. 1076 (1970); *Alexander Film Co. v. Pierce*, 46 N.M. 110, 112, 121 P.2d 940 (1942). Because the last act in executing the Offers of Employment took place in Ohio,

Plaintiffs Seaba and Phillips recognize that under federal common law, forum selection clauses are *prima facie* valid and should be enforced unless "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992); *Milk ' N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992). For the reasons set forth below, it would be wholly unreasonable to allow the forum selection clause set forth in the Non-Competition Agreements to also govern the Employment Agreements. Jurisdiction in this court is proper and Defendant's motion should be denied.

## II. PLAINTIFF'S CLAIMS DO NOT ARISE OUT OF THE NON-COMPETITION AGREEMENTS AND ARE NOT SUBJECT TO THE FORUM SELECTION CLAUSE.

Despite Defendant's assertions to the contrary, by agreeing that any claims arising under the Non-Competition Agreements Plaintiffs were required to sign would be brought in Washington, Plaintiffs did *not* thereby agree to litigate in the state of Washington *any action relating to their employment agreements with MesoSystems*." Defendant's Supplemental Memorandum, at 1. Nevertheless, Defendant continues to insist that these two separate agreements, the Non-Competition Agreement and Employment Agreement, for different purposes and signed by different corporate representatives, must be construed as a "package" constituting Plaintiffs' "employment agreements," notwithstanding the clear language drafted *by Defendant*, stating that the Non-Competition Agreement "is not a contract of employment and no

---

New Mexico choice of law rules would dictate that Ohio law govern the Offers of Employment. *Eichel v. Goode, Inc.*, 101 N.M. 246, 250, 680 P.2d 627, 631 (Ct. App. 1984)(citations omitted)(Under the traditional analysis set forth in the First Restatement, a contract is made "at the time when the last act necessary for its formation is done, and at the place where the final act is done").

3

rights of employment are hereby created." Non-Competition Agreements, Section 5.1, p. 3. The Tenth Circuit, in *Sterling Colorado Agency, Inc. v. Sterling Insurance Co.*, 266 F.2d 472, 476 (10th Cir. 1959), noted that "considering several instruments as one is not the natural construction, and is resorted to only to effectuate the intention. They may be intended to be separate instruments and to provide for different things." *Id.* at 476 (quoting *Huyler's v. Ritz-Carlton Restaurant & Hotel Co.*, 1 F.2d 491, 492 (D.Del.1924). Based on the plain language of the Non-Competition Agreement in this case, the forum selection clause is not incorporated into the Offer of Employment, but is a term of a separate agreement. Therefore, Defendant's position is wholly without merit and must be rejected.

At most, Plaintiffs agreed only that actions "relating to *this Agreement* [the Non-Competition Agreement]" would be brought in Washington. *See* Non-Competition Agreements, Section 5.6, p. 3. The forum selection clause does not refer to any action "between the parties to this Agreement" or even "relating to the employment relationship" that may extend the scope of the forum selection clause beyond the Non-Competition Agreement. Plaintiffs have now, through the filing of their First Amended Complaint, eliminated all requests for relief under the Non-Competition Agreements. Accordingly, the forum selection clause set forth therein is not relevant or applicable to this case.

Plaintiffs *never* agreed that if Defendant committed torts in New Mexico, such as fraud (Count I), intentional misrepresentations (Count II), negligent misrepresentations (Count III), detrimental reliance and promissory estoppel (Count IV), wrongful discharge (Count VIII), prima facie tort (Count IX), and interference with prospective contractual relations (Count X), such claims had to be brought in Washington. Plaintiffs *never* agreed that if Defendant committed federal statutory violations in New Mexico – failure to give COBRA notice (Count

4

XI) and discrimination in the provision of COBRA benefits (Count XII) -- such claims had to be brought in Washington. And Plaintiffs *never* agreed that if Defendant breached, in New Mexico, Plaintiffs' Employment Agreements, (Counts V, VI, and VII), such claims had to be brought in New Mexico. These claims have *nothing* to do with the Non-Competition Agreements. Therefore, there is no basis for dismissal or transfer of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(3).

*K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft (BMW)*, 164 F.Supp.2d 1260, 1269 (D.N.M. 2001) does not speak to the question of whether the forum selection clause from one agreement is incorporated into another. In *K & V Scientific Co. v. BMW,* it was undisputed that the suit for breach of contract arose out of or was in connection with the very contract in which the forum selection clause was found. Thus, the court found that under federal common law, the forum selection clause was enforceable. Because the claims in this lawsuit do not arise under the Non-Competition Agreements, the forum selection clause in those Agreements is inapplicable.

Defendant drafted the terms of the Employment Agreements and the Non-Competition Agreements to explicitly state that they are separate documents not to be read as one contract. Defendant cannot now claim that clauses from one agreement are enforceable as terms of the other. The forum selection clauses are specific to the terms of the Non-Competition Agreements only and cannot be extended to Plaintiffs' claims arising out of the Employment Agreements. Accordingly, jurisdiction in this court over Plaintiffs' tort and statutory claims is proper and Defendant has no basis for transfer or dismissal under Rule 12(b)(3).

