UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

    Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

NO. CIV-02-0103 LH/WWD

### DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RULE 12(B) (3) MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

#### I.    INTRODUCTION AND SUMMARY

Defendant MesoSystems Technology, Inc. ("MesoSystems") submits this memorandum in response to the Court's November 8, 2002, letter to counsel. MesoSystems believes that federal law, and not the law of any state, governs all aspects of MesoSystem's Rule 12(b) (3) motion pending before this Court. In the alternative, to the extent that state law may apply, the laws of New Mexico, Ohio, and Washington state *all* could potentially apply to this case. In any event, the federal common law and the laws of New Mexico, Ohio, and Washington on the interpretation and enforcement of forum selection clauses are substantially similar. MesoSystems' Motion to Dismiss of Transfer for Improper Venue should be granted under the tenets of any of the potentially applicable laws.



1

## II.   ARGUMENT

### A.   Choice of Law

#### 1.   Under K&V Scientific Co. v. Bayerische Motoren Werke (BMW), a Federal Court Is to Apply Federal Law on an Improper Venue Motion, Even When Sitting in Diversity Jurisdiction

The Court in K&V Scientific Co. v. Bayerishe Motoren Werke (BMW), 164 F. Supp. 2d 1260 (D.N.M. 2001), resolved the same choice of law issue as this Court faces: whether or not the forum selection clause in a contract between the parties required that the plaintiff's action be brought elsewhere.  As is the case here, the defendant in K&V Scientific argued that the forum selection clause mandated that the case be tried in a different venue, while the plaintiff argued that its causes of action did not arise out of the contract containing the forum selection clause and therefore were not within the scope of the forum selection clause.

The K&V Scientific Court was sitting under its diversity jurisdiction and the first question it turned to was what law to apply.  As the Court acknowledged, this presented an "unsettled" and "sticky question," has split the courts, is a "legal swamp," and has been the subject of great debate among legal commentators.  164 F.Supp.2d at 1264, 1265 n.6, 1268. Fortunately for us, the K&V Scientific Court did the hard work of sorting out this issue.  The K&V Scientific Court proceeded into a thoughtful and thorough analysis of the choice of law issue and concluded that *federal common law*--not the law of any state--applied in determining the scope and effect of a forum selection clause.  Id. at 1268.  The K&V Scientific Court addressed the very issue here--the scope and effect of a forum selection clause--and applied federal law exclusively.  This Court should follow suit.

The analysis of the K&V Scientific Court is sound.  First, the Court recognized that under Erie Railroad v. Tompkins, 304 U.S. 64 (1938), "federal courts sitting in diversity

2

should apply state law to substantive issues and federal law to procedural issues." Id. at 1264. The question, then, as properly framed by the Court, was "whether the enforceability of forum selection clauses is a substantive or procedural matter for the purposes of Erie." Id. On this question, the Tenth Circuit has not taken a position and the other circuit courts are split. See id. at 1265-68. However, according to the K&V Scientific Court, a "distinct majority of federal circuits have determined that, pursuant to the Erie doctrine, the enforcement of forum selection clauses is a procedural rather than substantive issue." Id. at 1268. The K&V Scientific Court concluded that it adhered to the majority position. The Court stated:

> Moreover, recognizing that forum selection is a procedural matter both encourages uniform treatment of venue rules among federal court and reinforced *the Tenth Circuit's strong predilection for enforcing these clauses.* The Court therefore finds that federal common law governs the interpretation and enforcement of forum selection clauses in diversity cases.

Id. at 1268 (emphasis supplied).

Significantly, the K&V Scientific Court then proceeded to tackle questions of the scope and interpretation of the forum selection clause exclusively through application of federal common law. The Court examined the precise wording of the forum selection clause to determine whether the tort causes of action pleaded by the plaintiff where within the scope of the forum selection clause. Moreover, the Court also had to address the interrelationship, if any, between two separate contracts between the parties. While the precise issue addressed by the K&V Scientific Court (whether a contract later in time superseded an earlier contract) was slightly different from that before this Court, the significance is that the Court applied federal common law to resolve the issue of the interrelationship between two contracts signed by the parties. This Court should follow the

3

course charted by the K&V Scientific Court and apply federal law to all issues presented in MesoSystem's Motion to Dismiss or Transfer for Improper Venue.

