UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**_Clerk's Minutes_**

**_Before the Honorable C. LeRoy Hansen_**

CASE NO.  CIV 02-103 LH/WWD           DATE:  November 19, 2002

TITLE:  *James Seaba and Cory Phillips v. MesoSystems Technology, Inc.*

**COURTROOM CLERK:**           **COURT REPORTER:**  F. Donica

**COURT IN SESSION:**  1:41 p.m.           **COURT IN RECESS:**  3:01 p.m.

**TYPE OF PROCEEDING:**  Motion to Dismiss or Transfer for Lack of Venue

**COURT'S RULINGS/DISPOSITION:**  Motion denied.

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**           **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Lisa Mann                                          Chris Bauman

Angelo Artuso                                      Alberto Leon

**PROCEEDINGS:**

**Court in Session:  1:41 p.m.**

Sal Cassassia and Lisa _____ of MesoSystems also present.

**Court** - There have been no arguments re differences in applicable state contract law.  Do parties argue that states' laws differ?  No objections from Plaintiffs or Defendant.

**Mr. Bauman addresses the Court,** arguing that the two agreements should be construed as one.

Court - Does not see that Plaintiffs' claims invovle non-competition agreement.  There is no question that the non-competition agreement was required to be executed.  Questions are whether they are one agreement or whether claims in complaint are related to non-compete agreement.

Mr. Bauman - Plaintiffs cannot separate the two.  Allegations relate in a direct way.

Court - The Complaint does not attack validity of noncompetition agreement.

Mr. Bauman - Plaintiffs' formation of Red Path Energy is related to non-competition agreement.

Court - According to the Complaint, Red Path was alternative to MesoFuels that MesoSystems was cooperating in.

Mr. Bauman - Defendant concedes that Plaintiffs do not attack enforceability of non-compete agreement. Argues that two agreements are meant to be read together because termination date cannot be determined without doing so.

Ms. Mann - Plaintiffs stipulate that neither lives in NM.

Mr. Bauman - Re enforceability (transfer or dismissal) - Either is appropriate, but if transferring under §1404, Court must weigh factors, which is still not difficult because forum selection clauses weigh heavily in favor of transfer.

**Ms. Mann addresses the Court** - Plaintiffs not challenging non-competition agreement. Non-competition agreement does not say that any action between parties has to be brought in the courts of Washington, but it could have because Defendants drafted it. Agreements have to be construed against Defendants because they drafted. Non-compete agreements are construed narrowly. Non-competition agreement does not incorporate the employment agreement--it says "this is only agreement." Other agreements are contemplated. Non-competition agreement expressly acknowledges that there will be other agreements and that they are separate. In any event, this case is not about non-competition agreement. Main acts happened in NM.

Enforcement would be unreasonable and inequitable because most witnesses are here, and it will not prejudice Defendants because they have a substantial business connection to New Mexico.

**2:33 Recess.**
**2:37 Court back in session.**

**Mr. Bauman** - The 2 documents should be read together. Even if not, this case relates to non-compete agreement. Does this allow Defendants to file a complaint in Washington based on violations of the non-competition agreement, and would Defendant have to maintian 2 separate suits?

**Court** - Re Defendant's question about claim in Washington, that issue is not before the Court.

**Ruling:** It is Court's duty to analyze intent of the parties to decide whether there are one or two agreements. Court concludes that agreements are separate. Before amendment, complaint contained a prayer for recission, so Court allowed amendment. Court does not interpret complaint to be about enforceability of the nomcompete agreement. That doesn't mean that the trier of fact cannot hear facts about the non-competition agreement. Court **DENIES** Motion. Plaintiffs are entitled to choice of forum unless contract or statute says otherwise.

Court questions the parties about the status of discovery and encourages them to contact Judge Deaton.

**3:01 Court in recess.**