UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

02 DEC 16 PM 4:29

NO. CIV-02-0103 DJS/WWD

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant MesoSystems Technology, Inc. ("MesoSystems") hereby submits its Answer to First Amended Complaint for Damages, Injunctive and Declaratory Relief ("Amended Complaint") as follows:

### ANSWER

1.      Answering paragraph 1 of the Amended Complaint, MesoSystems states, on information and belief that James Seaba does not reside in Bernalillo County, New Mexico.  Accordingly, MesoSystems denies the allegations in paragraph 1 of the Amended Complaint.

2.      Answering paragraph 2 of the Amended Complaint, MesoSystems states, on information and belief that Cory Phillips does not reside in Bernalillo County, New Mexico.  Accordingly MesoSystems denies the allegations of paragraph 2 of the Amended Complaint.

51

3.      MesoSystems admits the allegations of paragraph 3 of the Amended Complaint.

4.      Answering paragraph 4, MesoSystems admits that the Amended Complaint purports to plead a cause of action for violation of the Comprehensive Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. ("COBRA").  Except as so expressly admitted, paragraph 4 is legal argument for which no response is required.

5.      Answering paragraph 5, MesoSystems states, on information and belief, that Seaba is a resident of Oklahoma and Phillips is a resident of Michigan; admits that MesoSystems is a citizen of Washington; and admits that the Complaint purports to plead damages in excess of $75,000. Except as so expressly admitted and stated, paragraph 5 is legal argument for which no response is required.

6.      Answering paragraph 6, MesoSystems admits it conducts business in New Mexico and that the Amended Complaint contains allegations of actions that occurred in New Mexico.  Except as so expressly admitted, paragraph 6 is legal argument for which no response is required.

7.      Answering paragraph 7, MesoSystems acknowledges the Court's November 26, 2002 Order denying MesoSystems' Motion to Transfer Venue or in the Alternative to Dismiss, but MesoSystems denies that venue is proper in the U.S. District Court for the District of New Mexico and does not waive its position that the forum selection clause in a written

2

agreement between the parties requires that this action be brought in the state or federal courts of Benton County, Washington.

8.      Answering paragraph 8, MesoSystems admits, on information and belief, that in May 2001, plaintiff Seaba was employed as Chief Engineer at R&D Americas, Inc., a subsidiary of Honda Motor Corp., and that Seaba has expertise in the area of micro-reaction technology applied to fuel cell and other chemical processing.   Except as so expressly admitted, MesoSystems lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and thus denies the same.

9.      Answering paragraph 9, MesoSystems admits, on information and belief, that in May 2001, plaintiff Phillips was employed by R&D Americas, Inc., a subsidiary of Honda Motor Corp., and that Phillips has expertise in fuel processors and processor component development.  Except as so expressly admitted, MesoSystems lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and thus denies the same.

10.     Answering paragraph 10, MesoSystems admits that Charles Call is its Chief Executive Officer, that Call and plaintiff Seaba began discussions in approximately May 2001 about Seaba joining MesoSystems and eventually assisting in the formation of a new venture, and that the ownership structure and need for funding of that new venture was part of the discussions.  Except as so expressly admitted, MesoSystems denies the allegations of paragraph 10.

11.    Answering paragraph 11, MesoSystems admits that Call discussed with plaintiff Seaba Call's successful track record in starting new ventures and the value of that experience.   Except as so expressly admitted, MesoSystems denies the allegations of paragraph 11.

12.    Answering paragraph 12, MesoSystems admits that pre-employment discussions between Call and plaintiff Seaba included references to Battelle and Pholossos, and that Call represented he would not enter into an unfair agreement with Seaba.   Except as so expressly admitted, MesoSystems denies the allegations of paragraph 12.

13.    Answering paragraph 13, MesoSystems admits that plaintiff Seaba visited Albuquerque in June 2001,  that Call stated that Albuquerque was the planned location for a new venture, and that the families of Seaba and Phillips resided in Columbus, Ohio.  Except as so expressly admitted, MesoSystems denies the remaining allegations of paragraph 13.

