IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

        Plaintiffs,

v.                                  Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

        Defendant.

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiffs/Counterdefendants (hereinafter "Plaintiffs") answer the Counterclaims filed by Defendant, MesoSystems Technology, Inc. ("MesoSystems"), as follows:

### FIRST DEFENSE

1. In response to paragraph 1 of the Counterclaims, Plaintiff James Seaba admits that he entered into an employment relationship with MesoSystems as its executive vice president, Energy Systems. The employment relationship is set forth, in part, in the Offer of Employment that was sent by MesoSystems to Plaintiff James Seaba on or about August 2, 2001. Plaintiff James Seaba further admits that upon Charles Call's insistence, he signed a Confidential Information, Inventions and Noncompetition Agreement (the "Non-Compete Agreement") with MesoSystems, and further states that at the time he signed the Non-Compete Agreement, MesoSystems, by and through Charles Call, represented to him that it would be of a short duration and would cease to be effective just as soon as Dr. Seaba set up the company in which he was to be a

principal owner and officer. Plaintiffs deny the remaining allegations of paragraph 1 of the Counterclaims.

2. In response to paragraph 2 of the Counterclaims, Plaintiff Cory Phillips admits that he entered into an employment relationship with MesoSystems as a Senior Research Engineer, reporting to James Seaba. The employment relationship is set forth, in part, in the Offer of Employment that was sent by MesoSystems to Plaintiff Cory Phillips on or about August 23, 2001. Plaintiff Cory Phillips further admits that upon Charles Call's insistence, he signed a Confidential Information, Inventions and Noncompetition Agreement (the "Non-Compete Agreement") with MesoSystems, and further states that at the time he signed the Non-Compete Agreement, MesoSystems, by and through Charles Call, represented to him that it would be of a short duration and would cease to be effective just as soon as Dr. Seaba and Dr. Phillips had set up the company in which Dr. Phillips was to be a principal owner and officer. Plaintiffs deny the remaining allegations of paragraph 2 of the Counterclaims.

3. In response to paragraph 3 of the Counterclaims, Plaintiffs admit that there were negotiations between themselves and MesoSystems over the creation of a separate company in which Dr. Seaba and Dr. Phillips were to be principal owners and officers. Defendants deny that MesoSystems participated in these negotiations in good faith. Defendants further state that they only reason they left their secure employment with the previous employer, Honda R&D Americas, Inc., was because of the false promises made by Charles Call and MesoSystems that they would assist Plaintiffs in realizing their dream of starting and owning their own company. Plaintiffs admit that as of early December 2001 the negotiations had not been finalized, but that they were in the process

2

of having MesoSystems' latest proposal reviewed by counsel, when MesoSystems wrongfully discharged them. Except as expressly admitted herein, Plaintiffs deny the allegations of paragraph 3 of the Counterclaims.

    4.    Plaintiffs deny the allegations of paragraphs 4 and 5 of the Counterclaims.

    5.    In response to paragraph 6 of the Counterclaims, Plaintiffs admit that they formed Red Path Energy, Inc. on December 3, 2001, and did so consistent with their discussions with MesoSystems regarding the creation of a separate company in which Plaintiffs were to be principal owners and officers. The articles of incorporation referenced in paragraph 6 are the best evidence of their own content, and Plaintiffs deny any allegations, construction, or inferences set forth in paragraph 6 that are contrary to the document. Plaintiffs deny the remaining allegations of paragraph 6 of the Counterclaims.

    6.    In response to paragraph 7 of the Counterclaims, Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what reports or information MesoSystems' Chief Executive Officer Charles Call may have received, and therefore deny the same. Plaintiffs deny that they stopped coming to work and further deny that they were not devoting their full time and attention to MesoSystems' business at any time prior to MesoSystems wrongfully terminating their employment. Plaintiffs deny the remaining allegations of paragraph 7 of the Counterclaims.

    7.    In response to paragraph 8 of the Counterclaims, Plaintiffs admit that Charles Call left separate telephone messages for them telling them that they had been fired. Plaintiffs state that this discharge was wrongful, unlawful, and without

justification.  Plaintiffs deny the remaining allegations of paragraph 8 of the Counterclaims.

8. In response to paragraph 9 of the Counterclaims, Plaintiffs state that the Offer Letters referenced therein are the best evidence of their own content. Plaintiffs deny any allegations, construction, or inferences set forth in paragraph 9 that are contrary to these documents. Plaintiffs deny the remaining allegations of paragraph 9 of the Counterclaims.

9. In response to paragraph 10 of the Counterclaims, Plaintiffs admit that their attorney sent MesoSystems a letter dated December 7, 2001. The December 7, 2001, letter is the best evidence of its own content, and Plaintiffs deny any allegations, construction, or inferences set forth in paragraph 10 that are contrary to the letter.

10. In response to paragraph 11 of the Counterclaims, Plaintiffs admit that MesoFuel was incorporated on December 27, 2001. Plaintiffs deny that MesoFuel was the "spin-off" company that was the subject of negotiations between Plaintiffs and MesoSystems and further deny that MesoFuel was the company that Charles Call and MesoSystems promised Plaintiffs that they would start and in which they were to be principal owners and officers. Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 11 of the Counterclaims and therefore deny the same.

11. In response to paragraph 12 of the Counterclaims, Plaintiffs admit that Plaintiff James Seaba sought funding for Red Path, Inc. from Jarrett Carson of RBC Dain Rauscher, Inc.  Plaintiffs further state that Plaintiff James Seaba had established a relationship with Mr. Carson prior to his employment with MesoSystems. Plaintiffs lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore, deny the same.

12. Plaintiffs deny paragraph 13 of the Counterclaims.

13. In response to paragraph 14 of the Counterclaims, Plaintiffs incorporate by reference their answers to paragraphs 1 to 13 of the Counterclaims, as though fully set forth herein.

