UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED



03 APR -2 PM 3: 55

| | |
|---|---|
| JAMES SEABA and CORY PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>MESOSYSTEMS TECHNOLOGY, INC.,<br><br>Defendant. | NO. CIV-02-0103 DJS/WWD |

## DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER ON ATTORNEY-CLIENT PRIVILEGE FOR PROTECTIVE ORDER, FOR ORDER TO STRIKE AND FOR EXPEDITED BRIEFING

Defendant MesoSystems Technology, Inc. ("MesoSystems") by and through its attorneys and pursuant to F.R.C.P. Rule 26(c) and N.M.R.A. 1986, Rule 11-503, respectfully requests the Court reconsider Judge Schneider's telephonic ruling on April 1, 2003 regarding discovery of attorney-client communications on the basis of the doctrine of joint client common interest privilege. MesoSystems requests that the Court enter a protective order prohibiting the plaintiffs from discovering such communications. Finally, MesoSystems requests that the relevant portions of the deposition of Ned Godshall be stricken from the deposition transcript.

### FACTUAL BACKGROUND

At the deposition of Ned A. Godshall, CEO of MesoFuel, Inc., a non-party majority-owned subsidiary of MesoSystems, the attorney for the plaintiffs attempted to elicit testimony regarding a meeting with MesoFuel's attorneys. The attorney for MesoSystems, who also represents MesoFuel, objected on the basis that the



communications are subject to the attorney-client privilege. Judge Schneider was contacted by telephone and after hearing the objection ruled that because the meeting was not only attended by Dr. Godshall, but also by Charles Call, an officer and director of MesoSystems, which is also represented by MesoFuel's attorneys, no lawyer-client privilege exists merely because the two corporations are jointly represented by the same attorney. Plaintiffs' attorney then proceeded to question Dr. Godshall regarding the nature, content and the substance of the communications he had with MesoFuel's attorney. This hastily rendered ruling by the Judge Schneider is not supported by law or the facts and must be immediately reversed to prevent the closely guarded lawyer-client privilege from being further eroded in the deposition of Charles Call, which is scheduled for this Friday, April 4, 2003 . In addition, those portions of Dr. Godshall's deposition that disclose privileged communications must be stricken from the record.

MesoFuel and MesoSystems are two separate yet related entities. MesoFuel is a New Mexico corporation with its principal place of business in Albuquerque. MesoFuel is a majority-owned subsidiary of MesoSystems, a Washington corporation based in Kennewick, Washington. The management and operation of MesoFuel is controlled by MesoSystems, and the legal interests of MesoFuel and MesoSystems in this matter are identical. The plaintiffs in this case claim that they were hired by MesoSystems to jointly set up MesoFuel. The fact that MesoFuel is referred to in over half (26 out of 44) of the factual allegations in the plaintiffs' complaint, and referred to by name in at least four (4) places in the complaint conclusively establishes the two company's commonality of interest in communications that take place with their attorney regarding

this action. *See* Amended Complaint, ¶¶ 10, 11,12, 15, 16, 17,18, 19, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 41.

## ARGUMENT

Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases. New Mexico law thus controls this issue. Frontier Ref., Inc. v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998). NMRA 1986, Rule 11-503 is the New Mexico Rule of Evidence that protects the lawyer-client privilege. The privilege may be waived by voluntary disclosure to a third person by the privilege holder. Public Serv. Co. of N.M. v. Lyons, 2000-NMCA-077, 129 N.M. 487, 10 P.3d 166. Thus, the presence of a third person during a conference with a client and an attorney "ordinarily destroys the confidentiality required to assert the attorney-client privilege." D.A.S. v. People, 863 P.2d 291, 295 (Colo. 1993).

There is no such waiver, however, when, as in the instant case, two or more individuals or entities consult an attorney for the purpose of a joint defense or common interest. See, e.g., Gordon v. Boyles, 9 P.3d 1106, 2000 Colo. LEXIS 1038 (Colo. 2000); see also Metro Wastewater Reclamation Dist. v. Cont'l Cas., 142 F.R.D. 476 (D. Colo. 1992) (communications shared with an attorney in the presence of third persons "who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship"); NL Indus., Inc. v. Commercial Union Ins. Co., 144 F.R.D. 225, 230-31 (D.N.J. 1992) ("The chief instance occurs when the *same attorney acts for two parties* having a common interest, and each party communicates with him. Here the communications are clearly privileged from disclosure at the instance of a third person.

3

Yet they are not privileged in a controversy between the two original parties, inasmuch as the common interest and employment forbade concealment by either from the other.") (quoting 8 Wigmore, Evidence § 2312 (1992)); Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1174 (D.S.C. 1974) (same). Under this doctrine, a commonality of interest exists where different persons or entities "have an identical legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice." Duplan Corp., 397 F. Supp. at 1172.

Here, MesoSystems has retained attorneys to defend it in this lawsuit. MesoFuel has an attorney-client relationship with the same attorneys and has a common interest with MesoSystems in the outcome of this litigation. When top officers of MesoFuel and MesoSystems meet--at the same time--with the attorney who represents each of those respective corporations and communicate with that attorney for the purpose of obtaining legal advice relating to the corporations' common interest in this litigation, such communications are undoubtedly protected by attorney-client privilege.

