UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED

03 APR 14 PM 3:58

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

NO. CIV-02-0103 DJS/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

## DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

Defendant MesoSystems Technology, Inc. ("MesoSystems") by and through its attorneys and pursuant to F.R.C.P. Rule 72(a), and N.M.R.A. Rule 11-503, respectfully requests that the Court reverse and set aside Magistrate Judge Scott's Order Denying Defendant's Emergency Motion for Reconsideration of Order on Attorney Client Privilege For Protective Order, For Order to Strike and For Expedited Briefing (the "Order"), a copy of which is attached as Exhibit A.

### FACTUAL BACKGROUND

1. MesoSystems, defendant in this action, is a Washington corporation with its principal place of business located in Kennewick, Washington. MesoSystems is authorized to do business in New Mexico and has offices located in Albuquerque, New Mexico.

2. MesoFuel, Inc. ("MesoFuel") is a New Mexico corporation with its principal place on business in Albuquerque, New Mexico. MesoFuel is a subsidiary of

MesoSystems, which owns a majority (66.67%) of the outstanding shares of MesoFuel and controls the management and operation of MesoFuel.

3. The local attorneys representing MesoSystems in this action are also the attorneys for MesoFuel.

4. The plaintiffs in this case noticed for deposition Ned A. Godshall, the CEO of MesoFuel. MesoFuel is not a party in this case, although it figures predominantly in the plaintiffs' complaint.

5. At the deposition of Dr. Godshall on April 1, 2003, the attorney for the plaintiffs attempted to elicit testimony regarding a meeting between Dr. Godshall, Charles Call, a director of MesoSystems and the attorneys for MesoSystems and Mesofuel[1]. The attorney for MesoSystems (who also represents MesoFuel), objected on the basis that the communications are subject to the attorney-client privilege. Judge Schneider was contacted by telephone and after hearing the objection ruled that the attorney client privilege was destroyed by the presence of Dr. Call, and that no lawyer-client privilege exists merely because the two corporations are jointly represented by the same attorney. Plaintiffs' attorney then proceeded to question Dr. Godshall regarding the nature, content and the substance of the communications he had with MesoFuel's attorney.

6. On the same day, MesoSystems filed an emergency motion for reconsideration of order on attorney-client privilege, for protective order, for

---

[1] The wife of Dr. Call was present at this meeting for a short period of time and was not privy to the communications which were sought to be protected.

order to strike and for expedited briefing. The motion was heard by Magistrate Judge Scott,[2] who requested briefs and subsequently issued the Order giving rise to this objection.

7. On April 4, 2003, at the deposition of Dr. Call, the plaintiffs' attorney again sought to elicit testimony from Dr. Call regarding the meeting attended by Dr. Call, MesoSystems' attorney and Dr. Godshall. MesoSystems' attorney objected on the basis of attorney-client privilege and Magistrate Judge Scott held a telephonic hearing at which he ordered Dr. Call to answer questions regarding the substance and content of his discussions with MesoSystems' attorney at the meeting where Dr. Godshall was also present.

## ARGUMENT

Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases. New Mexico law thus controls this issue. Frontier Ref., Inc. v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998). NMRA 1986, Rule 11-503 is the New Mexico Rule of Evidence that protects the lawyer-client privilege. The privilege may be waived by voluntary disclosure to a third person by the privilege holder. Public Serv. Co. of N.M. v. Lyons, 2000-NMCA-077, 129 N.M. 487, 10 P.3d 166. Thus, the presence of a third person during a conference with a client and an attorney "ordinarily destroys the confidentiality required to assert the attorney-client privilege."

---

[2] Apparently, this case was initially erroneously assigned to Magistrate Judge Schneider and subsequently transferred to Magistrate Judge Scott.

