IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

    Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

03 APR 29 AM 11:09

Civ. No. 02 103 LH/RHS

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

Defendant has failed to demonstrate that the Magistrate Judge's Order is either clearly erroneous or contrary to law. Defendant's Motion should, therefore, be denied.

### STANDARD OF REVIEW

Fed.R.Civ.P. 72(a) provides, in relevant part, that with respect to non-dispositive matters the district judge "shall consider" objections to a magistrate judge's orders "and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Accord*, 28 U.S.C. §636(a).

### ADDITIONAL FACTS

Defendant's Motion sets forth a "factual background" to which the following additional facts are pertinent. First, Defendant consented to have the issue determined by Magistrate Judge Schneider. Judge Schneider made his ruling. Defendant did not ask for a stay of the ruling pending appeal. Rather, Defendant's counsel, without objection, permitted the witness, Mr. Godshall, to answer questions regarding communications between himself and Mr. Call, CEO of Defendant MesoSystems Technology, Inc.



("MesoSystems"), including communications that occurred in the presence of MesoSystems' counsel.

Following Magistrate Judge Schneider's ruling, Defendant's counsel approached Magistrate Judge Scott seeking reconsideration. Magistrate Judge Scott discussed the matter with counsel by telephone. He then ordered the parties to submit appropriate materials to him on following day. At no time during the discussion with Magistrate Scott did Defendant's counsel request a stay of Magistrate Schneider's ruling. *See* D.N.M.Lr-Civ 37.3 ("A party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered.").

Significantly, following the telephone discussion with Magistrate Scott, the deponent, Mr. Godshall, again without objection by Defendant's counsel, answered questions related to communications between himself, Mr. Call and Defendant's attorney. *See* Exhibit A hereto, excerpts from deposition of Ned Godshall.

## ARGUMENT

Regardless of the relationship between MesoSystems and MesoFuel, Defendant has waived any claim of privilege with respect to the communications between Mr. Call and Mr. Godshall, including communications that occurred when MesoSystems' counsel was present. It is well settled that "[a]ny voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege." *U.S. v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989).

Specifically, Defendant waived any privilege when, following Magistrate Schneider's ruling, it permitted Mr. Godshall, without objection and without seeking a stay of the ruling pending an appeal, to answer questions regarding such communications.

2

Defendant further waived any privilege, when after the telephone discussion with Magistrate Scott it again permitted Mr. Godshall, without objection, to answer questions regarding his communications with Mr. Call and MesoSystems' counsel. Finally, with respect to the March 31, 2003 meeting, Defendant waived any privilege for communications during the time that Mrs. Tina Call was present.

In light of Defendant's clear waiver of the privilege both before and during the deposition, Defendant cannot demonstrate that Magistrate Judge Scott's Order is clearly erroneous or contrary to law.

## CONCLUSION

For all of the foregoing reasons, Defendant's Objection should be denied.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Lisa Mann
Angelo J. Artuso
Attorneys for Plaintiffs
Post Office Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: 505.848.1800

WE HEREBY CERTIFY that a true
and correct copy of the foregoing pleading
was mailed to all counsel of record this
28th day of April, 2003.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Angelo J. Artuso

0295506

3

```
00001
 1       IN THE UNITED STATES DISTRICT COURT

 2         FOR THE DISTRICT OF NEW MEXICO

 3 No. Civ. No. 02-103 LH/WWD

 4 JAMES SEABA and CORY PHILLIPS,

 5               Plaintiffs,

 6 vs.

 7 MESOSYSTEMS TECHNOLOGY, INC.,

 8               Defendant.

 9
           DEPOSITION OF NED GODSHALL
10              April 1, 2003
                11:13 a.m.
11            500 4th Street N.W.
            Albuquerque, New Mexico
12

13      PURSUANT TO THE APPLICABLE RULES OF CIVIL
   PROCEDURE this deposition was:
14
   TAKEN BY: LISA MANN
15      Attorney for Plaintiffs

16 For the Plaintiff:

17      MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
        500 Fourth Street, N.W.
18      Suite 1000
        Albuquerque, New Mexico  87102
19      BY: MS. LISA MANN
            MR. ANGELO ARTUSO
20
   For the Defendant:
21
        BAUMAN, DOW, MCINTOSH & LEON
22      Attorneys at Law
        7309 Indian School Road N.E.
23      Albuquerque, New Mexico
        BY: ALBERTO LEON
24          CHRISTOPHER BAUMAN

25 ALSO PRESENT:  JAMES SEABA and CORY PHILLIPS
```



EXHIBIT A

00130
1 Leon here in the deposition, Your Honor.

2      MR. BAUMAN: This is Chris. I think I got lost.

3      MR. LEON: We can call you Your Honor.

4      MR. BAUMAN: Hold on.

5      MS. MANN: Maybe your status is about to change.
6 There are a lot of openings over there.

7      MR. BAUMAN: Lisa?

8      MS. MANN: Yes.

9      THE CLERK: Hold on just a moment, please.

10     THE COURT: This is Judge Scott.

11     MR. BAUMAN: This is Chris and I have got Lisa
12 Mann on the line.

13     THE COURT: I am sorry for disconnecting you. I
14 am trying to get used to the phone. Tell me what I can do
15 for you.

