UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

NO. CIV-02-0103 DJS/WWD

# DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER

Defendant MesoSystems Technology, Inc. ("MesoSystems") has demonstrated that the Magistrate Judge's Order is clearly erroneous and contrary to the law, and MesoSystems has not waived the attorney-client privilege.

## ARGUMENT

Plaintiffs assert that Ned Godshall and Charles Call's deposition testimony is a waiver of "any claim of privilege with respect to the communications between Mr. Call and Mr. Godshall, including communications that occurred when MesoSystems' counsel was present." Plaintiff's Response in Opposition to Defendant's Objection to Magistrate Judge's Order, p. 2. However, the testimony given by Mr. Godshall was ordered by Judge Schneider over MesoSystems' objections and the testimony given by Mr. Call was ordered by



Judge Scott over MesoSystems' objections. Plaintiffs assertion that MesoSystems was required to refuse to testify in direct contradiction to the Judges' orders in this case is a waiver is unsupported by the law, and Plaintiffs cite no law in support of this argument. In fact, Plaintiffs cite D.N.M.Lr-Civ 37.3 pointing out that Mr. Godshall and Mr. Call had a duty to comply with Judge Scott and Judge Schneider's discovery orders pending appeal.

Mr. Godshall and Mr. Call's court-ordered testimony does not constitute a "voluntary disclosure" to a third –party as contemplated in U.S. V. Bernard, 877 F.2d 1463, 1465 (10th Cir. 1989). The testimony in question was given only under order of the court and with the intention and agreement of the parties that the testimony be kept confidential pending appeal. The 10th Circuit Court of Appeals has determined that production of documents in compliance with a court order does not constitute a voluntary disclosure. In re Grand Jury Proceedings, Vargas, 723 F.2d 1461, 1466 (10th Cir. 1983).

In addition, MesoSystems attorney reserved "all right to appeal this matter, and we reserve the right to claim that any disclosures that are made on this deposition are going to be not considered a waiver of any privilege that may apply. And, number three, and I would like to enter a stipulation on the record at this point, that this deposition is going to be kept confidential until such point as we can enter into an appropriate protective order in this matter." See Deposition of Charles J. Call, April 4, 2003, p. 37, lines 5-13 attached as **Exhibit A.**

While the privilege may be waived by voluntary disclosure to a third person by the privilege holder, that is not the case here. <u>Public Serv. Co. of N.M. v. Lyons</u>, 2000-NMCA-077, 129 N.M. 487, 10 P.3d 166. The privilege was not waived when Mr. Godshall and Mr. Call testified in compliance with the Court's standing discovery order. New Mexico courts must adhere closely to waiver as defined in N.M. R. Evid. 11-511 (2000) and are not free to engage in ad hoc rule-making and waiver analysis. <u>Public Serv. Co. of New Mexico v. Lyons</u>, 129 N.M. 487, 10 P.3d 166 (Ct. App. 2000). The New Mexico Court of Appeals has adopted a more restrictive view of the waiver of attorney-client privilege and stated:

> We believe the Rhone approach best fits New Mexico law. We therefore side with the minority of jurisdictions that require offensive or direct use of privileged materials before the party will be deemed to have waived its attorney-client privileges. The Rhone approach is also more consistent with the purpose of the attorney-client privilege, which, as we already noted, "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."

<u>Id</u>. at 494, 10 P.3d at 173 (citations omitted). MesoSystems has made no "offensive or direct use of privileged materials," has opposed revealing privileged information during deposition testimony, and has requested confidentiality for information MesoSystems was compelled to reveal by court order pending its appeal. In addition, the testimony given in compliance with court orders is not a voluntary waiver as the documents produced in compliance with a court order

were determined to not have been voluntarily disclosed in <u>In re Grand Jury Proceedings, Vargas</u>, 723 F.2d 1461, 1466 (10th Cir. 1983).

WHEREFORE, MesoSystems respectfully prays the Court reverse the Magistrate Judge's Order and in its place issue a protective order prohibiting the Plaintiffs from inquiring into communications between MesoSystems, MesoFuel and their attorneys. Further, MesoSystems respectfully prays the Court to order the relevant portions of the depositions of Ned Godshall and Charles Call be stricken from the transcripts of the depositions.

DATED: May 12, 2003.

        Respectfully submitted,

        **BAUMAN, DOW, McINTOSH & LEÓN, P.C.**

        By _[signature]_
        Christopher P. Bauman
        PO Box 30684
        Albuquerque, New Mexico 87190

        **PERKINS COIE, LLP**

        By _telephonically 5/12/03_
        Paul E. Smith
        One Bellevue Center, Suite 1800
        411   108th Avenue NE
        Bellevue, Washington 98004-5584
        (425) 453-7317-telephone

        Attorneys for Defendant

I HEREBY CERTIFY that the foregoing Reply was faxed and mailed to counsel of record on May 12, 2003.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
PO Box 2168
Albuquerque, NM 87103-2168

