IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
03 MAY 27 PM 4:20

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs,

v. Civ. No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES**

Plaintiffs respectfully request that the Court enter an Order, pursuant to Fed.R.Civ.P. 37, compelling Defendant to provide full and complete responses to Plaintiffs' Requests for Production of Documents, and for costs and fees associated with bringing this Motion. As grounds for this Motion, Plaintiffs state:

On July 12, 2002, Plaintiff James Seaba served his First Request for Production to Defendant. Defendant served its objections and Responses to Plaintiff James Seaba's First Request for Production on August 13, 2002. Despite objection to several of the Requests (which are specifically set forth below), Defendant agreed to produce responsive materials upon entry of "an appropriate protective order issued by the court."

On September 6, 2002, Plaintiff Cory Phillips served his First Request for Production to Defendant. Defendant served its objections and Responses to Plaintiff Cory Phillips' First Request for Production on October 22, 2002. Again, despite objection to several of the Requests (which are specifically set forth below), Defendant agreed to produce responsive materials upon entry of "an



appropriate protective order issued by the court."

On April 11, 2003, Plaintiff James Seaba served his Second Request for Production to Defendant. Defendant served its Responses to these discovery requests on May 12, 2003. Again, despite objection to several of the Requests (which are specifically set forth below), Defendant agreed to produce responsive materials upon entry of "an appropriate protective order issued by the Court."

On August 13, 2002, Defendant sent a proposed form of protective order to Plaintiffs' counsel. A copy of the Defendant's proposed order is attached as Exhibit A. Defendant's proposed order would require that any documents produced pursuant to the order be restricted to Plaintiffs' attorneys, paralegal and administrative staff, independent experts, and a trial preparation technician only. *See* Exhibit A, p. 4, ¶3. Absent voluntary agreement between the parties or a court order, under no circumstances could such documents be shown to Plaintiffs so that they might assist counsel in trial preparation. *Id.*, ¶10. In sum, Defendant's proposed order seeks to place the burden of removing any improper designations of "Attorneys Eyes Only" on Plaintiffs.

On April 16, 2003, Plaintiffs' counsel sent counsel for Defendant a proposed draft protective order. A copy of Plaintiffs' proposed order is attached as Exhibit B. Plaintiffs' proposed order does not have the "Attorney's Eyes Only" designation, but does permit counsel, upon an appropriate showing, to seek greater protection for any responsive documents. *See* Exhibit B, p. 5, ¶8. In sum, Plaintiffs' proposed order shifts the burden of seeking greater protection to the producing party, where it belongs, rather than placing the burden on the receiving party to seek a court order to lower the level of protection.

By letter dated April 24, 2003, Defendant's counsel rejected Plaintiffs' proposed form of protective order, stating "MesoSystems Technology will only agree to a protective order with

appropriate ATTORNEY'S EYES ONLY protections." Exhibit C hereto, letter from Alberto Leon to Angelo J. Artuso, dated April 24, 2003. As justification for this position, Defendant's counsel stated that it would be highly prejudicial to MesoSystems if Plaintiffs were to gain access to important "trade secret information" that they might then use to allegedly compete with MesoSystems. *Id.* Defendant's position ignores two key facts. First, not all of the information requested by Plaintiffs can possibly constitute a legitimate "trade secret." Second, both forms of the proposed protective order provide that any confidential information produced in this case "shall be used solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function." *Compare*, Exhibit B, ¶5 and Exhibit A, ¶5.

**PROTECTIVE ORDERS SHOULD BE NARROWLY TAILORED**

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

The Tenth Circuit has recognized that there is no absolute privilege for trade secrets and similar confidential information. *See Centurion Industries Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981). Rather, to resist discovery, a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. *Id.* If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary. The district court must then balance the need for the trade secrets against the claim of injury resulting from disclosure. *Id.*

The specific discovery requests at issue in this case are:

a) James Scaba's Request for Production no. 2: this Request seeks a copy of all annual reports and tax returns for MesoSystems Technology, Inc. and all of its parent, subsidiary, and affiliated business entities. Defendant's answer states that it will produce responsive materials for MesoSystems Technology, Inc., MesoFuel, Inc. and BioDetect, Inc. upon entry of an appropriate protective order issued by the court. Exhibit D hereto, p. 3;

b) Cory Phillips' Request for Production no. 7: this Request seeks a copy of all documents that refer to or are concerned with MesoSystems' board of directors meetings for the years 2000 through 2002, including but not limited to, agendas, minutes and voting records. Defendant answers that it will not produce any documents related to its Board of Directors' Meetings absent an appropriate protective order. *See* Exhibit E hereto, p. 9 - 10.

c) Cory Phillips' Request for Production no. 22: this Request seeks a copy of all documents that are concerned with or otherwise relate to "Quench Flame." Defendant answers that it will not produce any documents related to Quench Flame absent an appropriate protective order issued by the court. *Id.*, p. 22.

d) Cory Phillips' Request for Production no. 23: this Request seeks copies of all documents that are concerned with, or related to, any audit, inventory, inspection, or performance review for all Department of Defense contracts on which Plaintiffs worked while employed by Defendant. Defendant answers that it will not produce responsive documents absent an appropriate protective order issued by the court. *Id.*, p. 22 – 23.

e) James Scaba's Second Request for Production no. 2: this Request seeks copies of all documents that refer or relate to any "ongoing relationship" between Defendant and RBC Dain Rauscher, which is alleged in paragraph 12 of Defendant's Counterclaim. Defendant answers that it

will not produce responsive documents absent an appropriate protective order issued by the court. *See* Exhibit F hereto, p. 2 –3.

