# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

03 JUN 10  PM 4: 13

JAMES SEABA and
CORY PHILLIPS,

              Plaintiffs,

v.                                                    Civ. No. 02-103  LH/RHS


MESOSYSTEMS TECHNOLOGY, INC.,

              Defendant.


## MESOSYSTEMS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND MOTION FOR PROTECTIVE ORDER


### I.     INTRODUCTION

Defendant MesoSystems Technology, Inc.. ("MesoSystems") hereby requests that the Court deny plaintiffs James Seaba and Cory Phillips' ("Plaintiffs") motion to compel. In their requests for production. Plaintiffs sought numerous documents that contain confidential, sensitive and/or proprietary information relating to MesoSystems' financial condition, relations with investors or potential investors, relations with entities with which MesoSystems conducts business (all of which are subject to nondisclosure agreements), and technological and other scientific processes under development by MesoSystems. MesoSystems has made every attempt to produce responsive documents and has produced hundreds of pages of discovery to Plaintiffs in this case. MesoSystems has not refused to provide Plaintiffs with requested information. Instead, MesoSystems has agreed to produce sensitive, confidential, and/or proprietary information subject to an appropriate Attorneys' Eyes Only protective order. It took Plaintiffs eight months to respond to MesoSystems' proposed Attorneys' Eyes Only protective order. When they

finally responded. Plaintiffs failed to engage in any discussion regarding the appropriate method to protect MesoSystems' confidential information and flatly rejected MesoSystems' Attorneys' Eyes Only proposal. Given the sensitive nature of the information sought in this case, combined with the fact that Plaintiffs have engaged in competitive activities against MesoSystems and its majority-owned subsidiary, MesoFuel, an Attorneys' Eyes Only protective order is not only appropriate, but absolutely necessary in this case.

## II.   STATEMENT OF FACTS

### A.   Factual Background

This case is about two former employees of MesoSystems who were hired, in part, to assist MesoSystems with the creation of a spin-off company whose business would focus on the development and manufacture of micro-reaction products for hydrogen generation, hydrogen purification and advanced thermal management technology. See Affidavit of Ned Godshall ("Godshall Aff."), ¶ 4. During Plaintiffs' brief three-month employment with MesoSystems, the parties were unable to come to terms on the creation of the spin-off company. See Defendant's Answer to First Amended Complaint and Counterclaim (hereinafter, "Counterclaim"), ¶ 3. However, Plaintiffs had access to and did learn sensitive, confidential and trade secret information during their tenure, including patent applications, drafts of business plans for the spin-off company, agreements between MesoSystems and other entities, and contact information related to investors. See Godshall Aff., ¶ 5.

After the cessation of Plaintiffs' employment on December 6, 2001, MesoSystems learned that Plaintiffs had formed a competing New Mexico corporation named Red Path Energy, Inc. ("Red Path Energy"), while they were still employees of MesoSystems. See Counterclaim, ¶ 6; Deposition of James Seaba ("Seaba Dep.") at 118:23-119:3, relevant excerpts of which are attached to the Affidavit of Alberto León ("León Aff.") as Exhibit A. The articles of incorporation for Red Path Energy reflect that Plaintiffs are the only

2

directors of Red Path Energy and that Red Path Energy was formed for the purpose of engaging in research and development of micro-reaction technology and other technologies, new products pertaining thereto, and new product applications. See Counterclaim, ¶ 6; Seaba Dep. at 122:4-12, 125:7-13. Plaintiffs incorporated Red Path Energy without MesoSystems' knowledge or participation. See Seaba Dep. at 122:4-12, 123:13-19, 124:18-22. MesoSystems has also learned that Plaintiffs have used the information related to potential and actual investors and MesoSystems' business plan for the spin-off company to solicit funding for their competing company, Red Path Energy. See Godshall Aff., ¶ 6; Seaba Dep. at 127:8-10, 130:14-24, 154:16-156:4, 157:2-21; Deposition of Cory Phillips ("Phillips Dep."), at 85:20-25, 120:18-121:8, 131:20-132:1, relevant excerpts of which are attached to León Aff. as Ex. B. Plaintiffs now work for entities that compete with MesoSystems and/or its majority-owned spin-off company, MesoFuel, Inc.

