IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES SEABA and**
**CORY PHILLIPS,**

      **Plaintiffs,**

v.

**MESOSYSTEMS TECHNOLOGY, INC.,**

      **Defendant.**

Civ. No. 02-103 LH/RHS

### AFFIDAVIT OF NED GODSHALL IN SUPPORT OF MESOSYSTEMS' OPPOSITIONS TO PLAINTIFFS' MOTIONS TO COMPEL

STATE OF NEW MEXICO    )
                                    ) ss.
COUNTY OF BERNALILLO    )

Ned A. Godshall, being first duly sworn upon oath, states as follows:

1. I am the Chief Executive Officer for MesoFuel, Inc. ("MesoFuel"). MesoFuel is a majority-owned subsidiary of MesoSystems Technology, Inc. ("MesoSystems"), the defendant in this action. I am the authorized representative of MesoSystems with respect to this litigation.

2. I have personal knowledge of the matters stated herein.

3. I submit this affidavit in support of Defendant's Opposition to Plaintiffs' Motion to Compel Defendant's Discovery Responses and Motion for Protective Order and Defendant's Opposition to Plaintiffs' Motion to Compel Defendant to Conduct a Complete Search of All Electronic Assets for Documents Responsive to Discovery Requests and to Produce Laptop Computer for Inspection.

4. Plaintiffs James Seaba and Cory Phillips are two former employees of MesoSystems who were hired, in part, to assist MesoSystems with the creation of a spin-off company. The spin-off company's intended business would focus on the development



and manufacture of micro-reaction products for hydrogen generation, hydrogen purification and advanced thermal management technology.

5. During Plaintiffs' brief three-month employment with MesoSystems, Plaintiffs had access to and did learn sensitive, confidential and trade secret information during their tenure, including patent applications, drafts of business plans for the spin-off company, agreements between MesoSystems and other entities, and contact information related to investors.

6. After the cessation of Plaintiffs' employment on December 6, 2001, MesoSystems learned that Plaintiffs had formed a competing New Mexico corporation named Red Path Energy, Inc. ("Red Path Energy"), while they were still employees of MesoSystems. MesoSystems has also learned that Plaintiffs have used the information related to potential and actual investors and MesoSystems' business plan for the spin-off company to solicit funding for their competing company, Red Path Energy.

7. MesoSystems and its affiliates, MesoFuel and BioDetect, are not publicly traded companies. Financial information relating to these companies, including their annual reports and tax returns, are not public information and are considered highly confidential and business sensitive information.

8. Minutes from MesoSystems' Board of Directors meetings contain references to highly sensitive, confidential and proprietary business information related to, among other things, the valuation of MesoSystems' shares, finances, strategic business relationships and opportunities, stock option grants, marketing efforts, proprietary technology, and investment opportunities.

9. "Quench Flame" refers to technology developed by MesoSystems, which is subject to a pending patent application. MesoSystems closely guards its documentation related to MesoSystems' development of Quench Flame, and considers it to be a trade secret. Release of any pending patent application data to a party other than the U.S. Patent Office (USPTO) can void a patent.

10.     As high-technology companies, MesoSystems and MesoFuel are parties to hundreds of confidentiality agreements with entities with whom they conduct business, which agreements prohibit the disclosure of information governed by the agreements to third parties. MesoSystems is party to a confidentiality agreement with respect to the work it has performed for the Department of Defense. Therefore, MesoSystems cannot disclose such information without violating its other contractual obligations.

11.     MesoSystems is also a party to a confidentiality agreement with RBC Dain Rauscher. RBC Dain Rauscher is an entity with which MesoSystems has had a business relationship and from which MesoSystems has been seeking funding. Due to the confidentiality agreement with RBC Dain Rauscher, MesoSystems cannot produce responsive documents without being in violation thereof.

12.     MesoSystems is also party to a confidentiality agreement with RTI and cannot produce responsive documents without being in violation thereof.

13.     When MesoSystems received Plaintiffs' various requests for production of documents, MesoSystems directed its employees to search their computers for all emails related to Plaintiffs. Each employee sent responsive documents to Samantha League, MesoSystems' Information Services (IS) administrator in its Kennewick, Washington office.

14.     In order to comply with Plaintiffs' new request to conduct a search of all electronic files for responsive documents, MesoSystems estimates that it will cost approximately $40,000. This amount is broken down in the following paragraphs.

15.     In order to recover data from the server in MesoSystems' Albuquerque office, it will take over seven hours per backup tape to recover responsive documents, at a rate of $105 per hour. There are eighteen backup tapes that need to be recovered from this location, for an estimated cost of $13,500.

16.     In order to recover data from the server in MesoSystems' Kennewick office, MesoSystems needs to obtain off-site assistance. This is because MesoSystems

only has one server available in Kennewick and cannot take the server down to perform the recovery efforts. It will take approximately three hours per backup tape to recover responsive documents, at a rate of $105 per hour. There are five backup tapes that need to be recovered from this location, for an estimated cost of $1,575.

17. In order to recover email mailboxes from the servers, it will take approximately three hours per mailbox, at a rate of $105 per hour, for a total of approximately $315 per mailbox. If MesoSystems were to recover all mailboxes for all 52 employees that were employed by MesoSystems in 2001, the cost would be approximately $16,400.

18. In addition to the other costs to recover the requested electronic data in Albuquerque, it will take approximately 150 hours for a computer person to perform the above-listed recovery work, at an hourly rate of $57.68, for an estimated total of $8,652.

19. MesoSystems also does not have a policy regarding retention of emails.

20. It is unlikely that MesoSystems will benefit from the recovery of deleted emails or information from the backup tapes because the data stored on the backup tapes was for the purpose of recovering data in the event of a catastrophic event that leads to the destruction of the data on the server. The only likely pertinent data from this will simply be a duplication of what MesoSystems already provided in its original discovery responses.

21. MesoSystems is not a company with unlimited resources. In fact, MesoSystems, a small, entrepreneurial company, is still struggling to become profitable.

22. MesoSystems has still not yet been reimbursed by Plaintiffs for its out-of-pocket expenses associated with their previous discovery requests for laptop hard drive copies.

_____
Ned A. Godshall

SUBSCRIBED and SWORN to before me this 10th day of June, 2003.

OFFICIAL SEAL
Phyllis L. Blair
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12/22/04

Phyllis L. Blair
Print Name:
Notary Public in and for the State of New
Mexico, residing at 1001 Menaul NE Abq NM 87107
My commission expires: 12/22/04

I HEREBY CERTIFY that a true
And correct copy of the foregoing
was mailed to counsel of record
this 10th day of June, 2003.

_____
Alberto M. Lujan