

**FILED**
UNITED STATES DISTRICT COURT
... MEXICO

JUN 18 2003

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JAMES SEABA and CORY PHILLIPS, | |
| Plaintiffs, | |
| v. | CIV No. 02-103 LH/RHS |
| MESOSYSTEMS TECHNOLOGY, INC., | |
| Defendant. | |

**AFFIDAVIT OF NED A. GODSHALL IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND FOR ATTORNEY'S FEES AND COSTS AS SANCTIONS, FOR <u>PLAINTIFFS' ABUSE OF THE DISCOVERY PROCESS</u>**

STATE OF NEW MEXICO  )
                     ) ss.
COUNTY OF BERNALILLO )

Ned A. Godshall, upon his oath states the following to be true and correct:

1. I am employed as President and Chief Executive Officer of MesoFuel, Inc. a majority-owned and controlled subsidiary of MesoSystems Technology, Inc. ("MesoSystems"), located in Kennewick, Washington and Albuquerque, New Mexico. I have personal knowledge of the facts stated in this affidavit.

2. In January of 2002, I designed and directed a chain of custody procedure to handle the receipt, storage and subsequent delivery for examination, two laptop computers which had been used by James Seaba and Cory Phillips during their employment at MesoSystems in anticipation of receiving those computers from their attorneys.



1

3. On January 30, 2002, Ms. Lisa Albrecht, a then MesoSystems' employee, received the computers and other items returned by a courier from Seaba's and Phillips' attorneys and stored them in a locked file cabinet. The chain of custody procedure I established required that Ms. Albrecht would be the only person with access to the locked file cabinet containing the laptop computers. In an abundance of caution, MesoSystems' chain of custody procedure also required an entry into a Chain of Custody Log every time Ms. Albrecht accessed the locked file cabinet, even if the access took place in connection with other items stored therein.

4. On February 7, 2002, Ms. Albrecht accessed the locked cabinet and removed a coated foam block and gave that material to Ms. Rhonda Lujan, a then MesoFuel employee. Ms. Lujan was charged with sending the foam block for analysis to determine whether this valuable material was still usable after Mr. Phillips unlawfully retained that valuable MesoSystems' research and development material for several months. Ms. Lujan's signature corresponding to that entry appears in a separate section of the Log labeled "Shipping Log" and not in the "Chain of Custody" section.

5. No one but Ms. Albrecht had access to the locked file cabinet during the 11 days the computers were stored therein. Ms. Albrecht retained sole possession of the only key known to open that cabinet. There were no other items stored in that file cabinet during those 11 days which required any kind of access by anyone else.

6. At my direction, MesoSystems included the Log in the same container as the computers upon shipment to NTI for analysis.

2

7. As of the filing of this Reply, MesoSystems had incurred over $50,000.00 in computer media analysis and attorney's fees and costs in relation with trying to recover the information and materials Plaintiffs deleted and in pursuing its Motion to Dismiss.

8. MesoSystems will have to spend additional amounts to ascertain the full extent of the damage Plaintiffs caused and to try to recover the bulk of the documents and materials Plaintiffs deleted.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ned A. Godshall

STATE OF NEW MEXICO    )
                       ) ss.
COUNTY OF BERNALILLO   )

This instrument was acknowledged before me by Ned A. Godshall this 17 day of June, 2003.

_____
NOTARY PUBLIC

My Commission Expires:

12/22/04



OFFICIAL SEAL
Phyllis L. Blair
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12/22/04

F/MesoSystems/Pldgs/Affidavit of Ned A. Godshall 2

3