IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

JAMES SEABA and
CORY PHILLIPS,

03 JUN 24 PM 3: 26

Plaintiffs,

v.                                                    Civ. No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

Defendant.

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

In MesoSystems' Opposition to Plaintiffs' Motion to Compel Defendant's Discovery Responses and Motion for Protective Order ("Defendant's Response"), Defendant claims not to have refused to produce responsive documents, but only to have refused to produce the documents unless they are subject to an "Attorneys' Eyes Only" protective order. This case does not warrant the extraordinary act of an Attorneys' Eyes Only protective order. Defendant's Response thus fails to excuse its refusal to produce the documents requested by Plaintiffs. For the reasons stated in its Motion to Compel, and the reasons herein, Plaintiffs respectfully request that their motion be granted.

### ARGUMENT

Defendant refuses to comply with Plaintiffs' discovery requests on the grounds that the documents contain "sensitive, confidential, and/or proprietary/trade secret information." *See* Defendant's Response at 7. Defendant seeks an "Attorneys' Eyes Only" protective order which



would preclude Plaintiffs from reviewing any documents produced by the Defendant. Defendant's position is unwarranted. Nothing in this case or the Federal Rules of Civil Procedure require the imposition of such a restrictive order. A protective order should be narrowly tailored. Plaintiffs' proposed protective order offers more than adequate protection for the information that Defendant seeks to protect.

### I. DEFENDANT HAS FAILED TO ESTABLISH THAT THE WITHHELD DOCUMENTS CONTAIN CONFIDENTIAL INFORMATION.

A party resisting discovery under Fed.R.Civ.P. 26(c)(7) must first establish that the information sought comes within the protection of the Rule, in that it is a trade secret or other confidential commercial information, and that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F. 2d 323, 325 (10th Cir. 1981). Defendant has made it impossible for Plaintiffs to determine whether Defendant's objections on the grounds of confidentiality are proper or improper. While Defendant proffers that the withheld documents contain confidential material and/or trade secrets, it has failed to provide Plaintiffs with any documents responsive to the requests, and has failed to produce a log from which its claims could be evaluated.

In addition, Defendants have failed to allege any potential injury that would result from disclosure of the documents under Plaintiffs' proposed protective order. *See United States v. Hooker Chem. & Plastics Corp.*, 90 FRD 421 (W.D.N.Y. 1981) (conclusory statements of injury are insufficient). Defendant has no actual knowledge or evidence of any competitive harm arising from the Plaintiffs. Moreover, Defendant can cite to no specific threat of harm that would result from the disclosure of the documents beyond the general concerns that any corporation involved in litigation would have.

2

## II. THE DOCUMENTS REQUESTED BY PLAINTIFFS ARE RELEVANT AND NECESSARY TO PLAINTIFFS' CASE.

Presuming that the documents in question are subject to the protections of Rule 26(c)(7), the burden shifts to the party seeking discovery to show that disclosure of the information is relevant and necessary to the action. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F. 2d 323, 325 (10th Cir. 1981). In this case, Plaintiffs' have requested materials relevant to the negotiations and representations made to them by MesoSystems and its agents, employees and subsidiaries. The communications and documents requested by Plaintiffs will go to establish Plaintiffs' claims for fraud, breach of contract, and misrepresentation. While Defendant proclaims to object to the disclosure of the requested documents, of the seven discovery requests that form the basis of Plaintiffs' Motion to Compel, Defendant indicates that responsive documents will be produced with respect to six of them. *See* Defendant's Response at 7 (MesoSystems had agreed to produce [the documents] subject to a protective order).

The last category of documents, documents received from Defendant's private investigator hired to investigate Plaintiffs, are also relevant and necessary to Plaintiffs' claims. Defendant refuses to produce these documents under the auspices of the work-product doctrine. However, Defendant waived any privilege or work product claim when it attached the affidavit of Mr. Hamic as an exhibit to its Supplement to its Reply in Support of Motion to Dismiss *(Doc. No. 28)*. Plaintiffs are entitled to inspect and examine the documents upon which Mr. Hamic's testimony is based.

3

## III. DEFENDANT'S PROPOSED PROTECTIVE ORDER IS NOT NARROWLY TAILORED AND UNREASONABLY RESTRICTS PLAINTIFFS' ABILITY TO PARTICIPATE IN AND PROSECUTE THEIR CLAIMS.

If disclosure of the materials is ordered, it is within the Court's sound discretion to decide the appropriate safeguards that should attend their disclosure. *Centurion*, 665 F.2d at 326. Confidentiality orders should be narrowly tailored, however, and blanket protective orders are generally not appropriate. *See Plair v. E.J. Brach & Sons, Inc.*, 1996 W.L. 67975, *3 (N.D. Ill Feb. 15, 1996).

In this case, Plaintiffs' proposed protective order more than adequately protects the documents and discovery in the case from dissemination. On the other hand, Defendant's proposed order places unreasonable restrictions on Plaintiffs' ability to participate in the prosecution of their case and to assist their counsel in recognizing material facts and evidence. Moreover, Defendant has asserted counterclaims against Plaintiffs. Plaintiffs are entitled to see the content of the documents that will be used against them in order to properly defend themselves against Defendant's allegations.

Plaintiffs' proposed protective order provides that Plaintiffs are willing to agree to restrict the use of any information obtained to this litigation and that Plaintiffs will not use the information for any business, competitive or commercial purpose or function. Defendant has failed to show that the materials requested by Plaintiffs in this case should be produced under the blanket restriction of an "Attorneys Eyes Only" order. Rather, Plaintiffs request that their proposed Order be entered, so that the burden of establishing that individual documents are entitled to greater protection lies where it belongs, with the producing party.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in Plaintiffs' Motion to Compel, Plaintiffs respectfully request that the Court enter its Order granting the Motion to Compel, together with an award of fees and costs incurred in bringing this motion and such other and further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Lisa Mann
Angelo J. Artuso
*Attorneys for Plaintiffs*
Post Office Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: 505.848.1800

WE HEREBY CERTIFY that a true
and correct copy of the foregoing pleading
was hand-delivered to Defendant's counsel of
record, Bauman, Dow, McIntosh & Leon, P.C. and
mailed to all other counsel of record this
24th day of June, 2003.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: *Angelo J. Artuso*
Angelo J. Artuso

W0306767.DOC