UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 JUN 24  PM 4: 11

JAMES SEABA and CORY PHILLIPS,

    Plaintiffs,

    v.

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

NO. 02-CV-103 LH/RHS

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Defendant, MesoSystems Technology, Inc. ["MesoSystems"]. by and through its attorneys of record, Bauman, Dow, McIntosh & León, P.C. (Alberto A. León) respectfully replies to Plaintiffs' Response in Opposition to Defendant's Motion to Compel (the "Response") as follows.

**Nancy Seaba Printer Testimony**

In response to MesoSystem's request that Nancy Seaba testify as to the brand of printer she owns, the Plaintiffs respond that the printer is a "Canon" printer. In order for this information to be of any use to MesoSystems, further information regarding the type and model of the specific printer is required. If Plaintiffs are willing to supplement this response as indicated in the Response, then this information will be adequate as to that request.



**Nancy Seaba Testimony Regarding Conversations with Her Father**

In response to MesoSystems' request that Nancy Seaba testify as to the substance of conversations she had with her father regarding her deposition or this lawsuit, Plaintiffs assert that conversations between Nancy Seaba and her father, a retired judge, are privileged. Plaintiff fails to explain how any communications Nancy Seaba had with her father regarding this lawsuit further the purpose of the attorney-client privilege. The attorney-client privilege… is to be extended no more broadly than necessary to effectuate its purpose." Great Plaints Mut. Ins. Co. v. Mutual Reinsurance Bureau, 150 F.R.D. 193, 196 (D. Kan. 1993). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "[The privilege] protects only those disclosures– necessary to obtain informed legal advice—which might not have been made absent the privilege." Fisher v. United States, 425 U.S. 391, 403 (1976) (citations omitted).

Particularly in light of the fact that Nancy Seaba claims that that the Modrall Firm is representing her and providing her with legal advice relevant to this lawsuit, Nancy Seaba's conversations with her father regarding this lawsuit were not "necessary to obtain informed legal advice."

Even a full-time practicing attorney does not imbue all confidential communications with the privilege, and in this case Nancy Seaba's father is a retired

judge. John William Gergacz. Attorney-Corporate Client Privilege. P 3.02[2][a][iv] (2d Ed. 1990). The privilege does not extend to communications not made in professional confidence. Pacific Employers Ins. Co. v. P.B. Hoidale Co., 142 F.R.D. 171, 173 (D. Kan. 1992) (citation omitted).

Nancy Seaba's claim that her dad has "given her legal advice" does not change the nature of the communication between Ms. Seaba and her father into an attorney-client privileged communication. Nancy Seaba should be compelled to provide appropriate answers to MesoSystems' questions regarding her conversations with her father.

**Nancy Seaba's Testimony Regarding Conversations with the Modrall Firm**

In response to MesoSystems' request that Nancy Seaba testify as to the substance of conversations she had or witnessed involving her husband's attorney regarding her deposition or this lawsuit, Plaintiffs claim that any conversations are attorney-client privileged. Mr. Artuso asserts that Nancy Seaba hired his firm from "before the beginning of the lawsuit." Plaintiffs and Plaintiffs' counsel have not produced any evidence of such an unusual representation arrangement. MesoSystems asserts that the attorney-client privilege does not apply, as previously argued. Further, Nancy Seaba should produce a dated representation agreement with the Modrall Law Firm, either redacted or for in camera review, confirming the date the alleged representation began.

**Production of Red Path Energy Bank Statements**

In Response to MesoSystems' request that Plaintiffs produce all bank statements pertaining to Red Path, Plaintiffs offer to sign a release so that MesoSystems may have access to Red Path's bank statements directly from the banking institution. Attached as

**Exhibit A** is such a release for Plaintiff Seaba's execution and delivery of MesoSystems' counsel.

**Production of Clinton Marrs' Billing Invoices**

In response to MesoSystems' request that Plaintiffs produce any and all billing invoices directed to James Seaba, Cory Phillips or Red Path Energy by Clinton Marrs, Plaintiffs agree to "produce a redacted copy of Mr. Marrs' prior invoice once it has been received." Production of this additional invoice is necessary, however, MesoSystems requires a redacted copy of *all* billing invoices that are responsive to MesoSystems original request for production and subsequent inquires.

**James Seaba's Testimony Regarding Conversations with Clinton Marrs**

In response to MesoSystems' request that James Seaba testify as to consultations with Mr. Marrs regarding the substantive testimony Mr. Marrs has to offer that is not subject to a legitimate claim of privilege, Plaintiffs insinuate that James Seaba cannot testify regarding Mr. Marrs' substantive testimony. During MesoSystem's attorney's examination of James Seaba, he refused, without substantial justification, to respond to any questions regarding consultations with Clinton Marrs. Although Ms. Mann, James Seaba's attorney stated, "However, to the extent he [Mr. Marrs] was involved in the creation of Red Path, it seems to me he may very well have substantive testimony to offer that is not privileged." James Seaba Dep p. 204:18-21. As the attorney-client privilege applies only to "confidential" communications with Mr. Marrs, the fact that Mr. Marrs may offer his substantive testimony as to those communications at Plaintiffs' request necessarily defeats the confidential nature of the communications. Certainly, as Plaintiffs

intend to offer Mr. Marrs' "substantive testimony" that is "not privileged," then James Seaba must testify regarding the substance of any conversations he had with Clinton Marrs regarding the "not privileged" consultations.

