IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

    Plaintiffs,

vs.                              Civ. No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO CONDUCT A
COMPLETE SEARCH FOR ALL ELECTRONIC ASSETS FOR
DOCUMENTS RESPONSIVE TO DISCOVERY REQUESTS
AND TO PRODUCE LAPTOP COMPUTER FOR INSPECTION

    THIS MATTER having come before the Court on Plaintiffs' Motion to Compel Defendant to Conduct a Complete Search for all Electronic Assets for Documents Responsive to Discovery Requests and to Produce Laptop Computer for Inspection [docket no. 84] and the Court having considered the pleadings on file in the above captioned cause, as well as the arguments and authorities propounded by the respective parties and otherwise being fully advised in the premises;

    **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendant to Conduct a Complete Search for all Electronic Assets for Documents Responsive to Discovery Requests and to Produce Laptop Computer for Inspection [docket no. 84] is hereby GRANTED IN PART and DENIED IN PART as follows:

    1. Plaintiffs' motion to compel Mesosystems to conduct a complete search of all electronic assets for responsive documents is hereby GRANTED. Under the terms of the instant motion to compel, Plaintiffs seek expansive rather than targeted discovery and under these circumstances, it

-1-

is appropriate to shift the cost of production to movants.  The Court may protect a responding party from the undue burden and expense by shifting the costs of production to the requesting party.  Fed. R. Civ. P. 26(c).  Defendant has submitted an itemized projection of expenses in responding to the discovery sought and places that total at approximately $40,000.  Plaintiffs fail to effectively challenge these projected costs.  Therefore, it shall be the order of the Court that Plaintiffs pay the costs associated with Defendant's search of its electronic data and efforts to recover electronic data that was either deleted or contained on backup tapes.  The Court reserves jurisdiction to allocate this expense as a cost after trial on the merits.

2. On or before **August 1, 2003**, Defendant shall produce the laptop used by Dr. Charles Call in 2001 for inspection and data retrieval by Plaintiffs' forensic computer expert.  The opportunity to have and examine the computer by Plaintiffs' forensic expert shall be under such terms and conditions as the parties may agree or, in the alternative, as may be ordered by the Court.  If the parties cannot agree on the manner in which the computer shall be examined, counsel shall advise the Court in a joint letter setting forth the nature of the disagreement and the proposed solutions by each of the respective parties.  The Court shall then enter the appropriate form of order.

3. Each party shall bear and pay their respective attorneys fees and costs associated with this motion.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE