IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and
CORY PHILLIPS,

   Plaintiffs,

v.          Civ. No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

   Defendant.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO COMPEL

Fed.R.Civ.P. 37(a)(2)(A) provides, in part, that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Despite the fact that this duty to confer was pointed out to Defendant MesoSystems Technology, Inc. in Plaintiffs' Response in Opposition to Defendant's [Original] Motion to Compel, Defendant has still made no effort to confer with respect to the discovery requests set forth in its Motion.

A comparison of Defendant's Original Motion to Compel with its Amended Motion shows the efficacy of Rule 37's requirement that counsel confer. Apparently as a result of Plaintiffs' Response to Defendant's Original Motion, MesoSystems has now decided not to pursue three of the discovery requests set forth in its Original Motion. Moreover, had Defendant's counsel bothered to confer with Plaintiffs' counsel with



respect to the remaining discovery requests, three more items would have been dealt with efficiently and without the need to burden the Court with them in an Amended Motion.

Specifically, at pages 7 and 8 of its Amended Motion, MesoSystems acknowledges that in their Response to the Original Motion to Compel, Plaintiffs offered to have Ms. Seaba examine the computer printer in her home and provide them with the brand and model. Rather than taking Plaintiffs up on their offer by letter or phone call, MesoSystems indicated its willingness to resolve this issue only in its Amended Motion to Compel. In fact, Plaintiffs have now provided Defendant with the brand and model of the Seaba's computer printer, based on Ms. Seaba's visual inspection of the printer. This matter is, therefore, moot.

Beginning at page 8 of its Amended Motion to Compel, Defendant complains that James Seaba has not produced all bank records of Red Path Energy. Again, Defendant acknowledges that Plaintiffs, in their Response to the Original Motion, offered to sign a release so that Defendant could obtain bank records not in Plaintiffs' possession directly from the Bank. Rather than take Plaintiffs up on their offer by letter or phone call, MesoSystems again indicates its willingness to resolve this issue only in its Amended Motion to Compel, and attaches a proposed release as an Exhibit to its Amended Motion. Defendant's Exhibit has been forwarded to Plaintiff James Seaba, and counsel expects to have the original release signed and returned to Defendant's counsel prior to the completion of briefing of this matter. Defendant's Motion to Compel bank records is, therefore, moot.

Finally, at pages 9 to 11 of its Amended Motion, Defendant complains that it has not received complete production of all "billing invoices" sent to Plaintiffs by their

attorney, Clinton Marrs. Again, Defendant acknowledges that Plaintiffs, in their Response to the Original Motion, offered to produce a redacted copy of Mr. Marrs' prior invoice once it has been received. Amended Motion, at 10. Rather than send a letter or call Plaintiffs' counsel about this matter, Defendant uses its Amended Motion to inform Plaintiffs that they seek not just the prior invoice, but rather, all invoices. In response to a request from Plaintiffs' counsel, Mr. Marrs has produced a list of all billing transactions for his work on behalf of Plaintiffs. A redacted copy of Mr. Marrs' list has been provided to Defendant. Defendant's Amended Motion to compel further information is, therefore, moot.

It is not clear from the Amended Motion, whether Defendant asserts that it is entitled to unredacted copies of Mr. Marrs' invoices. To the extent that Defendant makes such a claim, Plaintiffs have objected and continue to object that such production is protected by the attorney-client privilege. Dr. Seaba objected to Defendant's Request for Production no. 12 "to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine;" and further responded that "[s]ubject to and without waving these objections . . . ." Plaintiffs attached a redacted copy of Mr. Marrs' last invoice. Dr. Seaba's objection and response to Request for Production No. 12 was served on September 30, 2002. *See* [Original] Motion to Compel, ¶19. Pursuant to D.N.M.LR-Civ. 26.6 a Motion to Compel striking these objections was due no later than October 21, 2002.

