IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

    Plaintiffs,

vs.                                                                  Civ. No. 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

### ORDER DENYING
### DEFENDANT'S AMENDED MOTION TO COMPEL

THIS MATTER having come before the Court on Defendant's Amended Motion to Compel [docket no. 112] and the Court having considered the pleadings on file in the above captioned cause as well as the arguments and authorities propounded by the respective parties relative to the instant motion and being otherwise fully advised in the premises;

**IT IS THEREFORE ORDERED** as follows:

1. The Amended Motion to Compel is denied as concerns Nancy Seaba's refusal to discuss conversations she has had with Mr. Artuso. The Defendant asks the Court to enter an order compelling Ms. Seaba to testify concerning the substance of conversations she had or witnessed involving her husband's attorney and regarding her deposition in this lawsuit. Ms. Seaba testified at her deposition that Mr. Artuso was her attorney and that she has spoken with him ever since he took the case. Ms. Seaba is not a named plaintiff or a named party in this lawsuit, however, she is and has been represented by Mr. Artuso. Mr. Artuso, as an officer of the

Court, acknowledges his representation of Ms. Seaba.  Because Ms. Seaba's husband is a plaintiff in the lawsuit and she is represented by counsel with respect to this matter of common interest with her husband, she is entitled to assert the attorney-client privilege.  This Court wishes to respectively preserve its lack of understanding of the question asked Ms. Seaba in her oral deposition at Page 6, lines 4-8, wherein counsel apparently asked the question "Besides praying, do you talk to anyone?"  It is not apparent if this question was meant to be sarcastic, provocative, or inquisitive, but it certainly seems inappropriate to an inquiry as to whether or not a witness is represented by an attorney.

    2.  Defendant's Amended Motion to Compel relative to Nancy Seaba's refusal to discuss conversations she had with her father is denied.  During her oral examination, Ms. Seaba acknowledged that she had discussed her deposition with her father who is a retired judge and licensed attorney in the State of Iowa.  It is uncontroverted that Ms. Seaba's father gave her legal advice and that she consulted with her father based upon his experience as a judge.  Whether or not her father is counsel of record or specifically working on the instant litigation does not preclude Ms. Seaba from claiming the attorney-client privilege with respect to her conversations with him.  Her father is a lawyer and Ms. Seaba consulted with her father to seek legal advice.  These conversations should be and are protected by the attorney-client privilege.

    3.  Defendant's Amended Motion to Compel Nancy Seaba to testify to the type and model of printer she owns is, according to the submittals, now moot in that Plaintiffs have provided Defendant with the brand and model of Ms. Seaba's computer printer based on her visual inspection.

4. Defendant's Amended Motion to Compel bank records of Red Path Energy is likewise denied as being moot. According to the submittals the Court has reviewed, the Defendant acknowledges that the Plaintiffs have offered to sign a release so Defendant could obtain bank records not in Plaintiffs' possession directly from the bank.

5. Defendant's Amended Motion to Compel production of invoices from Attorney Clinton Marrs is denied as being moot. According to the submittals the Court has reviewed, Mr. Marrs has produced a list of all billing transactions for his work on behalf of Plaintiffs and a redacted copy of Mr. Marrs' list has been provided to the Defendant.

6. Defendant's Amended Motion to Compel Mr. Seaba to testify as to the substance of his communications with Clinton Marrs is denied. Any questions relative to the substance of Mr. Seaba's conversations with Mr. Marrs are subject to the attorney-client privilege.

7. Defendant's Amended Motion to Compel Plaintiffs to pay for production by Mesosystem of computer mirror image backups is denied.

                                            *Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE