IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SEABA and CORY PHILLIPS,

    Plaintiffs,

      vs.                                                                   No. CIV 02-103 LH/RHS

MESOSYSTEMS TECHNOLOGY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint and for Attorneys' Fees and Costs as a Sanction for Plaintiffs' Abuse of the Discovery Process (Docket No. 69), filed April 22, 2003. The Court, having considered the briefs submitted by the parties, and otherwise being fully advised, finds that Defendant's motion is **not well-taken** and should be **denied.**

This motion involves serious allegations of abuse of the discovery process on the part of both parties. Defendant accuses Plaintiffs of spoiling electronic evidence by accessing, modifying or deleting files on the hard drives of their company-issued laptop computers and of giving perjurous testimony that they had not done so. Defendant asserts that the Court should exercise its discretion to dismiss Plaintiffs' action, under Federal Rule of Civil Procedure 37(b)(C), for this abuse of the

discovery process. In the alternative, Defendant argues that the Court should exercise its inherent power to impose sanctions to dismiss the case.

Plaintiffs deny that they deleted any files after December 6, 2001 or lied about doing so in their depositions or responses to interrogatories. Seaba Aff., ¶3, and Phillips Aff., ¶3. They do admit that Seaba printed several documents before returning the computers to MesoSystems. Seaba Aff., ¶5, and Phillips Aff., ¶5.

The laptop computers were in the possession of Defendants between January 30, 2002 and February 11, 2002, when they were sent to New Technologies Armor, Inc., for analysis by a computer forensics expert. Anton M. Litchfield examined the hard drives on both laptop computers, checked the dates certain files were last accessed, determined whether files were copied, printed or deleted, and regenerated deleted files. As a result of his investigation, Mr. Litchfield opines that files on the computers were accessed, copied, printed, and/or deleted during the time period between December 6, 2001, when Defendants asked Plaintiffs to return the computers, and January 30, 2002, when Plaintiffs actually returned them. Litchfield Aff., ¶¶18-20, 22-24, 26.

Plaintiffs also engaged an expert in computer forensics. Plaintiffs' expert, Brooks Hilliard of Business Automation Associates, Inc., reviewed the techniques employed by Mr. Litchfield and challenges Litchfield's conclusions. Hilliard notes that Litchfield failed to reveal in his affidavit that the computers' internal dates were off by eleven months when he initially performed his diagnostic and suggests that it was just as likely that someone other than Plaintiffs had altered the dates in the computers, and then accessed the files, without leaving behind evidence that an expert in computer forensics could trace. Hilliard Aff., ¶¶4, 6 (incorporating by reference the contents of the May 19, 2003 opinion letter drafted for Plaintiffs' attorney). The laptop computers were in the possession of

-2-

Defendants between January 30, 2002 and February 11, 2002, when they were sent to New Technologies Armor, Inc. for examination. Albrecht Aff., ¶¶5, 9.

**Legal Standard**

After the movant has established that a party has abused the judicial process to his detriment, a court has the power to impose sanctions, including the sanction of dismissal arising from its inherent powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). Courts also have the discretionary power to dismiss a case under Federal Rule of Civil Procedure 37(b)(2)(C) if it determines that there have been abuses of the discovery process, and "after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). If there is a showing of improper conduct, the Court should consider the following factors before imposing dismissal as a sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id*. at 921 (internal punctuation and citations omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id*. (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). Dismissal is an appropriate sanction upon a finding of bad faith, willfulness, or fault. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976).

**Analysis**

Initially, the Court notes that any justification of sanctions for the deletion of the electronic files, if proved, would probably not arise under Rule 37. Sanctions authorized by Rule 37 arise from a party's intentional failure to obey an order entered by the Court under Rule 26(f). Fed. R. Civ. P. 37(b)(2)(C). Because the alleged manipulation of the computer files would have occurred well before the discovery process began, the Court could only order sanctions based on that conduct under its inherent power to issue sanctions. If Plaintiffs are proved to have perjured themselves, however, it may be appropriate for the Court to impose sanctions under Rule 37.

After examining the evidence, the Court cannot conclude that material evidence was, in fact, spoiled, or that Plaintiffs engaged in deleting electronic files deliberately.[1] While there is no dispute between the computer analysts that files on the hard drives of both laptops appear to have been manipulated in some fashion, it is not at all clear that such manipulation necessarily occurred between December 6, 2001 and January 30, 2002, or that *Plaintiffs* did anything with the files other than printing documents. The contradictory testimony of the two experts prevents such a conclusion. Consequently, the Court cannot find that Plaintiffs perjured themselves because such a conclusion would depend entirely upon their having copied or deleted files.[2] Because Defendants have not established any wrongdoing by Plaintiffs, the Court need not analyze the *Ehrenhaus* factors.

---

[1] The only undisputed facts are that Plaintiffs printed some documents off of their hard drives for use in this litigation. Defendant would have the Court condemn Plaintiffs for doing so and giving "misleading" answers in discovery. From examining the deposition testimony and answers to interrogatories, however, Defendant never asked Plaintiffs whether they *printed* documents between December 6, 2001 and January 30, 2002. In any event, printing documents does not destroy the electronic file.

[2] The Court notes that not every inconsistency in responses to discovery is proof of a party's attempt to defraud or mislead. *Anderson v. Dep't of Health and Human Serv.*, 907 F.2d 936, 952 (10th Cir. 1990). The proper venue for testing the credibility of witnesses is through impeachment with these discrepancies at trial.

Even if Plaintiffs did copy or delete files, this would still not outweigh the Court's strong predisposition to resolve this case on the merits because Defendant has neither shown that any files crucial to its defense have been destroyed[3] nor demonstrated how the deletion of these documents would prejudice their case.  Even though some of the electronic files have been deleted, there is no evidence that any of these files cannot be restored through the techniques used by Mr. Litchfield to recreate the documents attached as exhibits to his affidavit.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is **denied.**  Each party shall bear his own attorney fees and costs.

_____
UNITED STATES DISTRICT JUDGE

---

[3]As a matter of fact, in an attempt to show the Court the nature of the files that were allegedly deleted, Defendant has attached them to the affidavit of Mr. Litchfield, proving that those particular files have been recovered.