5

### III. EVEN IF THE FORUM SELECTION CLAUSE SET FORTH IN THE NON-COMPETITION AGREEMENT WERE APPLICABLE TO PLAINTIFFS' CLAIMS, ENFORCEMENT OF THE FORUM SELECTION CLAUSE WOULD BE UNREASONABLE AND UNJUST.

Even if the forum selection clause were applicable to Plaintiffs' claims, which Plaintiffs deny, enforcement of the forum selection clause would be unreasonable and unjust. Consideration of the facts and circumstances in this case weighs heavily in favor of this court retaining jurisdiction.

Plaintiffs James Seaba and Cory Phillips were employed by R & D Americas, Inc., a subsidiary of Honda Motor Corp., in the State of Ohio for many years. In May 2001, Chuck Call, acting on behalf of the Defendant, made numerous promises and false representations to Plaintiffs to induce them to leave their secure employment in Ohio and start a new business venture in New Mexico. As part of the proposal, Plaintiffs were offered positions of employment with MesoSystems Technology Inc. in Albuquerque until such time as the new venture could be arranged. During this time, Plaintiffs were flown to New Mexico and shown MesoSystems facilities and offices in Albuquerque. The Plaintiffs also received and placed phone calls from MesoSystems in Albuquerque encouraging them to accept employment and discussing the terms of their employment agreements. Relying on Chuck Call's representations, including his representation that the Employment Agreement and Non-Competition Agreements would only be in effect for one to two months, Plaintiffs left their employment and moved their families across the country to New Mexico to embark on the new business venture.

Plaintiffs' Complaint states claims which arise out of Defendant's false representations and breach of the Employment Agreement, actions which occurred in New Mexico. Virtually all of the witnesses that will be called in this case are located in New Mexico, and Charles Call, President and CEO of MesoSystems, conducts Defendant's business in New Mexico on a regular

basis. Defendant does a substantial business in New Mexico, and otherwise avails itself of the privileges connected with transacting business in this State. In fact, though Defendant now denies it, MesoSystems Techinology Inc. recently announced its intention to move its headquarters to Albuquerque. *See* New Mexico Business Weekly, vol. 9, no. 14, p.1, dated July 12-18, 2002.

Plaintiffs, on the other hand, have no contacts with Washington. Plaintiffs would be unfairly prejudiced if they were forced to prosecute their case against Defendant in Washington. To require Plaintiffs to pursue their claims in Washington would be tantamount to denial of their claims altogether. Plaintiffs have already been stretched to the limits of their means in bringing suit. Dismissal or transfer would require that Plaintiffs essentially duplicate their efforts and expenditures thus far. Enforcement of the forum selection clause would therefore be unreasonable and unjust, especially in light of the absolute lack of inconvenience or prejudice that Defendant would suffer defending itself in this jurisdiction.

In addition to the overwhelming lack of contacts with Washington, additional grounds for finding that the forum selection clause would be unreasonable or unjust are present. Specifically, the Non-Competition Agreement itself will expire in December 2002. *See* Non-Competition Agreements, Section 3.1, p. 2 (limiting scope of Non-Competition agreements to one year after employment has terminated). Defendant has never claimed that Plaintiffs have violated the Non-Competition Agreements, and indeed they have not. The Non-Competition Agreements are therefore irrelevant to this case. Thus, should the court enforce the forum selection clause, the parties would find themselves bound by the terms of an expired agreement meant only to serve as a red herring raised by the Defendant to avoid the merits of Plaintiffs' claims.

7

Under the circumstances of this case, even if the forum selection clause does apply, this court should find that it would be unreasonable and unjust to enforce the forum selection clause.

## CONCLUSION

Defendant's entire motion is premised on the forum selection clause set forth in the Non-Competition Agreement. However, Plaintiffs' Complaint has been amended to exclude any claims based on the Non-Competition Agreement. There is no forum selection clause within the Employment Agreement and therefore no grounds for dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(3).

Furthermore, even if the forum selection clause set forth in the Non-Competition agreement were somehow applicable to Plaintiffs' claims, enforcement of the forum selection clause would be unreasonable and unjust. The Non-Competition Agreement is set to expire within a matter of weeks, and with it, the forum selection clause will expire. It would be unreasonable to enforce an expired forum selection clause where the Plaintiffs, the Defendant, the witnesses and documents are all located in the State of New Mexico. Accordingly, Plaintiffs respectfully request that Defendant's motion to dismiss be denied and that the court retain jurisdiction in this case.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Erin E. Langenwalter*
Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
Attorneys for Plaintiffs
Post Office Box 2168
Bank of America Centre
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Telephone: 505.848.1800

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was **mailed** all counsel of record this **15th** day of November, 2002.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Erin E. Langenwalter*
Lisa Mann

K:\dox\client\65518\112\W0263940.DOC

9