### 2. In the Alternative, Applying New Mexico Choice of Law Principles under Klaxon, New Mexico, Ohio, and Washington State Law May All Apply

MesoSystems acknowledges that there is a split among the federal circuit courts as to whether the scope, effect, and enforcement of a forum selection clause is a procedural or a substantive matter under Erie analysis and that there is no Tenth Circuit decision on the subject that provides a controlling precedent for this Court. Thus, to the extent that this Court concludes that the choice of law analysis and conclusion of K&V Scientific is in error, and in an effort to be responsive to the specific request of the Court in its November 8 letter to counsel, MesoSystems will also present its analysis of which state's law would apply, if federal law does not, as follows.

If K&V Scientific was wrongly decided and the scope, effect, and enforcement of a forum selection clauses a matter of *substantive* law under Erie analysis, then this Court should apply state law. The question then becomes, which state's laws should apply? Under Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941), a federal court sitting in diversity is to apply the choice of law principles of the state in which the federal court sits. Thus, this Court should apply the choice of law principles of New Mexico.

#### a. Noncompetition Agreements

One basic choice of law principle under New Mexico law is that the agreement of the parties on choice of law will be respected and enforced. See United Wholesale Liquor Co. v. Brown-Forman Distillers Corp., 108 N.M. 467, 471 (1997). Here, the very agreement in which the forum selection clause appears, the Confidential Information, Inventions and

4

Noncompetition Agreement (as referred to in previous briefing, the "Noncompetition Agreement) also contains the following clear and unambiguous choice of law provision:

> This Agreement will be governed by the laws of the State of Washington without regard to its choice of law provisions.

Affidavit of Ned A. Godshall in Support of Defendant's Motion to Dismiss or Transfer for Improper Venue (filed herein on February 19, 2002), Ex. A at 3, § 5.6; Ex. B at 3, § 5.6. If any state--as opposed to federal--law on contract interpretation is to apply to determine the scope and effect of the forum selection clause, it should be Washington law by virtue of the parties' choice of law agreement.

### b. Offer Letters

The Offer Letters should be interpreted under Washington law because: (1) they were executed at the same time as, and in connection with, the Noncompetition Agreements; (2) the Offer Letters expressly refer to and incorporate the terms of the Noncompetition Agreement; and (3) the matters in this case are otherwise related to the Noncompetition Agreements.

To the extent the Court determines that the parties' choice of law agreement is not controlling as to the Offer Letters, however, and applies the more general choice of law principles of New Mexico, the Court has correctly identified the applicable rule--that the law of the state where the contract was consummated shall apply. See Pound v. Insurance Co. of N. Am., 439 F.2d 1059, 1062 (10th Cir. 1971). Here, the last act necessary for the formation of a contract as to the Offer Letters occurred in Ohio as to the Offer Letter signed by plaintiff Seaba and, on information and belief, in New Mexico as to plaintiff Phillips, as described in more detail below.

5

For plaintiff Seaba, the Offer Letter and Noncompetition Agreement documents were prepared in Washington state by MesoSystems employees and mailed together in August 2001 from Washington to Ohio, where Seaba was then located.[1] At the time the documents were deposited in the mail to Seaba, the Offer Letter was signed on behalf of MesoSystems and the Noncompetition Agreement was unsigned by any party. Plaintiff Seaba then signed each document and sent them from Ohio back to MesoSystems' offices in Washington state. Because the Offer Letter was sent to Seaba in Ohio and Seaba sent the signed Offer Letter back to MesoSystems from Ohio, the most reasonable inference is that Seaba was in Ohio when he signed the Offer Letter. Moreover, Seaba's signature presumably affixed in Ohio appears to have been the last step needed to consummate that particular contract.

For plaintiff Phillips, the Offer Letter and Noncompetition Agreements were presented to him while he was making a pre-employment visit to MesoSystems' Albuquerque, New Mexico facility. The Offer Letter has been signed on behalf of MesoSystems in Washington state, and then sent to Albuquerque, New Mexico. Although MesoSystems' records do not show conclusively, it appears that Phillips signed the Offer Letter (and the Noncompetition Agreement) and returned it to MesoSystems while he was still in New Mexico. Accordingly, Phillips' Offer Letter appears to have been consummated in New Mexico.

---

[1] Due to the short time frame involved in this briefing and overseas travel by a key MesoSystems employee this week, MesoSystems is unable to file an affidavit supporting these factual assertions concurrently with this brief. Consistent with the instructions of the Court to counsel in its November 8 letter that counsel "be prepared to present evidence on [the place of consummation] as the first order of business at the hearing, MesoSystems will provide the Court with an affidavit on this issue no later than the start of the November 19 hearing.