14.    MesoSystems denies the allegations of paragraph 14.

15.    Answering paragraph 15, MesoSystems discussed intellectual property owned by MesoSystems, and that they discussed the machining and other capabilities of MesoSystems.   Except as so expressly admitted, MesoSystems denies the allegations of paragraph 15.

16.    Answering paragraph 16, MesoSystems admits that the Board supported starting a new venture.  Except as so expressly admitted, MesoSystems denies the remaining allegations of paragraph 16.

17.   Answering paragraph 17, MesoSystems admits that because of the length of the board meeting that Seaba attended, there was not adequate time for Seaba to view MesoSystems' manufacturing capabilities on that same day. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 17.

18.   Answering paragraph 18, MesoSystems admits that it provided an unaudited income statement to plaintiff Seaba, and it indicated a net income of approximately $200,000 for the first four months of 2001. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 18.

19.   Answering paragraph 19, MesoSystems admits that Call traveled to Columbus, Ohio, in July 2001 to engage in further discussions with plaintiffs concerning employment with MesoSystems, and that starting a new venture and its potential capitalization were discussed. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 19.

20.   MesoSystems denies the allegations of paragraph 20 of the Amended Complaint.

21.   Answering paragraph 21, MesoSystems admits that Call offered and provided a mentoring role to Seaba and Phillips. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 21.

22.   Answering paragraph 22, MesoSystems admits that it provided to plaintiff Seaba a document referred to as "Offer of Employment" and states that the

document speaks for itself.  Except as so expressly admitted and stated MesoSystems denies the allegations of paragraph 22.

23.     Answering paragraph 23, MesoSystems admits that it provided to plaintiff Seaba a "Confidential Information, Inventions and Confidentiality Agreement" (the "Confidentiality Agreement") and states that the document speaks for itself.  Except as so expressly admitted and stated MesoSystems denies the allegations of paragraph 23.

24.     Answering paragraph 24, MesoSystems admits that Call expressed MesoSystems' intention to establish a new venture and that if such a new venture were established and plaintiffs became employees of such new venture, they would likely sign employment agreements with the new venture that were similar to, and would supersede, their agreements with MesoSystems. Except as so expressly admitted and stated MesoSystems denies the allegations of paragraph 23.

25.     Answering paragraph 25, MesoSystems admits that plaintiff Seaba signed the Offer of Employment letter and the Confidentiality Agreement. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 25.

26.     Answering paragraph 26, MesoSystems admits that plaintiff Phillips visited Albuquerque in August 2001 at MesoSystems' behest and that during that visit Call stated that if a new venture were launched, MesoSystems would transfer or license to that new venture any intellectual property owned by MesoSystems that was needed by the new

venture. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 26.

27. Answering paragraph 27, MesoSystems admits that plaintiff Phillips signed an Offer of Employment letter and a Confidentiality Agreement, that the documents speak for themselves, and that Call stated that if a new venture were established and plaintiffs became employees of such new venture, they would likely sign documents with the new venture that were similar to, and would supersede, their agreements with MesoSystems. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 27.

28. Answering paragraph 28, MesoSystems admits that in approximately August and/or September 2001, plaintiffs (and their respective families) moved to Albuquerque and plaintiffs began work for MesoSystems. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 28.

29. Answering paragraph 29, MesoSystems admits that Call offered to seek approval from the MesoSystems' board of directors to reimburse Seaba for a country club membership after start up capital had been raised for the new venture, that plaintiffs were requested to charge their time to Department of Defense contracts when working on those contracts, and that plaintiff Phillips was asked to perform tasks on projects managed by Anand Chellappa and/or Mike Powell. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 29.

30.     Answering paragraph 30, MesoSystems admits that plaintiff Seaba engaged in business travel in October 2001. On information and belief, MesoSystems partially reimbursed plaintiff Seaba for travel expenses in an amount to be proven at trial. Except as so expressly admitted, MesoSystems denies the remaining allegations of paragraph 30.

31.     Answering paragraph 31, MesoSystems admits that in discussions in the Fall of 2001 concerning formation of a new entity, Call presented various ideas for the proposed capitalization of the new venture to plaintiffs and that the parties never reached agreement on that capitalization. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 31.