14. Plaintiffs deny paragraphs 15, 16, 17, and 18 of the Counterclaims.

15. In response to paragraph 19 of the Counterclaims, Plaintiffs admit that they returned all MesoSystems' property that was in their possession and which they had been using with MesoSystems' permission and on behalf of MesoSystems' business at the time that Plaintiffs were wrongfully terminated. Plaintiffs further state that other than the property described herein, they had and do not have any other MesoSystems' property in their possession. Except as expressly admitted herein, Plaintiffs deny the allegations of paragraph 19 of the Counterclaims.

16. Plaintiffs deny paragraph 20 of the Counterclaims.

17. In response to paragraph 21 of the Counterclaims, Plaintiffs incorporate by reference their answers to paragraphs 1 to 20 of the Counterclaims, as though fully set forth herein.

18. In response to paragraph 22 of the Counterclaims, Plaintiffs admit that the Offer Letters, together with the oral promises and representations of Charles Call and MesoSystems, comprise a part of their employment agreement with MesoSystems. Plaintiffs further admit that the terms of the Offer Letters and the oral promises and

representations of Charles Call and MesoSystems are contractually binding. Plaintiffs deny the remaining allegations of paragraph 22 of the Counterclaims.

19. Plaintiffs admit paragraph 23 of the Counterclaims, but state that MesoSystems is not entitled to the enforcement of the terms of the Offer Letters because of their prior material breach of their written and oral promises to Plaintiffs.

20. Plaintiffs deny paragraphs 24 and 25 (including all sub-paragraphs) of the Counterclaims.

21. In response to paragraph 26 of the Counterclaims, Plaintiffs admit that MesoSystems provided approximately $40,000 to Plaintiff James Seaba and $11,000 to Plaintiff Cory Phillips for expenses related to Plaintiffs relocation to Albuquerque, New Mexico. Plaintiffs deny that this compensation represented all that they were entitled to for such expenses, and further deny the remaining allegations of paragraph 26 of the Counterclaims.

22. Plaintiffs deny paragraphs 27 and 28 of the Counterclaims.

23. In response to paragraph 29 of the Counterclaims, Plaintiffs incorporate by reference their answers to paragraphs 1 to 28 of the Counterclaims, as though fully set forth herein.

24. Plaintiffs deny paragraphs 30, 31 and 32 of the Counterclaims.

25. In response to paragraph 33 of the Counterclaims, Plaintiffs incorporate by reference their answers to paragraphs 1 to 32 of the Counterclaims, as though fully set forth herein.

26. Plaintiffs deny paragraphs 34 and 35 of the Counterclaims.

27. In response to paragraph 36 of the Counterclaims, Plaintiffs incorporate by reference their answers to paragraphs 1 to 35 of the Counterclaims, as though fully set forth herein.

28. Plaintiffs deny paragraphs 37, 38, 39, 40, 41, and 42 of the Counterclaims.

29. Plaintiffs deny that MesoSystems is entitled to any of the relief demanded in the prayer for relief.

30. Plaintiffs deny each and every allegation of the Counterclaims not expressly admitted herein.

## SECOND DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that the Counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' request for punitive damages is unconstitutional or is unconstitutional as applied to this case so that such claims should be dismissed with prejudice or judgment entered in favor of Plaintiffs.

## FOURTH DEFENSE

As a further, separate, and alternative defense, Plaintiffs states that the sole proximate cause or contributing proximate cause of the MesoSystems' alleged injuries was MesoSystems' own conduct and/or the conduct of persons other than Plaintiffs.

## FIFTH DEFENSE

As a further, separate and alternative defense, Plaintiffs state that if MesoSystems has suffered any damage as a result of any actions by Plaintiffs, which is specifically denied, MesoSystems has failed to mitigate its damages.

## SIXTH DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' claims may be barred by the doctrines of waiver or estoppel.

## SEVENTH DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' claim for a declaratory judgment or other equitable relief is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems was in material and substantial breach of its respective agreements with Plaintiffs prior to any alleged breach by Plaintiffs, which alleged breach Plaintiffs specifically deny, such that Plaintiffs were relieved of any further obligation of performance under the terms of the respective agreements.

## NINTH DEFENSE

As a further, separate, and alternative defense, Plaintiffs state that any amounts that MesoSystems may be entitled to, which Plaintiffs assert are none, must be reduced by credit, offset, or otherwise, by amounts that MesoSystems has unlawfully retained from, or failed to provide to, Plaintiffs.

**TENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' Counterclaims, or a portion thereof, may be barred for failure of consideration.

**ELEVENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' Counterclaims for Fraud and Misrepresentation should be dismissed for failure to plead these claims with the particularity required under Fed.R.Civ.P. 9.

**TWELFTH DEFENSE**

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' Counterclaim for breach of contract is barred by MesoSystems' own fraud and misrepresentations with respect to the formation of the contract, as set forth in Plaintiffs' First Amended Complaint.

**THIRTEENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiffs state that MesoSystems' lacks standing to bring all or a portion of their Counterclaims.

WHEREFORE, the Counterclaims should be dismissed with prejudice or judgment entered on behalf of Plaintiffs, together with costs, attorneys' fees, and such other relief as the Court deems just and proper.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Lisa Mann
Angelo J. Artuso
Attorneys for Plaintiffs/Counterdefendants
Post Office Box 2168
Albuquerque, New Mexico  87103-2168
Telephone: (505) 848-1800

WE HEREBY CERTIFY that a true
and correct copy of the foregoing Answer
was mailed to all counsel of record
this 28th day of January, 2003.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Angelo J. Artuso

0276344