Although there is no case on point, New Mexico implicitly recognizes the common interest aspect of the attorney-client privilege. NMRA 1986, Rule 11-503(D)(5) provides that the only exception to privileged communications between an attorney and jointly represented clients with a common interest, is in an action by and between the joint clients, to wit:

> As to a communication relevant to a matter of common interest between two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, **when offered in an action between any of the clients**. (Italics added.)

NMRA 1986, Rule 11-503(D)(5). This lawsuit is not between MesoSystems and MesoFuel. Therefore, the common interest privilege applies. See, e.g. Fed. Dep. Ins.

4

Corp. v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000) ("when a lawyer represents multiple clients having a common interest, communications between the lawyer and any one (or more) of the clients are privileged as to outsiders but not *inter sese*"); Simpson v. Motorists Mut. Ins. Co., 494 F.2d 850, 855 (7th Cir. 1974) ("The law of Ohio recognizes that where the same attorney represents two parties having a common interest, and each party communicates with the attorney, the communications are privileged from disclosure at the instance of a third person. Those communications are not privileged, however, in a subsequent controversy between the two original parties.") The common interest aspect of the attorney-client privilege applies regardless of whether there is any ownership relationship between the two (or more) entities asserting the privilege. However, the case for asserting the privilege is all the more stronger when, as here, there is an ownership relationship between the entities. In particular, there is no waiver of attorney-client privilege when parent corporations and their subsidiaries communicate with each other. Cary Oil Co., Inc. v. MG Ref., Inc., 2000 U.S. Dist. Lexis 17587 (S.D.N.Y. 2000) (citing Music Sales Corp. and Tempo Music Corp. v. Morris, 1999 U.S. Dist. LEXIS 16433, 1999 WL 974025 (S.D.N.Y. 1999)); Duplan Corp., 397 F. Supp. at 1185 ("If a corporation with a legal interest in an attorney-client communication relays it to another related corporation, the attorney-client privilege is not thereby waived.").

Moreover, the third party corporation need not be a party to any anticipated or pending litigation if it shares a common interest with the party to the lawsuit with respect to the subject matter of the communication between the client and the attorney. Duplan Corp., 397 F. Supp. at 1172 (common interest doctrine applies even

5

though the "third parties . . . claiming a community of interest may be distinct legal entities from the client receiving the legal advice and may be a non-party to any anticipated or pending litigation"). In United States v. American Telephone & Telegraph, 86 F.D.R. 603, 616 (D.D.C. 1986), the Court's Pretrial Order in the AT&T antitrust litigation provided that "[f]or purposes of the attorney-client privilege, the 'client' is...the named defendants...the wholly owned subsidiaries and majority-owned subsidiaries...The privilege also applies when an attorney provides legal advice or assistance jointly to AT&T considered collectively and to another corporation if the advice or assistance is on a basis that is confidential among the clients and relates to a matter in which the clients have a substantial identity or legal interest." The Court cited to Duplan Corp., 397 F.Supp 1146, in which the Court found a sufficient community of interest between a patent owner, a French corporation doing business in the United States, and some of its "associates" subsidiaries or sales, manufacturing, and use licensees of the patent, both parties and non-parties so that the attorney-client privilege applies to communications made to or received by them. Consequently, communications between common interest parent-subsidiary, MesoFuel, MesoSytems and their joint attorneys are protected by the attorney-client privilege and are subject to no exception under NMRA Rule 11-503.

WHEREFORE, MesoSystems respectfully prays the Court reconsider its order and in its place issue a protective order prohibiting the Plaintiffs from inquiring into communications between MesoSystems, MesoFuel and their attorneys. Further, MesoSystems respectfully prays the Court to order the relevant portions of the deposition of Ned Godshall be stricken from the transcript of the deposition. Because of

the on-going nature of the discovery at issue, because of the sensitive nature of the privilege invoked, MesoSystems also requests the Court stay all discovery into MesoSystems and MesoFuel communications pending its ruling on this issue and that it order expedited briefing of the issue.

DATED: April 2, 2003.

          Respectfully submitted,

          **BAUMAN, DOW, McINTOSH & LEÓN, P.C.**

By _____
          Christopher P. Bauman
          Attorneys for Defendant
          PO Box 30684
          Albuquerque, New Mexico 87190

          **PERKINS COIE, LLP**

By _____
          Paul E. Smith
          One Bellevue Center, Suite 1800
          411 108th Avenue NE
          Bellevue, Washington 98004-5584
          (425) 453-7317-telephone

I HEREBY CERTIFY that the foregoing Motion for Reconsideration of Order on Attorney/Client Privilege for Protective Order, For Stay, For Order to Strike and for Expedited Briefing was faxed and mailed to counsel of record on April 2, 2003.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
PO Box 2168
Albuquerque, NM 87103-2168

_____
Christopher P. Bauman

7