There is no such waiver, however, when, as in the instant case, two or more individuals or entities consult an attorney for the purpose of a joint defense or common interest. See, e.g., Gordon v. Boyles, 9 P.3d 1106, 2000 Colo. LEXIS 1038 (Colo. 2000); see also Metro Wastewater Reclamation Dist. v. Cont'l Cas., 142 F.R.D. 471, 476 (D. Colo. 1992) (communications shared with an attorney in the presence of third persons "who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship"); NL Indus., Inc. v. Commercial Union Ins. Co., 144 F.R.D. 225, 230-31 (D.N.J. 1992) ("The chief instance occurs when the *same attorney acts for two parties* having a common interest, and each party communicates with him. Here the communications are clearly privileged from disclosure at the instance of a third person. Yet they are not privileged in a controversy between the two original parties, inasmuch as the common interest and employment forbade concealment by either from the other.") (quoting 8 Wigmore, Evidence § 2312 (1992)); Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1174 (D.S.C. 1974) (same). Under this doctrine, a commonality of interest exists where different persons or entities "have an identical legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice." Duplan Corp., 397 F. Supp. at 1172.

MesoFuel and MesoSystems are two separate yet related entities. MesoFuel is a New Mexico corporation with its principal place of business in

Albuquerque. MesoFuel is a majority-owned subsidiary of MesoSystems, a Washington corporation based in Kennewick, Washington. The management and operation of MesoFuel is controlled by MesoSystems, and the legal interests of MesoFuel and MesoSystems in this matter are identical. The plaintiffs in this case claim that they were hired by MesoSystems to jointly set up MesoFuel. The fact that MesoFuel is referred to in over half (26 out of 44) of the factual allegations in the plaintiffs' complaint, and referred to by name in at least four (4) places in the complaint conclusively establishes the two companies' commonality of interest with respect to communications that take place with their attorney related to this action. *See* Amended Complaint, ¶ ¶ 10, 11,12, 15, 16, 17,18, 19, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 41. The interests of the two companies are identical as they relate to the Plaintiffs' allegations. One need look no further than the Plaintiffs' allegation that Dr. Godshall, "acting on behalf of MesoSystems, intentionally and improperly interfered with...prospective contractual relationship...." *See* Amended Complaint, ¶ 98.

Here, MesoSystems has retained attorneys to defend it in this lawsuit. MesoFuel has an attorney-client relationship with the same attorneys and has a common interest with MesoSystems in the outcome of this litigation. When top officers of MesoFuel and MesoSystems meet--at the same time--with the attorney who represents each of those respective corporations and communicate with that attorney for the purpose of obtaining legal advice relating to the

corporations' common interest in this litigation, such communications are undoubtedly protected by attorney-client privilege.

In <u>Duplan Corp. v. Deering Milliken, Inc.</u>, 397 F. Supp. at 1173, the question at issue was "when does the interchange of communications between separate corporations, in the preparation and conduct of litigation to which the corporations were parties on the same side, waive the attorney-client privilege." The Court, citing 8 <u>Wigmore, Evidence</u>, 2d. 2312 (McNaughton rev. 1961), stated:

> The chief instance occurs when the *same attorney acts for two parties* having a common interest, and each party communicates with him. Here the communications are clearly privileged from disclosure at the instance of a third person. Yet they are not privileged in a controversy between the two original parties, inasmuch as the common interest and employment forbade concealment by either from the other. On the other hand, a communication to the *opposing party's* attorney, as such, is clearly without the privilege, since no confidence is reposed nor, if reposed, could be accepted.

397 F. Supp. at 1174.

Although there is no case on point, New Mexico implicitly recognizes the common interest aspect of the attorney-client privilege. NMRA 1986, Rule 11-503(D)(5) provides that the only exception to privileged communications between an attorney and jointly represented clients with a common interest, is in an action by and between the joint clients, to wit:

> As to a communication relevant to a matter of common interest between two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, **when offered in an action between any of the clients**. (Emphasis added.)