16     MR. BAUMAN: I called, initially, Judge
17 Schneider's office until we got the mixup corrected, but
18 essentially what happened was, there was a discovery
19 dispute earlier this morning in the deposition of
20 Mr. Godshall and Lisa got a hold of Judge Schneider to
21 resolve the dispute. We think that Judge Schneider ruled
22 in error, and so I was hoping to get that ruling
23 reconsidered.

24     THE COURT: As I understand it, you are not with
25 a court reporter right now?

00136

1      MS. MANN: I have been sitting in this

2 deposition all day. Mr. Bauman apparently went back to

3 the office and did legal research. I don't have it at my

4 fingertips. I could provide it tomorrow.

5      THE COURT: I am not going to rule on it on the

6 phone. Judge Schneider made a decision. The deposition

7 went forward and witness testified. I understand,

8 Mr. Bauman, you have another deposition on Friday

9 scheduled and you anticipate a similar issue, so, if you

10 would each submit any authority you want me to consider

11 tomorrow, and I would like to have it no later than 4:30

12 in the afternoon, then I'll enter an order.

13      MS. MANN: Thank you, Your Honor.

14      MR. BAUMAN: Thank you.

15      THE COURT: I am up on the 6th floor, Room 620.

16 You can fax it to me if you want.

17      MS. MANN: Fax number?

18      THE COURT: 348-2305.

19      MS. MANN: Thank you.

20      MR. BAUMAN: Thank you, Judge.

21      THE COURT: For your record in deposition, we

22 are getting off the line now and we will be in recess.

23      MS. MANN: Thank you.

24      (Deposition continued at 4:47 p.m.)

25   Q.   (By Ms. Mann) I am assuming, by the way, with

Godshall, Ned  04/01/2003                                      Page 136

00161

1 here, so, let me ask you that. When you say intellectual

2 property, are you contending that Dr. Phillips and

3 Dr. Scaba failed to give MesoSystems the benefit of any

4 intellectual property filings they were obligated to give

5 them?

6   A.   No. I am claiming nothing and contending

7 nothing. I have expressed several concerns in answer to

8 your questions.

9   Q.   Okay.

10      MS. MANN: I think -- wait a minute. There was

11 one other area.

12   Q.   We discussed following the ruling by Judge

13 Schneider your meetings with -- your yesterday meeting and

14 you also said there had been another meeting with Dr. Call

15 and the lawyers about venue. Have you had any discussions

16 with Dr. Call, without lawyers present, about this

17 lawsuit? And by that I mean both telephone conversations

18 and face-to-face meetings?

19   A.   Yes.

20   Q.   And have there been many such conversations?

21   A.   More than two. Less than 10 probably. If you

22 want me to try to quantify it.

23   Q.   What was the substance of those conversations?

24   A.   Again, I speak best by example. I'll try to

25 answer your questions best I can by some citations.

00162
1  Q. Okay.
2  A. Starting chronologically, I guess with the
3 venue, it was an amazement to us all and we just couldn't
4 understand why Plaintiffs in this case, who no longer
5 lived in New Mexico, were arguing that they reside in New
6 Mexico. It doesn't make sense to us, as one example.
7  Q. Any other examples that you can think of?
8  A. I think just the general rolling conversation
9 that it just seems all so silly, the naivety, as I
10 expressed it before, of not understanding how start-ups
11 work, of not understanding partial ownership in companies,
12 of the sadness of it all. People hurting their own
13 careers for what apparently is just outright greed.
14  Q. Have you had discussions with Dr. Call about the
15 Washington lawsuit?
16  A. No.
17  Q. Are there any other general topics of
18 conversation that you have had with Dr. Call about this
19 lawsuit that we haven't covered?
20  A. In the confines of the breadth of the answer
21 that I just gave you, I am sure I could elaborate on
22 those, but I think --
23  Q. Those are recurring themes?
24  A. Those are recurring themes, yes.
25  Q. We went through --

00163

1     **MS. MANN: I really am just about at the end.**

2     **MR. LEON: We are past the four hours.**

3   Q. In your answer, in MesoSystems' answer to
4 Interrogatory No. 2 you are listed as somebody who has
5 knowledge of facts, circumstances or events at issue in
6 this case. Are there any facts, circumstances or events
7 that you know about that are at issue in this case that we
8 have not discussed in this deposition today, that you can
9 think of?

10     MR. LEON: To the extent that you can think of
11 it, answer the question. I mean --

12   A. I am confused, I am sorry.

13     MR. LEON: To the extent that you can think of
14 any, you know -- I don't know, I mean, it is kind of a --

15   Q. I am asking whether I have covered all the
16 bases. Is there some information that you have relevant
17 to the lawsuit that I haven't asked you about?

18     THE WITNESS: Am I allowed to ask MesoFuel's
19 attorney outside a question?

20     MR. LEON: We can take a quick break.

21     MS. MANN: I would like to ask to not do it
22 while a question is pending. I will give you the benefit
23 of the doubt this time and do it.

24   (Brief recess taken.)

25   Q. (By Ms. Mann) You have now met with MesoFuel's