*Darci A. Carroll for*
Christopher P. Bauman

Page 1

```
 1           UNITED STATES DISTRICT COURT
 2         FOR THE DISTRICT OF NEW MEXICO
 3

    JAMES SEABA and CORY PHILLIPS,
 4
              Plaintiffs,
 5
    vs.                         No. CIV-02-0103 LH/WWD
 6
    MESOSYSTEMS TECHNOLOGY, INC.,
 7
              Defendant.
 8
 9
10
       EXCERPT OF THE DEPOSITION OF CHARLES J. CALL
11                    April 4, 2003
                       9:00 a.m.
12                 500 Fourth St., NW
13
14  PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE
    this deposition was:
15
    TAKEN BY:  ANGELO J. ARTUSO
16             ATTORNEY FOR THE PLAINTIFFS
17
18
19
20
21
22
23
24
25
```

EXHIBIT A

Page 34

1  magistrate court's ruling or Your Honor's ruling to Judge
2  Hansen.
3      In the meantime, we do not want to make any
4  further disclosures because the very argument that the
5  plaintiffs argued to you was that we had waived some kind
6  of privilege by actually allowing Dr. Godshall to testify
7  on Tuesday. I just don't want to fall into that again.
8  If our avenues of appeal are exhausted, and at that point
9  a ruling comes against us, then at that point I believe
10 that we can find an appropriate way to answer any
11 questions in that regard.
12     While my office is preparing an appeal of your
13 decision, I am very concerned about allowing this
14 different witness to go ahead and answer questions that
15 fall within the privilege.
16     THE COURT: Okay. Mr. Artuso, do you want to
17 speak in response?
18     MR. ARTUSO: Yes, just very briefly, Your Honor.
19 It would be our position that once the privilege is
20 waived, it's waived. And, secondly, there's been no stay
21 of Judge Schneider's ruling. I mean, he hasn't stated
22 that it should be stayed pending appeal, and there was no
23 such language in Your Honor's order of yesterday.
24     And, finally, my clients are here from out of
25 town, Oklahoma and Michigan, and I sure would not like for

Page 35

1  them to have to incur the expense of having to travel out
2  here again, if we reconvene this deposition, for these
3  questions.
4      And, frankly, I think that the questions could
5  be answered, and if it turns out that Mr. Leon's position
6  ultimately prevails, those portions of the transcript
7  could be stricken from the deposition record.
8      THE COURT: Well, number one, I don't have a
9  specific question before me, so I can't either sustain or
10 overrule. So I think you're going to have to proceed with
11 the deposition. I would anticipate that my rulings would
12 be consistent with my prior decision and that decision of
13 Judge Schneider. I'll be available, as far as I know, all
14 morning, if you need to call back, but I think you should
15 proceed with the deposition.
16     If, at some point in time, the matter is stayed
17 by the Article III judge who's assigned the case, Judge
18 Hansen, then you can proceed accordingly. Otherwise, I
19 think you have to go on with your deposition.
20     MR. ARTUSO: Your Honor, I do believe that there
21 is a question pending. I could ask the reporter if he
22 could find it. I asked my question and then received the
23 objection, and the witness was instructed not to answer.
24     THE COURT: All right, sir. If you would repeat
25 the question.

Page 36

1      (The record was read by the reporter.)
2      MR. ARTUSO: The question is, "What happened at
3  the meeting on Monday?" And he was instructed not to
4  answer.
5      THE COURT: Do you want to speak to that,
6  Mr. Leon?
7      MR. LEON: Yes, Your Honor. I instructed the
8  witness not to answer to the extent that the answer would
9  require him to reveal the substance of communications with
10 me at that meeting, being that Dr. Godshall, President and
11 CEO of MesoFuels was there; being that Dr. Call is
12 Chairman of the Board of MesoFuels. MesoFuels is my
13 client.
14     So, you know, all on the basis that we argued as
15 to Dr. Godshall, I believe that also applies to Dr. Call.
16 As far as Dr. Call is concerned, there has been absolutely
17 no waiver. Any allegation of claim of waiver would have
18 to be made as to Dr. Godshall on Tuesday, but as to
19 Dr. Call he has not answered anything, and I would like to
20 preserve the status quo until such time as we can get an
21 appeal filed with the Court, which we are working on as we
22 speak, Your Honor.
23     THE COURT: All right. Thank you. The Court
24 having considered your respective arguments respectfully
25 overrules the objection. You may continue on with your

Page 37

1  deposition. Is there anything further you want to add
2  into your record?
3      MR. ARTUSO: Not at this time, Your Honor.
4  Thank you.
5      MR. LEON: Well, Your Honor, I do -- will
6  reserve all right to appeal this matter, and we reserve
7  the right to claim that any disclosures that are made on
8  this deposition are going to be not considered a waiver of
9  any privilege that may apply. And, number three, and I
10 would like to also enter a stipulation on the record at
11 this point, that this deposition is going to be kept
12 confidential until such point as we can enter into an
13 appropriate protective order in this matter.
14     MR. ARTUSO: We've already agreed to keep it
15 confidential, Your Honor.
16     THE COURT: All right. Then that stipulation
17 will be recognized as the law of the case.
18     MR. ARTUSO: Thank you.
19     THE COURT: Is there anything further you want
20 in your record?
21     MR. ARTUSO: Nothing further, Your Honor.
22     MR. LEON: Nothing further.
23     THE COURT: All right. Thank you, gentlemen.
24 I'll be in recess now, and I'll get off the phone.
25     MR. ARTUSO: Thank you, sir. I will give you a