f) James Seaba's Second Request for Production no. 4: this Request seeks complete copies of all documents that Defendant has received from any private investigator that it hired to investigate Dr. Cory Phillips, Dr. James Seaba, or both. Defendant has objected to this request on the grounds that the documents it seeks are subject to the attorney client privilege and/or work product doctrine. Defendant has not produced a privileged document log identifying responsive documents with any particularity. Moreover, Defendant waived any privilege claim with respect to such investigative documents when it attached the Affidavit of Mr. Robert Hamic, a private investigator as an exhibit to its Supplement to its Reply Memorandum in Support of Motion to Dismiss (docket no. 28). *Id.*, p. 4.

g) Seaba's Second Request for Production no. 6: this Request seeks copies of all correspondence between Defendant and RTI between September 1, 2001 and December 31, 2001. Defendant has objected to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Contrary to Defendant's assertion, Plaintiffs have alleged in their complaint that MesoSystems' improprieties with respect to time and materials charges on RTI contracts, is one reason why Defendant unlawfully terminated them on December 6, 2001. The Request is, therefore, directly relevant to the issues raised in this case. Defendant further states that is will not produce any correspondence between it and RTI "absent an appropriate protective order issued by the Court." *Id.*, p. 5 – 6.

Seaba's Request no. 2, Phillips Requests nos. 7 and 23, and Seaba's Second Set of Requests nos. 2, 4, and 6, all seek ordinary business information not technical or trade secret information of the type that courts have afforded greater protection. Moreover, the Defendant has failed to provide

any specific information to show why the requested information is highly confidential. With respect to Phillips Request no. 22, Defendant simply makes the blanket assertion that Quench Flame encompasses a "trade secret."

For Defendant to show good cause for entry of a protective order, the injury that allegedly will result from disclosure must be shown with specificity. Conclusory statements of such injury are simply insufficient. *United States v. Hooker Chem. & Plastics Corp.*, 90 FRD 421 (W.D.N.Y. 1981). Defendant has failed to show how disclosure to the Plaintiffs of the requested information – especially when Plaintiffs are willing to agree to restrict use of the information to this litigation and not for any business, competitive, or commercial purpose or function -- will injure them.

Moreover, the evidence developed in this case does not support Defendant's claim of competitive harm. At his deposition, Mr. Charles Call, CEO of MesoSystem Technology Inc., was asked about damages to Defendant arising from Plaintiffs' alleged competition. Mr. Call was not aware of, nor could he point to any specific instance where either MesoSystems or MesoFuel has lost business as a result of any conduct by the Plaintiffs. *See*, Exhibit G hereto, deposition of Mr. Charles J. Call, p. 176, ln. 18 to p. 177, ln. 24.

In sum, Defendant has not shown any reason why the materials requested by Plaintiffs should be produced under an extremely restrictive as "ATTORNEY'S EYES ONLY" designation. *Cf.*, *Plair v. E.J. Brach & Sons, Inc.*, 1996 WL 67975 (N.D. Ill. Feb. 15, 1996) at *3 (Confidentiality orders must be narrowly tailored, and blanket protective orders permitting all documents to be designated confidential are generally not appropriate). Nor can Defendant demonstrate why the Plaintiffs should bear the burden of challenging any improperly designated documents, as opposed to Defendant seeking greater protection for those documents that they believe are entitled to such protection.

WHEREFORE Plaintiffs respectfully request that the Court enter the protective order attached hereto as Exhibit B, and order Defendants to produce materials responsive to James Seaba's Request for Production no. 2 and Cory Phillips' Requestd for Production nos. 7, 22, and 23, awarding Plaintiffs' fees and costs incurred in bringing this Motion, and providing such other and further relief as the Court may deem just and proper.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: ______________________
Lisa Mann
Angelo J. Artuso
Attorneys for James Seaba and Cory Phillips
Post Office Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was mailed to the following counsel of record this 27th day of May, 2003:

Alberto A. Leon
Post Office Box 30684
Albuquerque, New Mexico 87190-0684

Paul E. Smith
One Bellevue Center
Suite 1800
411-108th Avenue N.E.
Bellevue, WA 98004-5584

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: ______________________
Angelo J. Artuso

0296719.doc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
AT ALBUQUERQUE

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

v.

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

NO. 02-103 LH/WWD

STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs James Seaba and Cory Phillips and defendant MesoSystems Technology, Inc. that a Protective Order should be entered in this case requiring the parties to follow the procedures set forth below with respect to certain Confidential Information produced or otherwise disclosed in this litigation:

1. As used herein, "Confidential Information" shall mean any information, documents, testimony or things furnished in the course of this litigation containing confidential and/or proprietary information that the producing party, in good faith, deems confidential and designates as such, including but not limited to (a) sensitive business and/or commercial information; (b) information or documents related to persons or entities not parties to this action; and/or (c) materials that the producing party may have an obligation to protect pursuant to protective orders in other actions or confidentiality agreements. Any such documents or information of a sensitive, confidential or proprietary nature (as defined in Fed. R. Civ. Proc. 26(c)(7)) may be designated "CONFIDENTIAL-ATTORNEYS EYES

Perkins Coie LLP
Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425-453-6980
FAX: 425-453-7350

ONLY." Such designation shall be made as provided in Paragraph 2 hereof. Documents or information so designated and all copies, extracts, compilations, and summaries thereof and information therein (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted herein.

2. Any party may designate the documents, information, or portions thereof, which the party considers to be appropriate for designation as Confidential Information at the time such documents, information or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the documents, information or portions disclosed and sought to be protected hereunder, by the following procedures:

(a) "CONFIDENTIAL-ATTORNEY EYES ONLY" shall, unless otherwise agreed to by the parties, apply only to all Confidential information including, but not limited to, research notes, research notebooks, invention disclosure, all information related to patent applications, business plans, customer lists, sources of supply, sales, cost of good sold, profit margins, royalties, royalty rates, information relating to the sale of stock and similar financial information, cost of raw material, methods of manufacture, compositions of products, product design and formulations, product performance specifications, quality assurance specifications, and similar trade secret information, and information relating to research and development efforts including processes, formulas and products resulting from such research and development.