**B.    Background of Discovery**

On July 12, 2002, Seaba served his First Request for Production to Defendant ("Seaba's 1st RFP"). MesoSystems timely served its objections and responses to Seaba's 1st RFP on August 13, 2002. In its responses, MesoSystems objected to a number of requests on the basis, *inter alia*, that the documents sought were of a highly sensitive, proprietary and/or confidential nature. However, recognizing Plaintiffs' potential need to discover these documents, MesoSystems in good faith offered to produce numerous documents subject to entry of an appropriate protective order. On August 13, 2002, in conjunction with producing its responses to Seaba's 1st RFP, MesoSystems provided to Plaintiffs' counsel a proposed stipulated protective order. See León Aff., ¶ 5; Plaintiffs' Motion to Compel Defendant's Discovery Responses ("Motion"), Ex. A.

MesoSystems' proposed protective order would require that all documents that the producing party in good faith deemed confidential, sensitive or proprietary under the order would be designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and

produced to Plaintiffs' counsel. See Motion, Ex. A, ¶ 1. "Confidential Information" was

intended to include

> [A]ny information, documents, testimony or things furnished in the
> course of this litigation containing confidential and/or proprietary
> information that the producing party, in good faith, deems confidential
> and designates as such, including but not limited to (a) sensitive
> business and/or commercial information; (b) information or documents
> related to persons or entities not parties to this action; and/or (c)
> materials that the producing party may have an obligation to protect
> pursuant to protective orders in other actions or confidentiality
> agreements. Any such documents or information of a sensitive,
> confidential or proprietary nature . . . may be designated
> "CONFIDENTIAL--- ATTORNEYS EYES ONLY[.]" . . . as provided
> in Paragraph 2 hereof.

Id. Paragraph 2 of MesoSystems' proposed protective order set forth the proposed

procedure for designating confidential information as follows:

> "CONFIDENTIAL—-ATTORNEY[S] EYES ONLY" shall, unless
> otherwise agreed to by the parties, apply only to all Confidential
> information including, but not limited to, research notes, research
> notebooks, invention disclosure, all information related to patent
> applications, business plans, customer lists, sources of supply, sales,
> cost of good sold, profit margins, royalties, royalty rates, information
> relating to the sale of stock and similar financial information, costs of
> raw material, methods of manufacture, compositions of products,
> product design and formulations, product performance specifications,
> quality assurance specifications, and similar trade secret information,
> and information relating to research and development efforts including
> processes, formulas and products resulting from such research and
> development.

Id., ¶ 2(a). Documents designated "CONFIDENTIAL.—ATTORNEYS' EYES ONLY"

may be disclosed to attorneys in this action, support staff for such attorneys, independent

experts and consultants retained by the parties for this action, and a designated technical

person employed by each party who needs to be consulted by counsel. See id., ¶ 3.

    The proposed protective order also provides a procedure to govern the event that a

party disagrees with the other party's designation for protection. The proposed protective

order specified that no "party shall be precluded from claiming that any matter designated

hereunder is not entitled to protection, or that a lesser form of protection than designated

is appropriate in view of that party's need to disclose such information to persons other

4

than those qualified under this Protective Order." Id., ¶ 8. Furthermore, in the event that the requesting party "disagrees at any point in th[is] proceeding with any designation made under this Protective Order, the parties shall first try to dispose of such dispute in good faith on an informal basis." Id., ¶ 10. If the dispute cannot be resolved on an informal basis, then "the party objecting to the designation may seek appropriate relief from this Court, including a demand for costs and attorneys' fees for the motion involved, which costs and fees may be awarded if the Court find that the designation was made or maintained without substantial justification." Id. However, contrary to Plaintiffs' assertion in their Motion, MesoSystems' proposed protective order provides that the "party seeking to protect information shall have the burden of proving the appropriateness of the designation." Id.