**Payment for Production by MesoSystems of Computer Mirror Image Backups**

In Response to MesoSystems' request that Plaintiffs remit payment in full for Invoice No. 10478 to New Technologies, Inc. for its services in producing requested mirror image backups of Plaintiffs' computer hard drives, Plaintiffs argue that MesoSystems should have to bear the expense of producing the backup images because Plaintiffs requested production of the computers themselves. Plaintiffs do not explain the period during which MesoSystems expressed its willingness to produce electronic information provided that Plaintiffs pay the costs associated therewith and provided that appropriate measures were taken to preserve MesoSystems' sensitive, confidential, proprietary and privileged information contained on the computers. The protection of MesoSystems' confidential information is particularly important as Plaintiffs now work for entities that compete with MesoSystems and/or its spin-off company MesoFuel, Inc. Although MesoSystems, in good faith, provided these mirror images to Plaintiffs in order to allow Plaintiffs the opportunity to conduct their own examination of the data contained on the laptops so that Plaintiffs could adequately respond to MesoSystems' pending Motion for Sanctions, Plaintiffs have yet to pay for these mirror images.

While information stored in computer format is discoverable, the producing party must be protected against undue burden, expense and invasion of privileged matter. <u>See Playboy Enters. v. Welles</u>, 60 F. Supp. 2d 1050, 1053 (S. D. Cal. 1999). In order to

protect the integrity of the information on the actual, original computers at issue, MesoSystems created mirror image backups of the computer hard drives for the experts to analyze and manipulate.  In this manner, the original information is protected, but discovery may still proceed.   However, MesoSystems should not be required to bear the costs of this expensive undertaking.  Although the general rule is that the party responding to discovery requests bears the cost of compliance, "a court may protect the responding party from 'undue burden or expense' by shifting some or all of the cost of production to the requesting party."  Rowe Entm't Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 428-29 (S.D.N.Y. 2002).  In light of MesoSystems bearing the cost of creating backups for use by its own experts to preserve the integrity of the laptops, Plaintiffs' failure to even respond to MesoSystems' request for an appropriate protective order, and MesoSystems production of the mirror images to Plaintiffs in good faith, Plaintiffs should remit payment in full to New Technologies, Inc. for its services in producing the backups.

WHEREFORE, Defendants pray this Court enter its order that:

A.    Nancy Seaba testify as to the brand, including model/type, of printer she owns.

B.    Nancy Seaba testify as to the substance of conversations she had with her father regarding her deposition or this lawsuit.

C.    Nancy Seaba testify as to the substance of conversations she had or witnessed involving her husband's attorney regarding her deposition or

this lawsuit or produce her individual representation agreement with said attorney.

D.  Plaintiffs sign the release attached as **Exhibit A** and provide an original, fully executed release to MesoSystems' counsel so that MesoSystems may have access to Red Path's bank statements directly from the banking institution.

E.  Plaintiffs produce any and all billing invoices directed to James Seaba, Cory Phillips or Red Path Energy by Clinton Marrs.

F.  James Seaba testify as to consultations with Mr. Marrs regarding the substantive testimony Mr. Marrs has to offer that is not subject to a legitimate claim of privilege.

G.  Plaintiffs remit payment in full for Invoice No. 10478 to New Technologies, Inc. for its services in producing requested mirror image backups of Plaintiffs' computer hard drives.

H.  Plaintiffs remit payment for MesoSystems attorneys' fees and costs in bringing this motion.

I.  Such other and further relief as the Court deems just and proper.

**DATED: 06/24/03.**

Respectfully Submitted:

**BAUMAN, DOW, McINTOSH & LEÓN, P.C.**

By _____
Alberto A. León
Darci A. Carroll
PO Box 30684
Albuquerque, New Mexico 87190
(505) 883-3191-telephone
(505) 883-3194-facsimile

AND

**PERKINS COIE, LLP**

Paul E. Smith
One Bellevue Center
Suite 1800. 411
108th Avenue NE
Bellevue, Washington 98004-5584
(425) 453-7317-telephone
(425) 453-7350-facsimile

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing Memorandum in Support of Motion for Summary Judgment was hand delivered to the following, on this 24th day of June, 2003.

Lisa Mann
Angelo J. Artuso
Erin E. Langenwalter
MODRALL LAW FIRM
Attorneys for Plaintiffs
PO Box 2168
Albuquerque, New Mexico 87103-2168
(505) 848-1800

_____
Alberto A. León

## AUTHORITY TO RELEASE BANK RECORDS AND DOCUMENTS

**TO:    WELLS FARGO BANK NEW MEXICO, N.A.**
**Account No.:  135-3092192; Red Path Energy Inc.**
**5850 Eubank Blvd. NE, #237**
**Albuquerque, NM 87111-6132**

I, hereby authorize Wells Fargo or any member or employee of its office, to release complete and legible copies of any and all of the banking records, including all bank statements, to the following:

Alberto A. León, Esq.
Bauman, Dow, McIntosh & León, P.C.
P. O. Box 30684
Albuquerque, NM  87190-0684

and

Angelo Artuso, Esq.
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P. O. Box 2168
Albuquerque, NM  87103-2168

Or their duly authorized agents.

I hereby expressly waive any laws, regulations and rules of ethics which might prevent Wells Fargo from releasing the information and records requested or communicating with the individuals requesting this information.

I appreciate your cooperation in the release of the information and records requested and I hereby hold you harmless from any liability in connection with the disclosure of the banking records and banking statements requested.

A photocopy of this signed authorization shall be considered as effective and valid as the original and shall be honored by those to whom it is sent or provided.

Any invoice for the costs incurred in making any copies shall be sent to and paid by Bauman, Dow, McIntosh & León, P.C. at the address listed above.

This Authority to Release shall expire one (1) year from the date of signature shown below.

Dated: _____          _____
                                          _____
                                          JAMES SEABA
                                          President and Treasurer of Red Path Energy, Inc.

                                          Date of Birth:  May 18, 1961

                                          Social Security No.: 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

**EXHIBIT**
**A**