### Defendant is Not Entitled to Testimony Regarding James Seaba's Consultations with Counsel

Beginning at page 11 of its Response, Defendant complains that it is entitled to examine Dr. Seaba with respect to his consultations with his attorney, Clinton Marrs. As

3

with the Defendant's Original Motion, it is not clear from Defendant's Amended Motion what it is that they are seeking to compel. On page 16 of its Motion, Defendant asks the Court for its Order requiring Dr. Seaba to "testify as to consultations with Mr. Marrs regarding the substantive testimony Mr. Marrs has to offer that is not subject to a legitimate claim of privilege." It is not clear how Defendant expects Dr. Seaba to testify regarding Mr. Marrs' substantive testimony. Moreover, a review of Dr. Seaba's deposition transcript attached to Defendant's Original Motion does not show that Defendant's counsel ever asked any questions about "Mr. Marrs' substantive testimony that is not privileged;" nor does the deposition transcript show that Dr. Seaba refused to answer any such questions. Rather, the deposition questions set forth in Defendant's Amended Motion all go to the substance of Dr. Seaba's conversations with Mr. Marrs - an area that is clearly subject to the attorney client privilege. *See, e.g.*, Amended Motion, at 12 ("Mr. Leon: So your position is, then, that *I can ask these witnesses about their conversations with him [Mr. Marrs]* concerning the creation of Red Path?" Ms. Mann: No that's not my position. You're not listening . . . .") (emphasis added); and (Mr. Leon: *I'm asking him if,* on those dates, then, *he was consulting Mr. Marrs in connection with Red Path* Energy. Ms. Mann: And I'm going to instruct him not to answer because you are asking about the substance of his communications with his lawyer. . . .") (emphasis added). Defendant's Amended Motion, pp. 12 – 13. Defendant's Motion to Compel further testimony on this issue should be denied.

### Defendant is Not Entitled to Ask Nancy Seaba About Her Communications with Her Attorneys

Defendant asks the Court to compel Ms. Seaba to "testify as to the substance of conversations she had or witnessed involving her husband's attorney regarding her

4

deposition or this lawsuit. . . ." Defendant's Motion, p. 15. Defendant further asks the Court to compel Ms. Seaba to "testify as to the substance of conversations she had with her father regarding her deposition or this lawsuit." *Id*. Ms. Seaba's deposition transcript reveals that objections to Defendant's questions regarding such conversations were proper. Defendant's Motion to compel further testimony with respect to these conversations should, therefore, be denied.

At Nancy Seaba's deposition, Defendant's counsel asked Plaintiffs' counsel whether the Modrall Sperling Law Firm represented Ms. Seaba. Defendant's counsel was told that Ms. Seaba has hired the Modrall Sperling law firm to represent her and to provide her with legal advice related to this case and other matters. Exhibit B to Plaintiffs' original response, filed herein on June 10, 2003 (docket no. 91), deposition of Nancy Seaba, p. 6, ln. 11 - 25. Defendant's counsel was further informed that this representation began since before the lawsuit at issue in this case was filed. *Id*. Defendant's counsel asked no questions of Ms. Seaba regarding either the fact or scope of this representation. Defendant attempts to take advantage of his counsel's failure to ask additional questions regarding the fact and scope of representation by arguing that Ms. Seaba's lack of testimony on this point fails to demonstrate that she is entitled to claim the privilege. *See* Amended Motion to Compel, at 3. Defendant's argument ignores the fact that Ms. Seaba acknowledged the attorney-client relationship in her response to counsel's question.

Q: Besides praying, do you talk to anyone?

A: I've spoken with my attorney, Angelo Artuso.

Q: When did that conversation take place?

5

> A:   I've spoken with him ever since he took the case, but specifically, we prepared this morning.

Deposition of Nancy Seaba, p. 6, ln. 4 – 8, Exhibit B to Defendant's Response filed June 10, 2003 (docket no. 91).