B.  **Applicable Law**

  1.  **Under Federal Law, the Forum Selection Clause Applies to This Action and Dictates Transfer to Washington**

All of the parties' prior briefing has assumed the applicability of federal law here, and the various aspects of federal law on the interpretation and application of forum selection clauses in that prior briefing will not be restated here. However, it bears emphasizing that *federal law favors broad application of forum selection clauses*. For example, in K&V Scientific, the Court was interpreting a forum selection clause that stated that it applied to "all and any dispute arising out of or in connection with" the parties' 1997 Agreement. 164 F. Supp.2d at 1264. The "any dispute arising . . . in connection with" language of that forum selection clause, of course, is very similar to--although probably more restrictive than--the "any action relating to this Agreement" language at issue here. The K&V Scientific Court applied this language broadly, concluding that the forum selection clause applied to all of the plaintiff's tort claims, because the tort claims could be said to have arisen "in connection with the parties' contract." Similarly here, plaintiffs' tort claims undoubtedly are at least *related to* the Noncompetition Agreement. Therefore, the forum selection clause in the Noncompetition Agreements dictates that this case should be transferred to Washington state.

  2.  **Under Ohio, New Mexico, or Washington Law, the Result Is the Same as Under Federal Law**

   a.  **New Mexico**

As the K&V Scientific Court observed, it appears that the New Mexico Supreme Court has not ruled on the enforceability of forum selection clauses. See K&V Scientific, 164 F. Supp. 2d at 1266 n.7. However, as the K&V Scientific Court stated, "New Mexico

7

strongly supports the validity of choice of law clauses." Id. (citing Resolution Trust Corp. v. Ocotillo West Joint Venture, 840 F. Supp. 1463, 1479 (D.N.M. 1993); United Wholesale Liquor Co. v. Brown-Forman Distillers Corp., 108 N.M. 467, 471 (1997). This suggests that when the New Mexico Supreme Court reaches the question of the enforceability of forum selection clauses, it will favor the federal law of broad and forceful enforcement of such clauses.

### b. Ohio

The Sixth Circuit has held that in interpreting and applying a forum selection clause, it may apply Ohio law and federal law interchangeably because they are essentially the same. See General Electric Corp. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1098-99 & n.3 (6th Cir. 1994). The court stated: "We may apply either Ohio law or federal law in determining the enforceability of a forum selection clause, since each treat clauses in a similar manner." Id. at 1098 n.3. See also Interamerican Trade Corp. v. Companhia Fabricadora de Pecas, 973 F.2d 487, 488-89 (6th Cir. 1992) ("Ohio courts treat forum selection clauses in a similar manner as the federal courts").

### c. Washington

Likewise, "Washington state law on the validity and enforcement of forum selection clauses is . . . generally in accord with federal common law." Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993). Indeed, at least one court has found it unnecessary to confront either "the choice of law issue []or the daunting question whether forum selection clauses are to be treated as substantive or procedural for Erie purpose" because "there is no material discrepancy between Washington state law and federal law." Id.

8

### III.  CONCLUSION

Under the sound reasoning of K&V Scientific, interpretation and enforcement of a forum selection clause is a procedural matter and a federal court is to apply federal law to address the issue, even when sitting in diversity. Accordingly, this Court should apply federal common law to the issues presented by MesoSystems' improper venue motion. Federal common law favors the enforcement of forum selection clauses and interprets them broadly. Under federal common law, MesoSystems' Motion to Dismiss or Transfer Venue should be granted.

DATED: November 15, 2002.

BAUMAN, DOW & McINTOSH, P.C.

By _____
Alberto A. Leon, Esq.
Attorneys for Defendant
PO Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191-telephone
(505) 883-3194-facsimile

**PERKINS COIE, LLP**

Paul E. Smith
Attorneys for Defendant
One Bellevue Center
Suite 1800, 411
108th Avenue NE
Bellevue, Washington 98004-5584
(425) 453-7317-telephone
(425) 453-7350-facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading was mailed via U.S. Mail to the following, on this 15th day of November, 2002.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
Attorneys for Plaintiffs
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800

_____
Alberto A. León, Esq.

F:\MesoSystem Technology\Documents\BriefApplicLaw11'14'02Edit.doc