32.     Answering paragraph 32, MesoSystems admits that in discussions in the Fall of 2001 concerning formation of a new entity, Call presented various ideas for the proposed capitalization of the new venture to plaintiffs and that the parties never reached agreement on that capitalization. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 32.

33.     Answering paragraph 33, MesoSystems does not have sufficient information to either admit or deny the allegations therein.

34.     Answering paragraph 34, MesoSystems admits that the Articles of Incorporation of MesoFuel, Inc. list Call as the only director. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 34.

35.  Answering paragraph 35, MesoSystems admits that in discussions in the Fall of 2001 concerning formation of a new entity, Call presented various ideas for the proposed capitalization of the new venture to plaintiffs and that the parties never reached agreement on that capitalization. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 35.

36.  Answering paragraph 36, MesoSystems admits that in discussions in the Fall of 2001 concerning formation of a new entity, Call presented various ideas for the proposed capitalization of the new venture to plaintiffs and that the parties never reached agreement on that capitalization. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 36.

37.  Answering paragraph 37, MesoSystems admits that plaintiff Seaba provided a proposed capitalization table for the new venture that showed 51% ownership by plaintiffs, and that a new venture was ultimately formed by plaintiffs independently of MesoSystems and named "Red Path Energy, Inc." Except as so expressly admitted, MesoSystems denies the allegations of paragraph 37.

38.  Answering paragraph 38, MesoSystems admits that Call provided to plaintiff Seaba a proposed separation agreement and a proposed term sheet concerning possible MesoSystems involvement and investment in the Red Path Energy venture and that MesoSystems and plaintiff Seaba did not reach agreement on the separation agreement or the term sheet. Except as

9

so expressly admitted, MesoSystems denies the allegations of paragraph 38.

39.     Answering paragraph 39, MesoSystems admits that it inventoried and attempted to account for equipment and material used by plaintiffs. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 39.

40.     MesoSystems denies the allegations of paragraph 40.

41.     The allegations of paragraph 41 of the Complaint are too vague and ambiguous to specifically respond to, particularly as to time frame, and accordingly are denied by MesoSystems. MesoSystems specifically denies that Seaba and Philips worked out the terms of Red Path Energy at the direction, or even the knowledge, of MesoSystems.

42.     Answering paragraph 42, MesoSystems states that Call was scheduled to meet with plaintiffs on December 6, 2001, that plaintiffs failed to appear for the agreed meeting with Call, that Call concluded that plaintiffs' failure to appear and their disappearance from the workplace in the days prior to December 6 showed that they had abandoned their jobs and constructively resigned their employment, and that Call attempted to reach plaintiffs by telephone, leaving voice mail messages confirming his understanding that Plaintiffs' employment had terminated for job abandonment and directing plaintiffs to return company property. Except as so expressly admitted and stated, MesoSystems denies the remaining allegations of paragraph 42.

43.    MesoSystems denies the allegations of paragraph 43.

44.    Answering paragraph 44, MesoSystems admits, on information and belief, that plaintiffs continued to seek funding for their Red Path venture after their MesoSystems employment terminated, and that Call responded to an inquiry from one potential investor in Red Path. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 44.