NMRA 1986, Rule 11-503(D)(5). This lawsuit is not between MesoSystems and MesoFuel. Therefore, the common interest privilege applies. See, e.g., Fed. Dep. Ins. Corp. v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000) ("when a lawyer represents multiple clients having a common interest, communications between the lawyer and any one (or more) of the clients are privileged as to outsiders but not *inter sese*"); Simpson v. Motorists Mut. Ins. Co., 494 F.2d 850, 855 (7th Cir. 1974) ("The law of Ohio recognizes that where the same attorney represents two parties having a common interest, and each party communicates with the attorney, the communications are privileged from disclosure at the instance of a third person. Those communications are not privileged, however, in a subsequent controversy between the two original parties.").

The common interest aspect of the attorney-client privilege applies regardless of whether there is any ownership relationship between the two (or more) entities asserting the privilege. However, the case for asserting the privilege is stronger when, as here, there is an ownership relationship between the entities. In particular, there is no waiver of attorney-client privilege when parent corporations and their subsidiaries communicate with each other. Cary Oil Co., Inc. v. MG Ref., Inc., 2000 U.S. Dist. Lexis 17587 (S.D.N.Y. 2000) (citing Music Sales Corp. and Tempo Music Corp. v. Morris, 1999 U.S. Dist. LEXIS 16433, 1999 WL 974025 (S.D.N.Y. 1999)); Duplan Corp., 397 F. Supp. at 1185 ("If a corporation with a legal interest in an attorney-client communication relays

it to another related corporation, the attorney-client privilege is not thereby waived.").

Moreover, the third party corporation need not be a party to any anticipated or pending litigation if it shares a common interest with the party to the lawsuit with respect to the subject matter of the communication between the client and the attorney. Duplan Corp., 397 F. Supp. at 1172 (common interest doctrine applies even though the "third parties . . . claiming a community of interest may be distinct legal entities from the client receiving the legal advice and may be a non-party to any anticipated or pending litigation"). In United States v. Am. Tel. & Tel., 86 F.R.D. 603, 616 (D.D.C. 1986), the Court's Pretrial Order in the AT&T antitrust litigation provided that "[f]or purposes of the attorney-client privilege, the 'client' is...the named defendants..., the wholly owned subsidiaries and majority-owned subsidiaries...The privilege also applies when an attorney provides legal advice or assistance jointly to AT&T considered collectively and to another corporation if the advice or assistance is on a basis that is confidential among the clients and relates to a matter in which the clients have a substantial identity of legal interest." The Court cited to Duplan Corp., 397 F.Supp 1146, in which the Court found a sufficient community of interest between a patent owner, a French corporation doing business in the United States, and some of its "associates" subsidiaries or sales, manufacturing, and use licensees of the patent, both parties and non-parties so that the attorney-client privilege applies to communications made to or received by them. Consequently,

communications between common interest parent-subsidiary, MesoSytems, MesoFueland their joint attorneys are protected by the attorney-client privilege and are subject to no exception under NMRA Rule 11-503.

WHEREFORE, MesoSystems respectfully prays the Court reverse the Magistrate Judge's Order and in its place issue a protective order prohibiting the Plaintiffs from inquiring into communications between MesoSystems, MesoFuel and their attorneys. Further, MesoSystems respectfully prays the Court to order the relevant portions of the depositions of Ned Godshall and Charles Call be stricken from the transcript of the depositions.

DATED: April 14, 2003.

Respectfully submitted,

**BAUMAN, DOW, McINTOSH & LEÓN, P.C.**

By_____

Christopher P. Bauman
Attorneys for Defendant
PO Box 30684
Albuquerque, New Mexico 87190

**PERKINS COIE, LLP**

By_____

Paul E. Smith
One Bellevue Center, Suite 1800
411   108th Avenue NE
Bellevue, Washington 98004-5584
(425) 453-7317-telephone

I HEREBY CERTIFY that the foregoing Objection was faxed and mailed to counsel of record on April 14th, 2003.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
PO Box 2168
Albuquerque, NM 87103-2168

_____
Christopher P. Bauman