(b) For documents produced for inspection pursuant to request or subpoena, produced as trial exhibits, or otherwise produced, which documents are to

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004 5584
PHONE 425-453-6980
FAX 425-453-7350

be designated as Confidential Information, the party producing the documents sought to be protected shall notify the other party in writing prior to such inspection, by stamping each such document with the appropriate designation, if any of the information on such document to be produced is considered "CONFIDENTIAL-ATTORNEYS EYES ONLY." All documents for which such notice has been given, and all testimony related thereto, shall be inspected, reviewed and/or heard (as the case may be) only by persons qualified to have access to such Confidential Information as set forth in paragraphs 3 and 4 herein.

(c) In the case of documents that one party requests to be copied after viewing such documents, the producing party may designate specific documents containing pages of the copy claimed to contain such information with a stamp bearing a warning that the documents contains Confidential Information (hereinafter referred to as the "warning"). Copies delivered without such warning (or its equivalent) shall, after 30 days from delivery, be deemed as not confidential.

(d) For testimony at deposition or at trial, any counsel of record may invoke the provisions of this Protective Order by advising others present in a timely manner, giving adequate warning that testimony being given is deemed "CONFIDENTIAL-ATTORNEYS EYES ONLY." The reporter shall then mark the portions of the transcript for which such warning was given as "CONFIDENTIAL-ATTORNEYS EYES ONLY." In the event such counsel fails to designate as specified in this Paragraph, the provisions of Paragraph 9, infra, shall apply.

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425 453-6980
FAX: 425-453-7350

(e) For responses to interrogatories and requests to admit. the warning shall be placed next to each response containing Confidential Information, and the first page of the response shall also display the warning.

3. Confidential Information designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" may be given. shown, disclosed. made available, or communicated only to:

(a) Attorneys for the parties who are identified in this Order or have entered a formal appearance;

(b) The paralegal. administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that all persons in or employed by any firm identified in this Order shall observe this Protective Order, and

(c) Independent experts and consultants who are not employees of or affiliated with the parties which are retained by the parties. and qualified for access as provided in paragraph 5 hereof.

(d) One designated technical person employed by each party who needs to be consulted by counsel, in the discretion of such counsel. in preparation for trial of this action; and

(e) Independent experts and consultants retained by the parties and qualified for access as provided in paragraph 4 hereof.

4. Each party may qualify up to two experts and up to three consultants who are not employees of or affiliated with the party for access to Confidential Information designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" by having such expert or consultant execute an undertaking acknowledging that such expert or consultant has read this

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE 425-453-6980
FAX 425-453-7350

Protective Order and agrees to be bound by its terms, as provided in the attached Exhibit A. Such experts or consultants may be given access to information designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" without notice or approval by the other party.

5. Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function. Except for in-house counsel, executives and the designated technical person, all Confidential Information designated hereunder shall be kept in a separate and secure place at the offices of persons qualified by the terms of this Order to have access to such Confidential Information. Access to Confidential Information shall be permitted only to those persons appropriately qualified under this Protective Order as persons properly having access to Confidential Information.

6. All documents containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the word, "CONFIDENTIAL-ATTORNEYS EYES ONLY" and a statement substantially in the following form:

> By order of the Court, entered on [date], this envelope is to remain sealed and the Clerk of the Court shall not reveal the contents thereof to any person without further order of this Court.

All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the

One Bellevue Center, Suite 1800
411 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE 425-453-6980
FAX 425-453-7350

Court shall be filed under seal. The Clerk shall maintain such documents under seal, except that any judge or magistrate exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this case.

7. Documents or information designated for protection pursuant to this Protective Order may be introduced into evidence or otherwise disclosed in confidential Court proceedings after notice to counsel of all parties. All such documents or information shall continue to be subject to this Protective Order.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate in view of that party's need to disclose such information to persons other than those qualified under this Protective Order.

9. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents; provided that the discovery of the inadvertent disclosure is made in timely fashion following that disclosure and prompt written notice of the claim of confidentiality is given.

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425 453-6980
FAX: 425-453-7350

10. A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereof. In the event that any party to this litigation disagrees at any point in these proceeding with any designation made under this Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court, including a demand for costs and attorneys' fees for the motion involved, which costs and fees may be awarded if the Court finds that the designation was made or maintained without substantial justification. The party seeking to protect information shall have the burden of proving the appropriateness of the designation.

11. No person may utilize or disclose to any person, in public or in private, information and/or documents designated hereunder, except as set forth in this Order. Nothing herein shall prevent disclosure of any Confidential Information by the party producing such information or to any employee of the producing party or any non-party entity who authored or received the Confidential Information prior to its designation under this Order. This Protective Order does not apply to information and/or documents acquired other than through this proceeding, the rights of the parties with respect to such other acquired information being separately determined.

12. Upon termination of this litigation, the originals and all copies of Confidential Information shall be turned over to the party or non-party who produced such material, or to its counsel, or by agreement of counsel for the parties such copies may be destroyed and such destruction verified, except that one copy of such materials appended to pleadings may be retained in the files of Trial Counsel.

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE 425-453-6980
FAX 425-453-7350

13. Either party may seek modification of this Order upon motion and for good cause shown, by alleging specific changes and specific grounds.

STIPULATED AND AGREED TO this ____ day of ______________, 2002.

**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

By ______________________________
Lisa F. Mann
Angelo J. Artuso
Attorneys for Plaintiffs
James Seaba and Cory Phillips
P.O. Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800

**BAUMAN, DOW & McINTOSH, P.C.**

S

By ______________________________
Christopher P. Bauman
Attorneys for Defendant
MesoSystems Technology, Inc.
P.O. Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191—telephone
(505) 883-3194—facsimile

**PERKINS COIE LLP**

By ______________________________
Paul E. Smith, *pro hac vice*
Attorneys for Defendant
MesoSystems Technology, Inc.
One Bellevue Center, Suite 1800
411—108th Avenue Northeast
Bellevue, Washington 98004
(425) 453-6980—telephone
(425) 453-7350—facsimile

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E
Bellevue, WA 98004-5584
PHONE 425-453-6980
FAX 425-453-7350

**ORDER**

IT IS SO ORDERED.