After providing Plaintiffs with its proposed protective order on August 13, 2002, MesoSystems did not receive any feedback on the protective order until April 2003, *eight months later*. Instead, plaintiff Phillips issued a set of requests for production ("Phillips' 1st RFP") on September 6, 2002, prior to responding to MesoSystems' offer to enter into a stipulated protective order. MesoSystems responded to Phillips' 1st RFP on October 22, 2002,[1] again objecting to the production of sensitive, confidential, and proprietary documents absent a protective order. Even after receiving MesoSystems' written responses, Plaintiffs still failed to communicate with MesoSystems regarding the entry of an appropriate protective order. Furthermore, Plaintiffs made no attempts to compel production of documents withheld due to the absence of a protective order.

It was not until the first week of April 2003, during the deposition of Ned Godshall where MesoSystems' counsel objected to questioning that would reveal confidential, financial or trade secret information for either MesoSystems or MesoFuel, that Plaintiffs acknowledged the proposed protective order. See Deposition of Ned

---

[1] The parties specifically agreed to a fifteen-day extension (from October 7, 2002 to October 22, 2002) in the time for MesoSystems' to respond to Phillips' 1st RFP. See Leon Aff., ¶ 7.

Godshall at 8:11-19 (Mr. León:  "I believe that it was in August of 2002, we submitted a protective order for your consideration and we have never received any input or response or anything on it.  So, we are going to be objecting to any financial, strategic marketing, any trade secret confidential information of either MesoSystems or MesoFuel[] across the board.  We would be happy to work with you guys on a protective order so that information can be disclosed at a later time."), relevant excerpts of which are attached to the León Aff. as Ex. C.  At that time, Plaintiffs agreed to "pursue diligently an effort to get a protective order entered that [the parties] mutually agree on."  Id. at 8:22-23.  On April 16, 2003, Plaintiffs' counsel finally responded to MesoSystems' request for a stipulated protective order.  See Motion, Ex. B.  However, Plaintiffs removed the provision for "CONFIDENTIAL---ATTORNEYS' EYES ONLY" designations and replaced it with only an option for a "CONFIDENTIAL" designation, and provided that the parties to the litigation would have access to *all* documents subject to the protective order.  See id., Ex. B, ¶¶ 2, 3(c).  Under the protective order proposed by Plaintiffs, it would have been impossible to designate any documents as "Attorneys' Eyes Only."

On April 11, 2003, Plaintiffs issued Seaba's Second Set of Requests for Production ("Seaba's 2nd RFP"), to which MesoSystems timely responded on May 12, 2003.

On April 24, 2003, MesoSystems responded to Plaintiffs' proposed protective order, explaining that because of the issues in this case related to trade secrets, and because of MesoSystems' pending Motion for Dismissal and Sanction for Abuse of the Discovery Process by Plaintiffs, a protective order that does not allow for Attorneys' Eyes Only designations is unacceptable, especially given the nature of MesoSystems' counterclaims against Plaintiffs in this action and its claims against them in an action pending in Washington relating to Plaintiffs' competitive activities against MesoSystems. See Motion at Ex. C.  MesoSystems did not receive any response from Plaintiffs on this issue until it received Plaintiffs' motion to compel on May 27, 2003.  Plaintiffs have made

no attempt to negotiate with MesoSystems the terms of the protective order; instead, they are seeking to impose their proposed version, which allows Plaintiffs to gain access to highly sensitive, confidential, and/or proprietary information.

### III.   ARGUMENT

**A.   MesoSystems Has Reasonably Withheld Documents Pending Issuance of a Protective Order.**

Plaintiffs are seeking to compel the production of documents that contain sensitive, confidential, and/or proprietary/trade secret information. Despite the highly sensitive nature of these documents, MesoSystems has agreed to produce them subject to a protective order that provides for Attorneys' Eyes Only designation for such documents. However, the parties have been unable to come to terms on a mutually agreeable protective order.