In sum, because Ms. Seaba is represented by counsel, Defendant is not entitled to ask about the substance of her confidential communications with her attorney. Nor, is Defendant entitled to compel testimony by Ms. Seaba with regard to communications where she was present with her husband and their attorney. The fact that she has also hired the Modrall Sperling Law Firm to advise her with respect to this case (a matter of common interest with her husband and Dr. Phillips) means that she is entitled to assert the privilege. *See, e.g., Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, No. CIV 01-1044 LCS/DJS, 2002 U.S. Dist. LEXIS 25330 (D.N.M. December 3, 2002), at 14, Smith, J. ("The common interest doctrine 'normally operates as a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party.'").

Conversations between Ms. Seaba and her father, a retired judge and licensed attorney in Iowa, are also privileged. NMRA 2003, Rule 11-503B sets forth the general rule of attorney-client privilege:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client,
>
> (1) between the client and the client's lawyer or his lawyer's representative. . . .

6

Rule 11-503A(1) defines "client" as "a person . . . who is rendered professional legal services by a lawyer, or who consults a lawyer or a representative of a lawyer with a view to obtaining professional legal services."

Rule 11-503A(2) defines a "lawyer" as "a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation."

Rule 11-503A(4) provides that "a communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication."

Ms. Seaba has testified that her father has given her legal advice. Nancy Seaba depo., p. 10, ln. 1 – 3, Exhibit B to docket no. 91. She has further testified that she consulted with her father "based upon his experience as a judge." *Id.*, p. 12, ln. 24 to p. 13, ln. 4. Under the criteria established by Rule 11-503, Ms. Seaba is entitled to claim a privilege with respect to her conversations with her father, regardless of whether he is working specifically on this case. There is no dispute that Ms. Seaba's father is licensed to practice in Iowa. That makes him a "lawyer" under Rule 11-503A(2). There is no dispute that Ms. Seaba consulted with her father with a view to seeking legal advice. That makes her a "client" under Rule 11-503A(1). To the extent that Ms. Seaba had confidential discussions with her father, those are protected by the attorney-client privilege, and Defendant's motion to compel disclosure of such conversations is not well taken and should be denied.

7

### Plaintiffs Should Not Have to Pay for
### Mirror Images of Laptop Computer Hard Drives

Defendant complains that it has not been compensated for the production of mirror image backups of the Plaintiffs' computer hard drives. Defendant claims that these backups were produced in response to specific production requests served by Plaintiffs. Dr. Seaba's Request for Production No. 7 does not ask Defendant to produce "mirror image backups" of the Plaintiffs' computers, however. Rather, it asks for production of the computers themselves. If the original computers had been produced for inspection, there would have been no need for Defendant to incur the expense of producing "mirror image backups." Plaintiffs should not have to bear the expense of Defendant's decision to produce mirror image backups as opposed to the original computers.

By letter dated May 1, 2003, Defendant's counsel declined to produce the original computers to Plaintiffs' expert. *See* Exhibit D to docket no. 91, letter from Alberto Leon to Angelo J. Artuso, dated May 1, 2003. Defendant's counsel proposed producing mirror image backups that were exact duplicates of the mirror image backups used by Defendant's computer expert, Anton Litchfield. In response, Plaintiffs' counsel again asked for the original laptops and also suggested that "if the drives that Mr. Litchfield analyzed are exact bit for bit images, then I fail to understand why those cannot be shipped directly to Mr. Hilliard [Plaintiffs' expert] and why my clients should have to pay for Mr. Litchfield to make yet another copy of the drives." Exhibit E to docket no. 91, letter from Angelo J. Artuso to Alberto Leon, dated May 6, 2003. Despite these alternatives, Defendant chose to make another mirror image backup of the computer hard

drives. They did so, however, on their own, and should have to bear the expense of their decision.

## CONCLUSION

For all of the foregoing reasons, Defendant's Amended Motion to Compel should be denied.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: *Angelo J. Artuso*
Lisa Mann
Angelo J. Artuso
Attorneys for Plaintiffs
Post Office Box 2168
Albuquerque, New Mexico 87103-2168
Telephone: 505.848.1800

WE HEREBY CERTIFY that a true
and correct copy of the foregoing pleading
was mailed to all counsel of record this
23rd day of July, 2003.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: *Angelo J. Artuso*
Angelo J. Artuso

0312852

9