45.    Answering paragraph 45, MesoSystems incorporates by reference the preceding 44 paragraphs of this Answer.

46.    MesoSystems denies the allegations of paragraphs 46, 47, 48, 49, and 50.

47.    Answering paragraph 51, MesoSystems incorporates by reference the preceding 46 paragraphs of this Answer.

48.    MesoSystems denies the allegations of paragraphs 52, 53, 54, 55, and 56.

49.    Answering paragraph 57, MesoSystems incorporates by reference the preceding 48 paragraphs of this Answer.

50.    MesoSystems denies the allegations of paragraphs 58, 59, 60, 61, and 62.

51.    Answering paragraph 63, MesoSystems incorporates by reference the preceding 50 paragraphs of this Answer.

52.    MesoSystems denies the allegations of paragraphs 64, 65, and 66.

53.    Answering paragraph 67, MesoSystems incorporates by reference the preceding 52 paragraphs of this Answer.

54.    MesoSystems denies the allegations of paragraphs 68, 69, 70, 71, and 72.

55.    Answering paragraph 73, MesoSystems incorporates by reference the preceding 54 paragraphs of this Answer.

56.     MesoSystems denies the allegations of paragraphs 74, 75, 76, 77, and 78.

57.     Answering paragraph 79, MesoSystems incorporates by reference the preceding 56 paragraphs of this Answer.

58.     MesoSystems denies the allegations of paragraphs 80, 81, 82, and 83.

59.     Answering paragraph 84, MesoSystems incorporates by reference the preceding 58 paragraphs of this Answer.

60.     MesoSystems denies the allegations of paragraph 84, 85, 86, 87, 88, 89, and 90.

61.     Answering paragraph 91, MesoSystems incorporates by reference the preceding 60 paragraphs of this Answer.

62.     MesoSystems denies the allegations of paragraphs 92, 93, and 94.

63.     Answering paragraph 95, MesoSystems incorporates by reference the preceding 62 paragraphs of this Answer.

64.     MesoSystems denies the allegations of paragraphs 96, 97, 98, 99, and 100.

65.     Answering paragraph 101, MesoSystems incorporates by reference the preceding 64 paragraphs of this Answer.

66.     MesoSystems admits the allegations of paragraphs 102 and 103.

67.     Paragraphs 104, 105, and 106 are legal argument that cannot be admitted or denied.

68.     Answering paragraph 107, MesoSystems admits that plaintiffs' job abandonment became apparent to MesoSystems on December 6, 2001, and that MesoSystems communicated with plaintiffs concerning the

termination of their employment on that date. Except as so expressly admitted, MesoSystems denies the allegations of paragraph 107.

69.    Answering paragraph 108, MesoSystems admits that its attorney sent a letter to plaintiffs' counsel on January 18, 2002, concerning COBRA notification and states that the letter speaks for itself. Except as so expressly admitted and stated, MesoSystems denies the allegations of paragraph 108.

70.    Answering paragraph 109, MesoSystems admits that its attorney sent a letter to plaintiffs' counsel on January 24, 2002, concerning health and dental coverage and avers that the letter speaks for itself. Except as so expressly admitted and stated, MesoSystems denies the allegations of paragraph 109.

71.    MesoSystems denies the allegations of paragraphs 110, 111, and 112.

72.    Answering paragraph 113, MesoSystems incorporates by reference the preceding 71 paragraphs of this Answer.

73.    MesoSystems denies the allegations of paragraphs 114, 115, and 116.

74.    Answering paragraph 117, MesoSystems incorporates by reference the preceding 73 paragraphs of this Answer.

75.    MesoSystems denies the allegations of paragraphs 118, 119, and 120.

76.    Answering the prayer for relief, MesoSystems denies each element of the prayer for relief, including subpart (a) through (n), and denies that plaintiffs are entitled to any relief or remedy whatsoever. MesoSystems

13

specifically states that punitive damages are not available under applicable law.

## DEFENSES AND AFFIRMATIVE DEFENSES

A.  Plaintiffs have failed to state a claim upon which relief can be granted.

B.  Plaintiffs' claims are barred in whole or in part by estoppel and/or waiver.

C.  Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

D.  Plaintiffs' claims are barred in whole or in part by their breach of contract.

E.  Plaintiffs' claims are barred in whole or in part by their job abandonment and/or constructive resignation.

F.  Plaintiffs' claims are barred in whole or in part by payment.

G.  Plaintiffs' claims are barred in whole or in part by the parole evidence rule.

H.  Plaintiffs' claims are barred in whole or in part by a failure of a condition precedent excusing nonperformance by MesoSystems.

I.  Plaintiffs have failed to mitigate their damages, if any.

J.  To the extent that Plaintiffs may have suffered any harm, which MesoSystems denies, it was directly and proximately caused by acts and omissions of Plaintiffs or third parties not related to MesoSystems.

Having fully answered the Complaint, MesoSystems requests that the Court enter judgment in its favor: dismissing the Complaint; awarding MesoSystems its taxable fees and costs; awarding MesoSystems its reasonable expenses, including attorneys' fees; and awarding such further relief as the Court deems just and proper.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, MesoSystems pleads the following counterclaims against plaintiffs:

1.      Seaba entered into an employment relationship with MesoSystems on or about September 1, 2001.  Seaba and MesoSystems entered into two written agreements that together governed the employment relationship between the parties:  the Confidential Information, Inventions and Noncompetition Agreement ("Confidentiality Agreement"), and the Offer of Employment with MesoSystems Technology, Inc. ("Offer Letter").  As provided in these agreements, Seaba assumed the position of Executive Vice President, Energy Systems.