DATED this _____ day of _______________, 2002.

_______________________________
United States District Court Judge

Presented by:

**BAUMAN, DOW & McINTOSH, P.C.**

By ______________________________
Christopher P. Bauman
Attorneys for Defendant
MesoSystems Technology, Inc.
P.O. Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191—telephone
(505) 883-3194—facsimile

and

**PERKINS COIE LLP**

By ______________________________
Paul E. Smith, *pro hac vice*
Attorneys for Defendant
MesoSystems Technology, Inc.
One Bellevue Center, Suite 1800
411—108th Avenue Northeast
Bellevue, Washington 98004
(425) 453-6980—telephone
(425) 453-7350—facsimile

Perkins Coie LLP

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004 5584
PHONE: 425-453-6980
FAX: 425-453-7350

STIPULATED PROTECTIVE ORDER - 9
[/Stipulated Protective Order]

Copy received; approved as to form; notice of presentment waived by:

**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

By ______________________________

Lisa F. Mann
Angelo J. Artuso
Attorneys for Plaintiffs
James Seaba and Cory Phillips
P.O. Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425-453-6980
FAX: 425-453-7350

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
AT ALBUQUERQUE

| | |
|---|---|
| JAMES SEABA and CORY PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>MESOSYSTEMS TECHNOLOGY, INC.,<br><br>Defendant. | NO. 02-103 LH/WWD<br><br>DECLARATION UNDER PROTECTIVE ORDER |

I, ______________________________, declare as follows:

1. My address is ______________________________. My present employer is ______________________________. My present job position is ______________________________.

2. I have read the Stipulated Protective Order entered in *Seaba v. MesoSystems Technology, Inc.*, United States District Court, District of New Mexico at Albuquerque, Civ. No. 02-103 LH/WWD.

4. I agree to abide by and be bound by the provisions of the Stipulated Protective Order, and agree that I will hold in confidence all materials designated as "Confidential" or "Proprietary" or marked with a similar notice, all copies, notes or other records containing or referring to Confidential Information, and the substance or contents of such materials, and I agree to use such information solely for the purposes of this action.

5. I understand that I am to retain all of the materials that I receive that are Confidential Information, and that such materials are to remain in my custody until I have completed my assigned duties. I further understand that, upon completion of my assigned duties, such materials are to be returned to the counsel or party by whom I have been retained or who has provided such materials to me or destroyed.

6. To assure my compliance with the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court for the limited purpose of any proceedings relating to

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425-453-6980
FAX: 425-453-7350

performance under, compliance with, or violation of the Stipulated Protective Order. I further acknowledge that contempt sanctions may be entered against me for violation of this Order.

7. I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

Dated: ______________________ Place: ______________________________

Signed: ____________________________

Printed Name: ______________________

One Bellevue Center, Suite 1800
411 - 108th Avenue N.E.
Bellevue, WA 98004-5584
PHONE: 425-453-6980
FAX: 425-453-7350



MODRALL SPERLING
LAWYERS

Angelo J. Artuso
505 848.1894
Fax 505.848.1891
aja@modrall.com

**VIA FAX (505) 883-3194**

April 16, 2003

Alberto León
Bauman, Dow, McIntosh & León
P.O. Box 30684
Albuquerque, NM 87190

Re: *Seaba, et al. v. MesoSystems*

Dear Mr. León:

I have enclosed a draft Stipulated Protective Order for your review and comments. Please let me know as soon as possible whether you will approve the enclosed form of Order or what modifications you would like to see made.

Thank you for your assistance with this matter.

Sincerely,

Angelo J. Artuso

Angelo J. Artuso

AJA\jev\K:\dox\client\65518\112\W0292112.DOC
Enclosure

cc: Lisa Mann, w/encl.

Modrall Sperling
Roehl Harris & Sisk P.A

Bank of America Centre
500 Fourth Street NW
Suite 1000
Albuquerque,
New Mexico 87102

PO Box 2168
Albuquerque,
New Mexico 87103 2168

Tel. 505.848.1800
www.modrall.com

EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs,

v. Case No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs James Seaba and Cory Phillips and Defendant MesoSystems Technology, Inc. that a Protective Order should be entered in this case requiring the parties to follow the procedures set forth below with respect to certain Confidential Information produced or otherwise disclosed in this litigation:

1. As used herein, "Confidential Information" shall mean any information, documents, testimony, or things furnished in the course of this litigation containing confidential and/or proprietary information that the producing party, in good faith, deems confidential and designates as such. Such information shall include by way of example, but is not limited to, (a) sensitive business and/or commercial information; (b) information or documents related to persons or entities not parties to this action; and/or (c) materials that the producing party may have an obligation to protect pursuant to protective orders in other actions or confidentiality agreements. Any such documents or information of a sensitive, confidential or proprietary nature (as defined in Fed. R. Civ. Proc. 26(c)(7)) may be designated "CONFIDENTIAL." Such

designation shall be made as provided in Paragraph 2 hereof. Documents or information so designated and all copies, extracts, compilations, and summaries thereof and information therein (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted by this Order.

2.      Any party may designate the documents, information, or portions thereof, which the party considers to be appropriate for designation as Confidential Information at the time such documents, information or portions are produced or disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the documents, information or portions disclosed and sought to be protected hereunder, by the following procedures:

(a)     For documents produced for inspection pursuant to a request for production, a subpoena, as trial exhibits, or otherwise, the party producing the documents sought to be protected stamp each such document as "CONFIDENTIAL." All documents so stamped, and all testimony related thereto, shall be inspected, reviewed and/or heard (as the case may be) only by persons qualified to have access to such Confidential Information as set forth in this Order.