Fed. R. Civ. P. 26(c)(7) allows for protective orders to provide limitations to a party's obligations to produce trade secrets or "other confidential research, development, or commercial information" including that such information "not be revealed or be revealed only in a designated way." Courts have recognized that a balance must be made between the right of the party seeking discovery and the right of the responding party to be protected from misuse of trade secrets by competitors. See Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981) ("The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure."); see also Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) (court "must balance the risk to [responding party] of inadvertent disclosure of trade secrets to competitors against the risk to [requesting party] that protection of [responding party's] trade secrets impaired prosecution of [requesting party's] claims"). The documents sought in the requests for production that are the subject of the present motion fall under this category and should be protected with an "attorneys' eyes only" protective order.

### 1.    Scaba's RFP 2

In Scaba's RFP 2, Scaba seeks all annual reports and tax returns for MesoSystems and all of its parent, subsidiary, and affiliated businesses for the years 2000 through 2002. Discovery of tax returns is generally disfavored. See, e.g., DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1982) ("Congress has guaranteed that federal income tax returns will be treated as confidential communications between a taxpayer and the government.") (citations omitted). To address this concern, courts have imposed a burden on the party seeking production of tax returns. Plaintiffs, as the party seeking production of federal corporate tax returns, have the burden to show that "(1) the returns are relevant to any of [their] claims or to any of [Defendant's] defenses, and (2) there is a compelling need for the returns." Hill v. McHenry, Civ. Action No. 99-2026-CM, 2002 U.S. Dist. LEXIS 8033, at *5 (D. Kan. Apr. 30, 2002) (denying production of corporate tax returns where requesting party failed to meet burden); see also Hilt v. SFC Inc., 170 F.R.D. 182, 189 (D. Kan. 1997) ("The courts have developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.") (citations omitted). The party seeking production has the "burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable." Hilt, 170 F.R.D. at 189 (citations omitted).

Here, MesoSystems and its affiliates are not publicly traded companies. See Godshall Aff., ¶ 7. Therefore, financial information, including their annual reports and tax returns are not public information and are considered confidential and sensitive information. See id. Plaintiffs have not met their burden of showing the relevance of annual reports and tax returns for MesoSystems and its affiliated companies.

Additionally, neither MesoSystems nor Plaintiffs have put MesoSystems' income at issue in the action.  See DeMasi, 669 F.2d at 120 n.8 ("Federal courts have generally refused to compel disclosure of income tax returns or related information from litigants who have not put their own income at issue.").

Although MesoSystems has the right to refuse production of its tax returns and other financial data, it has offered to produce the requested information, subject to an appropriate Attorneys' Eyes Only protective order.  An Attorneys' Eyes Only protective order is necessary for these documents because they contain sensitive confidential financial information about a private company, which information is not publicly disseminated or known.  Given that Plaintiffs have made efforts to compete with MesoSystems and its subsidiary, MesoFuel, such protection is necessary and warranted.

### 2.    Phillips' RFP 7

In Phillips' RFP 7, Plaintiffs seek production of all documents related to MesoSystems' board of directors meetings for the years 2000 through 2002.  MesoSystems objected on the basis that the requested documents are sensitive and confidential because MesoSystems is not a publicly traded company and such information is not generally available to the public.  Additionally, the board meeting minutes contain references to highly sensitive, confidential and proprietary information related to, *inter alia*, the valuation of MesoSystems' shares, finances, strategic business relationships and opportunities, stock option grants, marketing efforts, proprietary technology, and investment opportunities.  See Godshall Aff., ¶ 8.  Because Plaintiffs have taken steps to engage in business competitive to MesoSystems and MesoFuel, MesoSystems could be damaged if Plaintiffs were to have this information in their possession.

MesoSystems has not refused to produce such information.  Instead, MesoSystems has proposed producing these documents subject to an Attorneys' Eyes Only protective order so that Plaintiffs' counsel will be allowed to prepare for trial at the

same time protecting MesoSystems from disclosure of sensitive and confidential information to Plaintiffs to avoid any harm that could result from Plaintiffs' use of the information.