2.      Phillips entered into an employment relationship with MesoSystems on or about September 1, 2001.  Phillips and MesoSystems entered into two written agreements that governed the employment relationship:  the Confidential Information, Inventions and Noncompetition Agreement ("Confidentiality Agreement"), and the Offer of Employment with MesoSystems Technology, Inc. ("Offer Letter").  As provided in these agreements, Phillips assumed the position of Senior Research Engineer.

3.      During the Fall of 2001, MesoSystems engaged in good faith negotiations with Seaba and Phillips over their potential ownership interest in, and other terms of, a business venture MesoSystems had planned to spin off prior to any negotiations with Plaintiffs.  As of the late November - early December time period, the parties had not reached an agreement on the

terms of Seaba and Phillips' involvement in MesoSystems' spin off company.

4.      Starting in late November or early December 2001, Seaba and Phillips stopped coming to work on a regular basis at MesoSystems, stopped fulfilling their employment obligations to MesoSystems and commenced their efforts to form their own company to operate in direct competition with MesoSystems and its to-be-formed spin off company.

5.      As part of his job at MesoSystems, and while receiving salary and benefit payments from MesoSystems, Seaba prepared reports and other deliverables which he never turned over to MesoSystems.  Specifically, Seaba worked on a large engineering study which addressed very critical issues for MesoSystems.  Seaba showed a copy of a work product report to Call, but failed to provide any documents or information to MesoSystems.

6.      Unbeknownst to MesoSystems at the time, on December 3, 2001, Seaba and Phillips formed a New Mexico corporation named Red Path Energy, Inc. ("Red Path").  The articles of incorporation reflect that Seaba and Phillips are the only directors of Red Path and that Red Path was formed for the purpose of engaging in research and development of micro reaction technology and other technologies, new products pertaining thereto, and new product applications all in direct competition with MesoSystems and the projected business of MesoSystems' spin off company.

7.      In late November and early December 2001, MesoSystems' Chief Executive Officer Charles Call received reports that Seaba and Phillips

16

had stopped coming to work and/or did not appear to be devoting their full time and attention to MesoSystems' business. At that time, Call was also concerned that discussions with Seaba and Phillips concerning their involvement with MesoSystems' spin off company were not progressing. In light of the situation, Call traveled to Albuquerque, New Mexico, to meet with Seaba and Phillips on December 6, 2001.

8.  MesoSystems notified Seaba and Phillips that Call wanted to meet with them on December 6, 2001, that Call was travelling to meet with them on that date, and Seaba and Phillips agreed to attend. Seaba and Phillips, however, never appeared for the meeting with Call. Call attempted to locate Seaba and Phillips via telephone several times, but was unable to reach either of them. Eventually, Call left telephone messages for Seaba and for Phillips informing each that, in light of their actions, MesoSystems considered that the employment relationship had terminated.

9.  Under the Offer Letters, Seaba's and Phillips' employment was at-will and could be terminated at any time upon 14 days' notice by them or MesoSystems. Seaba's and Phillips's failure to attend the December 6, 2001 meeting with Call, despite previously agreeing to do so, their failure to return Call's telephone calls, and their failure to appear regularly and on a full time basis at the workplace demonstrated that Seaba and Phillips had abandoned their jobs and/or constructively resigned their employment, and MesoSystems accordingly terminated their employment on December 6, 2001, effective on December 20, 2001, pursuant to the Offer Letters.

MesoSystems paid Seaba and Phillips their respective salaries through December 20, 2001, plus two weeks severance pay.

10. On December 7, 2001, MesoSystems received a letter from an attorney representing Seaba and Phillips. The letter proposed a plan for the termination of the employment relationship between MesoSystems and Seaba and Phillips.

11. MesoSystems incorporated its spin off company in New Mexico as MesoFuel, Inc., on December 27, 2001. MesoFuel is a subsidiary of MesoSystems.