(b)     For testimony at deposition or at trial, any counsel of record may invoke the provisions of this Protective Order by advising others present in a timely manner, and by giving adequate warning that the testimony being given is deemed "CONFIDENTIAL." The reporter shall then mark the portions of the transcript for which such warning was given as "CONFIDENTIAL." In the event counsel fails to designate as specified in this Paragraph, the provisions of Paragraph 9, *infra*, shall apply.

(c) For responses to interrogatories and requests to admit, the designation shall be placed next to each response containing Confidential Information, and the first page of the response shall also be stamped "CONFIDENTIAL."

3. Information designated as "CONFIDENTIAL" may be given, shown, disclosed, made available, or communicated only to the following persons:

(a) attorneys who have entered their appearance of record in this matter;

(b) paralegals, administrative, clerical, and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that all persons in or employed by any firm identified in this Order shall observe this Protective Order;

(c) the parties to this litigation;

(d) the Court and its employees;

(e) the jury that hears this case;

(f) independent experts and consultants who are not employees of or affiliated with the parties which are retained by the parties, and qualified for access as provided in paragraphs 4 and 5 of this Order; and

(g) designated technical persons employed by each party who need to be consulted by counsel, in the discretion of such counsel, in preparation for trial of this case.

4. Each party may qualify up to two experts and up to three consultants who are not employees of or affiliated with the party for access to Confidential Information designated as "CONFIDENTIAL" by having such expert or consultant execute an undertaking acknowledging

that such expert or consultant has read this Protective Order and agrees to be bound by its terms, as provided in the attached Exhibit A. Such experts or consultants may be given access to information designated as "CONFIDENTIAL" without notice or approval by the other party.

5.    Confidential Information shall be used solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function. Except for in-house counsel, executives and the designated technical person, all Confidential Information designated hereunder shall be kept in a separate and secure place at the offices of persons qualified by the terms of this Order to have access to such Confidential Information. Access to Confidential Information shall be permitted only to those persons appropriately qualified under this Protective Order as persons properly having access to Confidential Information.

6.    All documents containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the word, "CONFIDENTIAL" and a statement substantially in the following form:

> By order of the Court, entered on [date], this envelope is to remain sealed and the Clerk of the Court shall not reveal the contents thereof to any person without further order of this Court. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. The Clerk shall maintain such documents under seal, except that any judge or magistrate exercising responsibility in this case, and their legal, administrative, secretarial or clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this case.

7.     Documents or information designated for protection pursuant to this Protective Order may be introduced into evidence or otherwise disclosed in confidential Court proceedings after notice to counsel and all parties. All such documents or information shall continue to be subject to this Protective Order.

8.     Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as that party may consider appropriate nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate in view of that party's need to disclose such information to persons other than those qualified under this Protective Order.

9.     The inadvertent or unintended disclosure in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents; provided that the discovery of the inadvertent disclosure is made in timely fashion following the disclosure and prompt written notice of the claim of confidentiality is given.

10.     A party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court, including a

demand for costs and attorneys' fees for the motion involved, which costs and fees may be awarded if the Court finds that the designation was made or maintained without substantial justification. The party seeking to protect information shall have the burden of proving the appropriateness of the designation.

11. No person may utilize or disclose to any person, in public or in private, information and/or documents designated hereunder, except as set forth in this Order. Nothing herein shall prevent disclosure of any Confidential Information by the party producing such information or to any employee of the producing party or any non-party entity who authored or received the Confidential Information prior to its designation under this Order. This Protective Order does not apply to information and/or documents acquired other than through this proceeding, the rights of the parties with respect to such other acquired information being separately determined.

12. Upon termination of this litigation, the originals and all copies of Confidential Information shall be turned over to the party or non-party who produced such material, or to its counsel, or by agreement of counsel for the parties such copies may be destroyed and such destruction verified, except that one copy of such materials appended to pleadings may be retained in the files of Trial Counsel.

13. Either party may seek modification of this Order upon motion and for good cause shown, by alleging specific changes and specific grounds.

STIPULATED AND AGREED TO this____ day of April, 2003.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By:______________________________
Lisa F. Mann
Angelo J. Artuso
Attorneys for Plaintiffs
P.O. Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1894

BAUMAN, DOW, McINTOSH & LEON

By:______________________________
Christopher P. Bauman
Alberto Leon
Attorneys for Defendant
P.O. Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191

**ORDER**

IT IS SO ORDERED.

DATED this______day of April, 2003.

______________________________
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs,

v. NO. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.

Defendant.

**DECLARATION UNDER PROTECTIVE ORDER**

I, ______________________________ declare as follows:

1. My address is ______________________________. My present employer is ________________. My present job position is ______________________.

2. I have read the Stipulated Protective Order entered in *Seaba v. MesoSystems Technology, Inc.*, United States District Court, District of New Mexico, Civ. No. 02-103 LH/RHS.

3. I agree to abide by and be bound by the provisions of the Stipulated Protective Order, and agree that I will hold in confidence all materials designated as "Confidential" or"Proprietary" or marked with a similar notice, all copies, notes or other records containing or referring to Confidential Information, and the substance or contents of such materials, and I agree to use such information solely for the purposes of this action.

4. I understand that I am to retain all of the materials that I receive that are Confidential Information, and that such materials are to remain in my custody until I have completed my assigned duties. I further understand that, upon completion of my assigned duties, such materials are to be returned to the counsel or party by whom I have been retained or who has provided such materials to me or destroyed.

5. To assure my compliance with the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court for the limited purpose of any proceedings relating to performance under, compliance with, or violation of the Stipulated Protective Order. I further acknowledge that contempt sanctions may be entered against me for violation of this Order.