### 3.   Phillips' RFP 22

In Phillips' RFP 22, Plaintiffs seek production of all documents concerned or related to "Quench Flame." Quench Flame refers to technology developed by MesoSystems, which is subject to a pending patent application. See Godshall Aff., ¶ 9. Any documentation related to MesoSystems' development of Quench Flame is clearly a trade secret. See N.M. Stat. Ann. § 57-3A-2(D) (trade secrets defined as "information, including a formula, pattern, compilation, program, device, method, technique or process, that: (1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). Release of any pending patent application data to a party other than the U.S. Patent Office can void a patent. See Godshall Aff., ¶ 9. Thus, disclosure of any documents related to this technology prior to the patent issuing would be very damaging to MesoSystems, particularly because Plaintiffs presently work for competitors of against MesoSystems and its subsidiary, MesoFuel. See R&D Business Sys. v. Xerox Corp., 152 F.R.D. 195, 197 (D. Colo. 1993) (disclosure of trade secrets to competitors is more harmful than disclosure to noncompetitors).

Moreover, the importance of protecting patent applications is paramount:

> Patent applications are preserved in secrecy by both law, 35 U.S.C.
> § 122, and regulation, 37 C.F.R. § 1.14, for a reason. The integrity of
> the patent system is maintained in part by the inventors' understanding
> that their patent applications will remain secret until either the patents
> issue or the applications are otherwise published by the PTO.
> Breaches of this secrecy undermine the integrity of the patent system.

Eagle Comtronics, Inc. v. Arrow Communication Labs., Inc., 64 U.S.P.Q.2d (BNA) 1481, 2002 U.S. App. LEXIS 19150, at *19 (Fed. Cir. Sept. 17, 2002). As a result, MesoSystems should not be compelled to produce documents related to its pending patent without an appropriate Attorneys' Eyes Only protective order, to limit the dissemination of such highly sensitive, valuable, confidential, and proprietary trade secret information.

### 4.   Phillips' RFP 23

In Phillips' RFP 23, Plaintiffs seek production of all documents related to any audit, inventory, inspection, or review of performance for all Department of Defense contracts on which either Drs. Seaba or Phillips worked. MesoSystems objected to this request on the basis that, *inter alia*, such documents contain proprietary, sensitive and confidential information that should not be disclosed to Plaintiffs because Plaintiffs have engaged in competitive activities against MesoSystems and MesoFuel. Additionally, MesoSystems and MesoFuel are parties to hundreds of confidentiality agreements with entities with whom they conduct business, which agreements prohibit the disclosure of such information to third parties. See Godshall Aff., ¶ 10. MesoSystems is party to a confidentiality agreement with respect to the work it has performed for the Department of Defense. See id. Therefore, MesoSystems cannot disclose such information without violating its other contractual obligations. See id.

However, as with the other challenged requests, MesoSystems has offered to produce responsive documents subject to an Attorneys' Eyes Only protective order. An Attorneys' Eyes Only protective order adequately balances Plaintiffs' right to have their counsel review the information in preparation for trial, while at the same time protecting MesoSystems' right to protect proprietary, sensitive, and confidential information and preserve its contractual obligations to third parties.

### 5.   Seaba's 2nd RFP 2

Seaba's 2nd RFP 2 seeks documents related to the "ongoing relationship" between
MesoSystems and RBC Dain Rauscher. MesoSystems objected on the basis that the
request seeks documents that contain sensitive, confidential and proprietary information.
RBC Dain Rauscher is an entity with which MesoSystems has had a business relationship
and from which MesoSystems has been seeking funding. See Godshall Aff., ¶ 11. As
such, MesoSystems has revealed highly sensitive and proprietary information to RBC
Dain Rauscher. MesoSystems is also party to a confidentiality agreement with RBC Dain
Rauscher and cannot produce responsive documents without being in violation thereof.
See id. Discovery of confidential information related to investment transactions should
be protected. See, e.g., Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323, 326 (S.D.
Fla. 1985). Moreover, MesoSystems has learned that after Plaintiffs' employment with
MesoSystems ended, Plaintiffs contacted Jarrett Carson of RBC Dain Rauscher seeking
funding for their competing company, Red Path Energy. See Seaba Dep. at 127:8-10. As
a result, MesoSystems cannot produce responsive documents absent an appropriate
protective order.