12. Seaba and Phillips contacted Jarrett Carson seeking funding for Red Path. Carson is associated with RBC Dain Rauscher, Inc., an entity that has been in an ongoing relationship with MesoSystems to provide funding to MesoFuel.

13. Red Path engages or engaged in business activities in competition with MesoSystems and its subsidiary, MesoFuel.

**COUNT I**
**CONVERSION**

14. MesoSystems realleges paragraphs 1-13 of this Counterclaim.

15. In early December 2001, Seaba removed from MesoSystems' premises, without MesoSystems' authorization and for his own use, computer equipment, computer software, computer accessories, office supplies, a cellular telephone and accessories, several laboratory supply items being used in ongoing laboratory research, tests and experiments, laboratory notebooks and other multiple documents data, materials, proprietary

information, documents and electronic files containing MesoSystems' intellectual property rights owned by, and rightfully in MesoSystems' possession.

16. In early December 2001, Phillips removed from MesoSystems' premises, without MesoSystems' authorization and for his own use, computer equipment, computer software, computer accessories, office supplies, a cellular telephone and accessories, several laboratory supply items being used in ongoing laboratory research, tests and experiments, laboratory notebooks and other multiple documents data, materials, proprietary information, documents and electronic files containing MesoSystems' intellectual property rights owned by, and rightfully in MesoSystems' possession (the property and property rights converted by Plaintiffs shall be referred to herein as the "Property").

17. The Property has significant commercial value to MesoSystems.

18. Seaba and Phillips converted MesoSystems' Property without lawful justification and have deprived MesoSystems of use and possession of the Property.

19. After repeated demands, and over two months after they abandoned their jobs at MesoSystems, Plaintiffs returned to MesoSystems some of MesoSystems' Property. On information and belief, Plaintiffs reproduced and/or retained possession of multiple items of Property.

20. Seaba's and Phillips' conversion of the Property was willful and has caused MesoSystems damages in an amount equal to the value of the Property

and other consequential loss, including but not limited to loss of use of the Property and loss of trade secrets to at least one competitor.

## COUNT II
## BREACH OF CONTRACT

21.    MesoSystems realleges paragraphs 1-20 of this Counterclaim.

22.    The Offer Letters were an integral part of Seaba's and Phillips' employment agreement with MesoSystems and contained contractually binding terms and conditions of that employment relationship.

23.    The Offer Letters are enforceable and binding contracts between Seaba and Phillips, on the one hand, and MesoSystems on the other hand.

24.    MesoSystems complied with any and all its obligations and responsibilities under the Offer Letters.

25.    Seaba and Phillips breached the terms of the Offer Letters in that they:

    a.    Abandoned their job site and constructively terminated their employment relationship with MesoSystems without providing any notice to MesoSystems;

    b.    Failed to devote their full time and attention to the business of MesoSystems to the exclusion and detriment of their obligations and responsibilities to MesoSystems under the Offer Letter;

    c.    Failed to return to MesoSystems documents, information, data and other work product created and/or developed during their job at MesoSystems which rightfully belong to MesoSystems;

    d.    Committed acts and omissions constituting dishonesty and/or fraud in connection with their duties at MesoSystems;

e.   Materially aided a competitor of MesoSystems;

f.   Attempted to divert and misappropriate business opportunities of MesoSystems; and

g.   Committed gross misconduct by abandoning their positions.

26.   Under the terms of the Offer Letters, MesoSystems provided $50,000.00 to Seaba and $11,000.00 to Phillips for expenses related to their relocation to Albuquerque, New Mexico.  Seaba's Offer Letter provided that if he initiated a termination of his employment within one (1) year of his start date or if MesoSystems terminated the employment for "just cause," he would reimburse MesoSystems for the relocation expenses paid.  Phillips' Offer Letter provided that if he initiated a termination of his employment within one (1) year of his start date, he would reimburse MesoSystems for the relocation expenses paid.  Plaintiffs breached the Offer Letter by failing and refusing to reimburse MesoSystems for the relocation expenses paid.

27.   Plaintiffs' breaches of the Offer Letter have caused and continue to cause harm to MesoSystems.

28.   Seaba and Phillips' breach of their duties and obligations under the Offer Letter was malicious, willful and reckless.