6. I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

Dated:_______________

Signed:_______________________________

Printed Name:_______________________________

0291863

**BAUMAN, DOW, McINTOSH & LEÓN**
**A PROFESSIONAL CORPORATION**
ATTORNEYS AT LAW

*Street Address:*
*7309 Indian School Road NE*
*Albuquerque, New Mexico 87110*

*Telephone: 505.883.3191*
*Fax: 505.883.3194*
*E-Mail: aal@bdmlawfirm.com*

*Mailing Address:*
*Post Office Box 30684*
*Albuquerque, New Mexico 87190-0684*

April 24, 2003

**VIA FACSIMILE (505) 848-1891**

Angelo J. Artuso, Esq.
MODRALL LAW FIRM
500 4th St. NW #1000
Albuquerque, NM 87103

**RE:** ***Seaba, et al. v. MesoSystems Technology, Inc. – Various Pending Issues***

Dear Mr. Artuso:

This follows up on our April 23, 2003 telephone conversation concerning the referenced matter. I have obtained some information concerning the depositions your office would like to take according to your request of April _, 2003. As you know, Dr. Chellapa is not a party or a managing agent of a party in the referenced case. Dr. Chellapa is an employee of MesoFuels, Inc. Therefore, you will probably have to subpoena him. Because our office represents MesoFuels as well as MesoSystems, we would be willing to accept service of the subpoena on his behalf if we can reach agreement on a mutually acceptable date and time for the deposition.

Mr. Schallop is available to be deposed on the 8th or 9th of May, 2003. As you know, Mr. Schallop resides and works in Phoenix, Arizona. Accordingly, his deposition will have to take place at a convenient location in the Phoenix, Arizona area.

Dr. Powell is available to be deposed on the 15th or the 16th of May, 2003. As you also know, Dr. Powell resides and works in the Kennewick, Washington area. Accordingly, his deposition will have to take place at a convenient location in Kennewick, Washington.

We have reviewed your office's proposed protective order we received in response to the protective order we transmitted to you in August of 2002. The changes you propose are unacceptable to our client. MesoSytems Technology will only agree to a protective order with appropriate ATTORNEY'S EYES ONLY protections. As you know, we are seeking to protect important trade secret information of MesoSystems. It would be highly prejudicial to MesoSystems if your clients gained access to that kind of information in light of their admitted activities in competition with MesoSystems. Further, and as shown in the pending Motion to Dismiss and for Sanctions, your client's competing activities have not been limited to those they have already admitted to. Moreover, your clients still work in the very same technical areas in which MesoSystems and its subsidiaries are involved for entities which effectively compete against MesoSystems.

EXHIBIT
C

I have not received the information you requested concerning the person who falls within the description in your letter concerning MesoSystems' computer server. As soon as I get that information, I will pass it on to you.

Finally, this confirms my request to you of available dates for the depositions of Mrs. Seaba and Mrs. Phillips.

Very truly yours,

BAUMAN, DOW, McINTOSH & LEÓN, P.C.

By: ______________________
Alberto A. León, Esq.

F:\MesoSystem Technology\Correspondence\4-24-03ArtusoLet doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs,

v.

Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

Defendant's Answers to

**PLAINTIFF JAMES SEABA'S**
**FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

In accordance with Fed.R.Civ.P. 34, Defendant MesoSystems Technology, Inc. ("MesoSystems," "you," or "your") is hereby requested to produce the following documents and things for inspection and copying within thirty (30) days after the service of these requests.

EXHIBIT
D

**REQUEST FOR PRODUCTION No. 2:** Please produce a copy of all annual reports and tax returns for MesoSystems Technology, Inc., and all of its parent, subsidiary, and affiliated business entities for the years 2000 through 2002.

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the complaint.

MesoSystems further objects to this request to the extent that it requests tax returns for MesoSystems and any parent, subsidiary or affiliated companies on the ground that such information is highly sensitive and confidential. MesoSystems and its affiliated companies are not publicly traded companies. Therefore, any documents related to their financial condition are private and confidential. Moreover, plaintiffs have formed and are operating a company that directly competes with MesoSystems and its subsidiary, MesoFuel. The disclosure of highly sensitive and confidential documents related to the financial position of MesoSystems and MesoFuel to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel. MesoSystems will not produce any tax return documents absent an appropriate protective order issued by the court. Without waiving these objections, MesoSystems responds as follows:

MesoSystems will produce the annual reports for MesoSystems Technology, Inc., MesoFuel, Inc. and BioDetect, Inc.



COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs,

v. Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

Defendants.

**DEFENDANT'S RESPONSES TO PLAINTIFF CORY PHILLIPS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

**REQUEST FOR PRODUCTION NO. 1:** Please produce a copy of all tax returns for MesoSystems Techonology, Inc., and all of its parent, subsidiary, and affiliated business entities for the years 2000 through 2002.

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the amended complaint.

MesoSystems further objects to this request to the extent that it requests tax returns for MesoSystems and any parent, subsidiary of affiliated companies on the ground that such information is highly sensitive and confidential. MesoSystems and its affiliated companies are not publicly traded companies. Therefore, any documents

EXHIBIT
L

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the amended complaint.

MesoSystems further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine. MesoSystems further objects to the form of this request because it is based on the premise that MesoSystems terminated Phillips, whereas MesoSystems' position is that Phillips constructively resigned by refusing to meet with Dr. Call on December 6, 2001. Without waiving these objections, MesoSystems responds as follows:

Documents responsive to this request have already been produced by MesoSystems in response to Plaintiff Seaba's Request for Production No. 8. Duplicative copies will be made available at Plaintiff Phillips' request and cost.

**REQUEST FOR PRODUCTION NO. 7:** Please provide all documents that refer to, relate to, or are otherwise concerned with MesoSystems' board of directors' meetings for the years 2000 through 2002. Your response should include, but not be limited to agendas, minutes, and voting records.