### 6.   Seaba's 2nd RFP 4

Seaba's 2nd RFP 4 seeks documents received from any private investigator hired
by MesoSystems to investigate Drs. Seaba and Phillips. MesoSystems objected to this
request on the basis that any responsive documents are subject to the attorney-client
privilege and work product doctrine. MesoSystems is submitting herewith an amended
privilege log that reflects the privileged document at issue here. See León Aff., ¶ 9, and
Ex. D. Disclosure of information received from any private investigator indicates
MesoSystems' counsels' mental impressions and legal theories, and as such, are properly
protected by the work product doctrine. See, e.g., United States v. Nobles, 422 U.S. 225,
238-239, 95 S. Ct. 2160 (1975) ("At its core, the work-product doctrine shelters the
mental processes of the attorney, providing a privileged area within which he can analyze

and prepare his client's case.  But the doctrine is an intensely practical one, grounded in
the realities of litigation in our adversary system.  One of those realities is that attorneys
often must rely on the assistance of investigators and other agents in the compilation of
materials in preparation for trial.  It is therefore necessary that the doctrine protect
material prepared by agents for the attorney as well as those prepared by the attorney
himself.").  Information received by a private investigator is even protected as work
product where a party, not the attorney, hires the investigator in preparation for litigation.
See Fed. R. Civ. P. 26(b)(3) ("a party may obtain discovery of documents . . .otherwise
discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation
or for trial by or for another party or by or for that party's representative (including the
other party's attorney, consultant. . . . or agent) only upon a showing that the party
seeking discovery has substantial need of the materials in the preparation of the party's
case and that the party is unable without undue hardship to obtain the substantial
equivalent of the materials by other means"); see also Westhemeco Ltd. v. N. Hampshire
Ins. Co., 82 F.R.D. 702, 708 (S.D.N.Y. 1979) (work product protection applied to
documents prepared by defendant's investigator and noting that it was irrelevant whether
the investigator was hired by the defendant or by the defendant's attorney).  Therefore,
MesoSystems should not be compelled to produce responsive documents.

> ### 7.    Seaba's 2nd RFP 6

Seaba's 2nd RFP 6 seeks all correspondence between MesoSystems and RTI
between September 1, 2001 and December 31, 2001.  MesoSystems objected on the basis
that, *inter alia,* the documents requested contain sensitive, confidential and proprietary
information.  MesoSystems is a party to a confidentiality agreement with RTI and cannot
produce responsive documents without being in violation thereof.  See Godshall Aff.,
¶ 12.  In addition, parties are generally not required to produce to competitors
confidential documents related to contracts and communications with other business
entities.  See Everco Indus. v. O.E.M. Prods. Co., 362 F. Supp. 204, 206 (N.D. Ill. 1973)

("[I]t is important to remember that the Plaintiff and Defendant are competitors. By the very nature of the parties['] business relationships, there are certain documents which are confidential and should not be discovered without sufficient cause. The Defendant's request for *carte blanche* production of all contracts and communications between Plaintiff and certain other companies is not a properly defined request for production given the potentially confidential nature of many of the documents.") (citations omitted).

MesoSystems has offered to produce responsive documents subject to an Attorneys' Eyes Only protective order. An Attorneys' Eyes Only protective order adequately balances Plaintiffs' right to have their counsel review the information in preparation for trial, while at the same time protecting MesoSystems' right to protect proprietary, sensitive, and confidential information and preserve its contractual obligations to third parties.

**B.      MesoSystems' Proposed Protective Order is Appropriate in this Case**

Given the nature of this action, an Attorneys' Eyes Only protective order is appropriate. Plaintiffs have engaged in competitive activities against MesoSystems and its spin-off MesoFuel by incorporating Red Path Energy to engage in similar work that MesoFuel was created to perform, by using the business plan drafted for MesoFuel as the basis for Plaintiffs' business plan for Red Path Energy, and by seeking funding from investors whom Plaintiffs knew to be in negotiations with MesoSystems for investment in MesoFuel. Disclosure of sensitive, confidential and/or proprietary information to competitors is especially harmful. See Am. Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."); R&D Business Sys., 152 F.R.D. at 197 (same); Everco Indus., 362 F. Supp. at 206 (parties' status as competitors a factor in denying discovery of confidential information).