## COUNT III
## FRAUD AND MISREPRESENTATION

29.   MesoSystems realleges paragraphs 1-28 of this Counterclaim.

30.   Plaintiffs knowingly made false and misleading statements of fact which induced MesoSystems to employ Plaintiffs, to continue Plaintiffs'

employment with MesoSystems and to negotiate in good faith Plaintiffs'
involvement and role in MesoSystems' spin off company.  Plaintiffs' false
and misleading statements of fact included, but are not limited to,
Plaintiffs' representations that they were negotiating with MesoSystems in
good faith, that they intended to be principals or management members of
MesoSystems' spin off company and that any proprietary rights created in
relation to their involvement with MesoSystems would belong to
MesoSystems' spin off company.  While Plaintiffs were making those
statements to MesoSystems, they were in the process of forming and
seeking funding for an entity to compete with MesoSystems  and its to-be-
formed spin off company.

31.    Plaintiffs' misrepresentations were intended to deceive and actually
deceived MesoSystems.

32.    As a direct and proximate result of Plaintiffs' willful, wanton, malicious,
and reckless misrepresentations, MesoSystems suffered harm including,
but not limited to, loss of business opportunities and loss and impairment
in MesoSystems' rights to enjoy the benefits of the Property.

## COUNT IV
## UNJUST ENRICHMENT

33.    MesoSystems realleges paragraphs 1-32 of this Counterclaim.

34.    Plaintiffs have received the benefits of the possession of the Property.

35.    As a direct and proximate consequence of Plaintiffs' enjoyment of benefits
conferred by MesoSystems as set forth above, MesoSystems suffered
harm including, but not limited to, loss of business opportunities and loss

and impairment in MesoSystems' rights to enjoy the benefits of the Property.

## COUNT V
## CIVIL CONSPIRACY

36.    MesoSystems realleges paragraphs 1-35 of this Counterclaim.

37.    Plaintiffs intentionally and without just cause conspired to bring about MesoSystems' loss of business opportunities and loss and impairment in MesoSystems' rights to enjoy the benefits of the Property.

38.    In furtherance of the conspiracy, plaintiffs engaged in improper and "back room" deals and communications among themselves and with third parties during their employment at MesoSystems which resulted in harm to MesoSystems.

39.    Plaintiffs conspired to retain possession of MesoSystems' documents, information, data and other work product created and/or developed during their job at MesoSystems which rightfully belong to MesoSystems.

40.    Plaintiffs conspired to aid a competitor of MesoSystems and intended to harm MesoSystems by forming Red Path in direct competition with MesoSystems.

41.    Plaintiffs committed these acts without legitimate cause or justification, and were motivated solely by their intent to injure MesoSystems.

42.    As a result, MesoSystems has suffered damages in an amount to be proven at trial.

**WHEREFORE**, MesoSystems demands judgment against Seaba and Phillips as follows:

1.      For damages in an amount to be determined at trial;

2.      For preliminary and permanent injunctive relief enjoining Plaintiffs from further enjoyment of the Property and of MesoSystems' work product and ordering their return to MesoSystems,

3.      For costs of suit and reasonable attorneys' fees; and

4.      For such additional and further relief as the Court deems just and proper.


DATED:  December 16, 2002.


                                    **BAUMAN, DOW & McINTOSH, P.C.**


                                    By_____
                                            Alberto A. León
                                    Attorneys for Defendant
                                    PO Box 30684
                                    Albuquerque, New Mexico 87190
                                    (505) 883-3191-telephone
                                    (505) 883-3194-facsimile


                                    **PERKINS COIE, LLP**
                                    Paul E. Smith
                                    Attorneys for Defendant
                                    One Bellevue Center
                                    Suite 1800, 411
                                    108th Avenue NE
                                    Bellevue, Washington 98004-5584
                                    (425) 453-7317-telephone
                                    (425) 453-7350-facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Answer to First Amended Complaint and Counterclaim was mailed via U.S. Mail to the following, on this 16th day of December, 2002.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
Attorneys for Plaintiffs
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800

_____
Alberto A. Leon