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged

any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the amended complaint.

MesoSystems further objects to this request on the ground that it seeks documents that are sensitive and confidential. MesoSystems is not a publicly traded company. Documents related to its Board of Directors' Meetings are not public information, and contain confidential, sensitive and proprietary information. Moreover, plaintiffs have formed and are operating a company that directly competes with MesoSystems and its subsidiary, MesoFuel. The disclosure of sensitive, confidential, and proprietary documents to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel. MesoSystems will not produce any documents related to its Board of Directors' Meetings absent an appropriate protective order issued by the court.

**REQUEST FOR PRODUCTION NO. 8**:   Please produce a copy of all documents that refer to, relate to, or are otherwise concerned with the formation of MesoFuel, Inc.

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore,

MesoSystems further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine.

MesoSystems further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.

Without waiving this objection, MesoSystems responds as follows:

Documents responsive to this request have already been produced by MesoSystems in response to Plaintiff Seaba's Request for Production No. 4. Duplicative copies will be made available at Plaintiff Phillips' request and cost.

**REQUEST FOR PRODUCTION NO. 22:** Please produce a copy of all documents that are concerned with or otherwise relate to "Quench Flame."

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the amended complaint.

MesoSystems further objects to this request on the ground that it seeks documents that are sensitive and confidential. MesoSystems is not a publicly traded company. Documents related to "Quench Flame" are not public information, and contain confidential, sensitive and proprietary information. Moreover, plaintiffs have formed and are operating a company that directly competes with MesoSystems and its subsidiary.

MesoFuel. The disclosure of sensitive, confidential, and proprietary documents to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel. MesoSystems will not produce any documents concerned with or related to "Quench Flame" absent an appropriate protective order issued by the court.

**REQUEST FOR PRODUCTION NO. 23:** Please produce a copy of all documents that are concerned with, or related to, any audit, inventory, inspection, or review of performance, for all Department of Defense contracts on which either Dr. James Seaba or Dr. Cory Phillips worked while employed by you.

**RESPONSE:**

MesoSystems objects to this request on the ground that discovery in this action is premature at this time. MesoSystems has not answered the amended complaint or alleged any potential affirmative defenses or counterclaims. Moreover, MesoSystems has a motion to dismiss or transfer for improper venue pending before the court. Therefore, discovery is premature until the court has had the opportunity to rule on MesoSystems' motion and until MesoSystems has had an opportunity to provide a substantive response to the amended complaint.

MesoSystems further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine.

MesoSystems further objects to this request on the ground that it seeks documents that are proprietary, sensitive, and confidential. Plaintiffs have formed and are operating a company that directly competes with MesoSystems. The disclosure of sensitive,

confidential, and proprietary documents to MesoSystem's direct competitors would cause serious harm to MesoSystems.

MesoSystems will not produce any documents concerned with or related to any audit, inventory, inspection, or review of performances, for all Department of Defense contracts on which either Dr. James Seaba or Dr. Cory Phillips worked while employed by MesoSystems absent an appropriate protective order issued by the court.

Respectfully submitted,

BAUMAN, DOW & McINTOSH, P.C.

By_________________________________

Christopher P. Bauman
Alberto A. Leon
PO Box 30684
Albuquerque, NM 87190-0684
(505) 883-3191

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

Plaintiffs.

v. Civ. No. 02-103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

**PLAINTIFF JAMES SEABA'S**
**SECOND REQUESTS FOR PRODUCTION TO DEFENDANT**
**AND DEFENDANT'S RESPONSES THERETO**

To: James Seaba and Cory Phillips
C/o Angelo Artuso, Esq., their attorney
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87102

In accordance with Fed. R. Civ. P. 34. Defendant MesoSystems Technology, Inc. ("MesoSystems," "you," or "your") is hereby requested to produce the following documents and things for inspection within thirty (30) days after the service of these requests.



**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION No. 1:** Please produce a copy of both the front and back sides of MesoSystems' check number 9704, dated 12/20/01 in the amount of $802.52 payable to James Seaba and check number 9571, dated 12/6/01 in the amount of $4,777.31 payable to James Seaba.

**RESPONSE:**

MesoSystems Technology, Inc. ("MesoSystems") objects to this request because it seeks documents that are already in the possession of James Seaba. Without waiving this objection, MesoSystems responds as follows:

MesoSystems issued check number 9704, dated December 20, 2001, to Seaba. However, MesoSystems has no evidence indicating that Seaba ever cashed or deposited that check. Therefore, MesoSystems does not have access to the back side of this check. Accordingly, MesoSystems will produce the front side of check number 9704.

MesoSystems issued check number 9571, dated December 6, 2001, to Seaba. However, MesoSystems has no evidence indicating that Seaba ever cashed or deposited that check. Therefore, MesoSystems does not have access to the back side of this check. Accordingly, MesoSystems will produce the front side of check number 9571.

**REQUEST FOR PRODUCTION No. 2:** Please produce a copy of all documents that refer to, relate to, or are otherwise concerned with the "ongoing relationship" between MesoSystems and RBC Dain Rauscher as alleged in paragraph 12 of your Counterclaim.

**RESPONSE:**

MesoSystems objects to this request on the ground that it seeks documents that contain sensitive, confidential and proprietary information.  Plaintiffs have formed a company that is designed to directly compete with MesoSystems and its subsidiary, MesoFuel, Inc.  The disclosure of documents containing sensitive, confidential and proprietary information to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel.

MesoSystems will not produce any documents that refer or relate to or are otherwise concerned with the ongoing relationship between it and RBC Dain Rauscher absent an appropriate protective order issued by the Court.

**REQUEST FOR PRODUCTION No. 3:**  Please produce a copy of all documents that refer to, relate to, or are otherwise concerned with travel expenses incurred by James Seaba and which you have not reimbursed, as set forth in paragraph 30 of your Answer.