Moreover, Plaintiffs seek documents that would require MesoSystems to violate confidentiality agreements with third parties. Consequently, MesoSystems cannot

produce such documents to Plaintiffs without adequate protection to MesoSystems'
interests.

MesoSystems has not refused to produce responsive documents. Instead,
MesoSystems has offered to produce responsive documents subject to an Attorneys' Eyes
Only protective order. An Attorneys' Eyes Only protective order adequately balances
Plaintiffs' right to have their counsel review the information in preparation for trial, while
at the same time protecting MesoSystems' right to protect proprietary, sensitive, and
confidential information and preserve its contractual obligations to third parties.
Attorneys' Eyes Only protective orders have been allowed in similar cases. See, e.g.,
Medtronic Sofamor Danek, Inc. v. Michelson, 2003 U.S. Dist. LEXIS 8587, at *36 (W.D.
Tenn. May 13, 2003 (providing for "CONFIDENTIAL—ATTORNEYS' EYES ONLY"
designation for confidential or privileged documents recovered from electronic
databases); ICG Communications, Inc. v. Allgiance Telecom, 211 F.R.D. 610, 614 (N.D.
Cal. 2002) (where privacy concerns are evident, attorneys' eyes only protective order is
appropriate); Rowe Entm't, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 433
(S.D.N.Y. 2002) (providing for opposing counsel to review confidential documents
related to emails from competitors on an attorneys' eyes only basis: "Any purportedly
confidential or privileged document shall be retained on an attorneys'-eyes-only basis
until any dispute about the designation is resolved."); Ohm Resource Recovery Corp. v.
Indus. Fuels & Resources, Inc., 1991 U.S. Dist. LEXIS 10297, at *13-14 (N.D. Ind. July
24, 1991) ("[I]ssuance of a protective order is appropriate in this instance, since it appears
that the legitimate interests of both parties can be accommodated simply by restricting
disclosure of information designated by [defendant] as confidential to [plaintiff's] outside
counsel. Such a procedure would contemplate a mechanism for court review of
[defendant's] confidentiality designations, provide sufficient protection for [defendant's]
confidential business information and allow [plaintiff's] outside counsel complete access
to all of the information which [plaintiff] is seeking.").

Even in Centurion Indus., Inc., which Plaintiffs cite in their motion, the 10th Circuit found that an Attorneys' Eyes Only protective order adequately balanced the responding party's need for protection against improper disclosure of confidential information against the requesting party's need for the information in preparation for trial. 665 F.2d at 327. In that case, a third party challenged an order seeking it to disclose computer software trade secrets to a party in litigation. The court found that the requesting party satisfied the requirement that the disclosure of trade secrets was relevant and necessary to the action. However, the court acknowledged that such trade secrets should be protected with appropriate safeguards, which in that case included the issuance of an Attorneys' Eyes Only protective order. Similarly, because the discovery requests seek highly sensitive, confidential and proprietary information, an Attorneys' Eyes Only protective order is appropriate in this matter.

## IV.    CONCLUSION

For the foregoing reasons, MesoSystems respectfully requests that the Court deny Plaintiffs' motion, and award MesoSystems its attorneys' fees and costs in responding to this motion.

DATED: June 10, 2003.

BAUMAN, DOW, McINTOSH & LEÓN, P.C.

By:_____

Alberto A. León
Christopher P. Bauman
Attorneys for Defendant
P. O. Box 30684
Albuquerque, New Mexico 87190-0684
(505) 883-3191

16

I HEREBY CERTIFY that a true
and correct copy of the foregoing
was mailed to counsel of record
this 10th day of June, 2003.

_____

Alberto A. León