**RESPONSE:**

MesoSystems objects to this request to the extent that it seeks documents that are already in the possession of James Seaba.  The request seeks "all documents that refer to, relate to, or are otherwise concerned with travel expenses incurred by James Seaba and which you have not reimbursed."  Seaba, as the person incurring the travel expenses and seeking reimbursement therefor, necessarily must possess the documents and information that related to his travel expenses and reimbursements therefor.  Therefore, this request is overly burdensome and duplicative in that it requests documents that Seaba already possesses.  As

such, it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, MesoSystems responds as follows:

There are no responsive documents because MesoSystems has reimbursed Seaba for all travel expenses incurred on behalf of MesoSystems.

**REQUEST FOR PRODUCTION No. 4:** Please produce a complete copy of all documents that you have received from any private investigator that you hired to investigate either Dr. Cory Phillips, Dr. James Seaba, or both.

**RESPONSE:**

MesoSystems objects to this request on the ground that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION No. 5:** Please produce a copy of all contracts in effect between you and RTI between September 1, 2001 and December 31, 2001.

**RESPONSE:**

MesoSystems objects to this request on the ground that it seeks documents that are neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have made no allegations in their First Amended Complaint and MesoSystems has made no allegations in its Answer and Counterclaim related to RTI. Therefore, the relationship between MesoSystems and RTI is not at issue in this action and the production of responsive documents is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this action.

MesoSystems further objects to this request on the ground that it seeks documents that contain sensitive, confidential and proprietary information. Plaintiffs have formed a company that is designed to directly compete with MesoSystems and its subsidiary, MesoFuel, Inc. The disclosure of documents containing sensitive, confidential and proprietary information to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel.

MesoSystems will not produce any contracts between it and RTI between September 1, 2001 and December 31, 2001 absent an appropriate protective order issued by the Court.

**REQUEST FOR PRODUCTION No. 6:** Please produce a copy of all correspondence, including but not limited to e-mail correspondence between you and RTI between September 1, 2001 and December 31, 2001.

**RESPONSE:**

MesoSystems objects to this request on the ground that it seeks documents that are neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have made no allegations in their First Amended Complaint and MesoSystems has made no allegations in its Answer and Counterclaim related to RTI. Therefore, the relationship between MesoSystems and RTI is not at issue in this action and the production of responsive documents is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this action.

MesoSystems further objects to this request on the ground that it seeks documents that contain sensitive, confidential and proprietary information. Plaintiffs have formed a company that is designed to directly compete with MesoSystems and its subsidiary,

MesoFuel, Inc. The disclosure of documents containing sensitive, confidential and proprietary information to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel.

MesoSystems will not produce any correspondence between it and RTI between September 1, 2001 and December 31, 2001 absent an appropriate protective order issued by the Court.

**REQUEST FOR PRODUCTION No. 7:** Please produce the computers used by James Seaba and Cory Phillips during their employment with MesoSystems.

**RESPONSE:**

MesoSystems objects to this request on the ground that it seeks the production of the original computers used by Plaintiffs during their employment. The contents of the hard drives of the computers contain sensitive, confidential and proprietary information. Plaintiffs have formed a company that is designed to directly compete with MesoSystems and its subsidiary, MesoFuel, Inc. Furthermore, prior to returning the computers to MesoSystems and after the cessation of Plaintiffs' employment with MesoSystems, Plaintiffs accessed, copied, printed, and deleted certain files from the computers. Production of the original computers, therefore, could result in the further spoliation of evidence by Plaintiffs. Additionally, the production of the computers containing sensitive, confidential and proprietary files and other information to MesoSystems' and MesoFuel's direct competitors would cause serious harm to MesoSystems and MesoFuel. Without waiving these objections, MesoSystems responds as follows:

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

Plaintiffs,

vs. No. CIV-02-0103 LH/WWD

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

EXCERPT OF THE DEPOSITION OF CHARLES J. CALL

April 4, 2003

9:00 a.m.

500 Fourth St., NW

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE this deposition was:

TAKEN BY: ANGELO J. ARTUSO

ATTORNEY FOR THE PLAINTIFFS



Q. Can you describe for me how it is that you believe Red Path Energy competed with MesoSystems?

A. Yes.

Q. Could you please do so.

A. Red Path Energy was -- my understanding of the purpose of that company was to develop micro reaction technology for hydrogen production for fuel cells, which is precisely what MesoFuel and MesoSystems are working on.

Q. Any other ways?

A. Well, they were competing then -- given that they have the exact same mission, they're competing for market, competing for financing, competing for intellectual property, competing for talent, potentially competing to develop relationships with the same strategic partners.

Q. Anything else?

A. Not that I can think of.

**Q. Did Red Path Energy ever receive a contract from anyone to do anything?**

**A. I don't know.**

**Q. Did Red Path Energy ever receive financing from anyone to do anything?**

**A. I don't know.**

**Q. Did Red Path Energy ever develop intellectual property that it claimed ownership to?**

A. I don't know.

Q. Did Red Path Energy ever hire anyone that you were trying to hire?

A. I don't know.

Q. Did Red Path Energy ever establish relationships with strategic partners that prohibited you or somehow prevented you from establishing similar relationships with strategic partners?

A. I don't know.

Q. Did Red Path Energy ever obtain financing that you had hoped would come to you?

A. I don't know.

Q. Could you list for me the business opportunities that you believe MesoFuel has lost as a result of any action by either Dr. Seaba or Dr. Phillips?

A. Could you restate the question?

Q. Sure. Well, first off, let me ask -- well, let me put it, has MesoFuel lost any business opportunities that you're aware of?

A. Not that I'm aware of.

Q. Has MesoSystems lost any business opportunities that you're aware of?

A. Not that I'm aware of. I'm not aware of any of the business activities that Red Path Energy engaged in.

Q. But you are not aware, as we're here today at